## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| TIMOTHY P. DEMARTINI et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MICHAEL J. DEMARTINI et al., ) <br> ) <br> Defendants. ) <br> ) | 3:14-cv-00478-RCJ-WGC <br><br> **ORDER** |

Plaintiffs sued Defendants in the Superior Court of Nevada County, California on six causes of action, including the partition of real property and quiet title. Defendants removed to this Court. Plaintiffs moved to remand for improper removal, correctly noting that a case may only be removed "to the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a), and that district in the present case is the Eastern District of California.

Defendants now concede that removal to this District was improper but have asked the Court to transfer to the Eastern District of California under § 1406(a) rather than remand. There is a split of authority in the district courts of this Circuit whether transfer or remand is appropriate under the these circumstances, and there is no Ninth Circuit or Supreme Court authority on the question, but the Fifth Circuit has approved transfer under § 1406(a). *See S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 498 n.3 (5th Cir. 1996) (citing *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 644–45 (5th Cir.), *cert. denied*, 513 U.S. 1016 (1994); *RTC v. Sonny's Old Land Corp.*, 937 F.2d 128, 130 (5th Cir. 1991)). Plaintiffs argue that the Court should determine the motion to remand first, and then, if remand would be proper, remand

without considering the countermotion to transfer venue under § 1406(a). If the motion to remand were based on a lack of subject matter jurisdiction, the Court would agree. That is, if the district court lacked subject matter jurisdiction over the case, then so would another federal district court. Transfer of a case from one district to another where subject matter jurisdiction in the federal courts is entirely lacking would be not only pointless but itself an unauthorized exercise of jurisdiction over the case. On the other hand, if the motion to remand were based purely on removal to the wrong district, the Court would disagree. As the Fifth Circuit has stated, "Error in the venue of a removed action does not deprive the district court of subject matter jurisdiction requiring remand of the case. When a case is removed to the wrong district, the mistake does not require remand and the interest of justice requires that the action be transferred to the district court of proper venue." *Id.* (citations omitted). The present motion to remand does not appear to challenge subject matter jurisdiction, but only removal to the wrong district. The Court will therefore transfer to the Eastern District of California.

///

///

///

///

///

///

///

///

///

///

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Change Venue (ECF No. 12) is GRANTED and the Clerk shall TRANSFER the case to the Eastern District of California.

IT IS FURTHER ORDERED that the Motion to Remand (ECF No. 7) is DENIED.

IT IS FURTHER ORDERED that the Motion to Extend Time (ECF No. 5) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Shorten Time (ECF No. 13) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Substitute Attorney (ECF No. 10) is GRANTED.

IT IS SO ORDERED.

Dated this 19th day of November, 2014.

_____
ROBERT C. JONES
United States District Judge