UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEMARTINI, et al., | No. 2:14-cv-2722 JAM CKD PS |
| Plaintiffs, | |
| v. | ORDER |
| MICHAEL DEMARTINI, et al., | |
| Defendants. | |

Pending before the court is plaintiff's motion to compel counter-claimants to post security for costs by plaintiffs.[1] The matter was submitted on the papers. Upon review of the documents in support and opposition, THE COURT FINDS AS FOLLOWS:

By their motion, plaintiffs request that defendants be declared vexatious litigants and be required to furnish security in the amount of $700,000. Litigants who abuse the judicial process by repeatedly filing "unmeritorious motions, pleadings, or other papers," or engaging "in other tactics that are frivolous or solely intended to cause unnecessary delay" are vexatious litigants. Cal. Civ. Proc. Code § 391 (adopted in the Eastern District of California under L.R. 151(b)). In order to impose a limiting order on a vexatious litigant, four conditions must be met: (1) the

---

[1] Plaintiffs also move to strike exhibits submitted by defendants in support of the opposition to the pending motion. Exhibits A, C, F and H are properly subject to judicial notice; the motion to strike is denied as to those exhibits.

1

1  litigant must have adequate notice to oppose the order; (2) an adequate record must be provided,
2  listing the pleadings that led to the court's decision that a vexatious litigant order was necessary;
3  (3) the court must make substantive findings that the filings were frivolous or harassing; and (4)
4  the order must be narrowly tailored.  See DeLong v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir.
5  1990); Molski v. Evergreen Dynasty Corp., 500 F.3d 1047,1057-58 (9th Cir. 2007).

6       Plaintiffs contend that defendants have been declared vexatious litigants in state court and
7  should be declared vexatious litigants in federal court as well.  Having considered the basis of the
8  state court's determination and upon review of the pleadings in the federal action, the court
9  declines to find defendants vexatious at this time.[2]  Moreover, a review of the docket in the
10 instant matter undermines plaintiffs' assertion that defendants should be required to post security.
11 This action was removed from state court to the District of Nevada on September 16, 2014.  ECF
12 No. 1.  Defendants filed an answer and counterclaim on September 25, 2014.  ECF No. 4.
13 Plaintiffs filed an answer to the counterclaim on October 20, 2014.  ECF No. 16.  The action was
14 thereafter transferred to this court on November 20, 2014.  ECF No. 27.  Under the law governing
15 the action at the time plaintiffs filed their answer to the counterclaims, a demand for undertaking
16 had to be made within the time limited for answering the complaint.  See Simulnet East
17 Associates v. Ramada Hotel Operating Co., 37 F.3d 573, 574-575 (9th Cir. 1994) (Nevada
18 District Court adopted pertinent Nevada statute which sets outer time limit for making demand
19 for undertaking).   Having failed to make a timely demand while this action was venued in the
20 District of Nevada, it would transgress the canons of fair forensics to allow plaintiffs, five months
21 /////

---

[2] The court notes that the briefing on the pending motion alone comprised over 700 pages, most of which was filed by plaintiffs. The parties are cautioned that future motions and oppositions filed by the parties may be subject to strict page limits.  The court in the Marin County action stated the following: "The court is appalled at the amount of paper generated by cross-complainants. . . . If counsel and their respective clients are intent upon punishing their counterparts or siblings, that's one thing.  However, the court has no wish to expend its scant hours, staff hours, and resources by participating in this process.  If it continues, the court will give strong consideration to referring the matters to a discovery referee for consideration of the parties' competing demands and responses." ECF No. 46-6 at p. 10.  Given the prior litigation tactics of each of the parties to this action, the parties are warned that this court will not tolerate abuse of the judicial process by burying the opposing side in a mountain of paper.

after the action was transferred, to essentially obtain a judgment as a matter of law on defendants' counterclaims by now requiring the posting of security in the amount of $700,000.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel counter-claimants to post security for costs by plaintiffs (ECF No. 40) is denied.

2. Plaintiff's motion to strike (ECF No. 53) is denied with respect to those matters which are properly subject to judicial notice.

3. This matter is set for status conference on September 2, 2015 at 10:00 a.m. in courtroom no. 24. Status reports setting forth the matters described in the civil new case documents issued November 21, 2014 (ECF No. 30) shall be filed no later than August 19, 2015.

Dated: June 18, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 demartini2722.oah.sec