1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9           FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   TIMOTHY DeMARTINI, et al.,              No.  2:14-cv-2722 JAM CKD PS
12              Plaintiffs,
13        v.                                 ORDER AND
14   MICHAEL DeMARTINI, et al.,              FINDINGS AND RECOMMENDATIONS
15              Defendants.
16

17          Pending before the court is plaintiffs/counterdefendants' motion to strike, motion to

18   dismiss and/or strike, and motion for more definite statement.  Because oral argument would not

19   be of material assistance, the matter was submitted on the briefs. E.D. Cal. L.R. 230(g).  Upon

20   review of the documents in support and opposition, and good cause appearing therefor, THE

21   COURT FINDS AS FOLLOWS:

22          In this action removed from state court on the basis of diversity jurisdiction,[1] plaintiffs

23   allege state causes of action for partition of a single parcel of real property located in Grass

---

[1] This action was originally filed in Superior Court for the County of Nevada on September 15, 2014.  In the original complaint filed in state court plaintiffs sought partition of a parcel of real property located in Grass Valley and moved for a temporary restraining order.  Defendants removed the action to the United States District Court, District of Nevada, on September 16, 2014, alleging diversity as the basis of jurisdiction.  Plaintiffs moved to remand, contending the action should have been removed to the Eastern District of California.  Defendants conceded that the action should have been removed to this District but moved to have the matter transferred here.  The District Court in Nevada concluded that since subject matter jurisdiction was not challenged in the pleadings, transfer was appropriate and did so on November 20, 2014.

1

1  Valley, Nevada County, California.  The first amended complaint also alleges claims for breach

2  of contract,[2] dissolution of partnership and accounting.  ECF No. 75.  Defendants have filed a

3  first amended answer and counterclaim in which defendants/counterclaimants allege claims for

4  declaratory relief, breach of contract, defamation and defamation per se, wrongful ouster,

5  dissolution of partnership and accounting, breach of fiduciary duty, intentional interference with

6  contractual relations, and malicious and oppressive conduct.  ECF No. 76.

7      Plaintiffs/counterdefendants move to strike under California's Anti–SLAPP[3] law,

8  California Code of Civil Procedure § 425.16, defendants/counterclaimants' claims for breach of

9  contract, wrongful ouster, and intentional interference with contractual relations.[4]

10  Plaintiffs/counterdefendants also move to dismiss with prejudice defendants/counterclaimants'

11  claims for defamation, defamation per se, and malicious and oppressive conduct and to strike

12  defendants/counterclaimants' claims for attorneys' fees.  Finally, plaintiffs/counterdefendants

13  move for a more definite statement with respect to defendants/counterclaimants' claims for

14  breach of contract and dissolution of partnership.[5]

15      1.  **Anti-SLAPP**:

16          A.  Legal Standard:

17      The anti-SLAPP statute provides that:  "A cause of action against a person arising from

18

19  [2]  Plaintiffs assert they paid off a loan in the amount of $137,212.51 for which defendants owe
   reimbursement to plaintiffs for one half the total amount.

20

21  [3]  SLAPP is an acronym for "Strategic Lawsuit Against Public Participation."

22  [4]  Defendants/counterclaimants contend the present motions are barred by the stipulation of the
   parties.  The parties entered into a stipulation and the court issued an order thereon which granted

23  plaintiffs/counterdefendants 20 days to respond to the amended counterclaim.  ECF No. 71, 72.
   That time period was thereafter extended to file a responsive pleading, due to the substitution of

24  counsel, by the court's October 20, 2015 order.  ECF No. 85.  Encompassed within the meaning
   of "respond" are the motions presently before the court.  See Fed. R. Civ. P. 12(b)(e)(f); see also

25  Cal. Code Civ. P. § 425.16(f) (motion to strike must be brought within 60 days of service of
   pleading to which motion is directed).  The court finds no waiver in plaintiffs/counterdefendants'

26  conduct.

27

28  [5]  Plaintiffs request that the court take judicial notice of certain pleadings and orders of the court.
   ECF No. 86-2.  That request will be granted.

2

1   any act of that person in furtherance of the person's right of petition or free speech under the

2   United States or California Constitution in connection with a public issue shall be subject to a

3   special motion to strike, unless the court determines that the plaintiff[6] has established that there is

4   a probability that the plaintiff will prevail on the claim."[7]  Cal. Code Civ. P. § 425.16 (b)(1).  The

5   statute further defines the phrase "any act of that person in furtherance of the person's right of

6   petition or free speech" to include the following: "(1) any written or oral statement or writing

7   made before a legislative, executive, or judicial proceeding, or any other official proceeding

8   authorized by law; (2) any written or oral statement or writing made in connection with an issue

9   under consideration or review by a legislative, executive, or judicial body, or any other official

10  proceeding authorized by law; (3) any written or oral statement or writing made in a place open to

11  the public or a public forum in connection with an issue of public interest; (4) or any other

12  conduct in furtherance of the exercise of the constitutional right of petition or the constitutional

13  right of free speech in connection with a public issue or an issue of public interest."  Cal. Code

14  Civ. P. § 425.16(e).  If the alleged protected activity occurs in the context of a public or official

15  proceeding, as described in subdivisions (1) or (2), there is no additional requirement that it be

16  connected with an issue of public importance.  See Briggs v. Eden Council for Hope &

17  Opportunity, 19 Cal. 4th 1106, 1123 (1999).

18      Application of the anti-SLAPP statute involves a two-step process:  first, the court must

19  determine whether the defendant has made the threshold showing that the plaintiff's cause of

20  action is one arising from protected activity under section 425.16, subdivision (e).  The critical

21  consideration in the anti-SLAPP context "is whether the cause of action is based on the

22  defendant's protected free speech or petitioning activity."  See Navellier v. Sletten 29 Cal. 4th

23  82, 89 (2002) (emphasis in original).  If this initial burden is met, then plaintiff must demonstrate

24  _____

25  [6]  In this case, because the motion to strike arises as a result of defendants/counterclaimants'
    claims, the inquiry identified regarding the "plaintiff's" burden actually refers to the burden borne
26  by the defendants/counterclaimants (Michael DeMartini, et. al.).

27  [7]  The anti-SLAPP statute is available to litigants in a federal action.  U.S. ex rel. Newsham v.
    Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 972-973 (9th Cir. 1999) (anti-SLAPP statute,
28  including provision for attorney's fees, applicable to state law counterclaims).

1   a probability of prevailing on the merits of the claim.  See Navellier v. Sletten 29 Cal. 4th at 88

2   (2002) (cause of action subject to being stricken under anti-SLAPP statute where it arises from

3   protected conduct and lacks even minimal merit).

4         To establish a probability of prevailing on the claim, plaintiff must state and substantiate a

5   legally sufficient claim.  See Briggs v. Eden Council for Hope & Opportunity, 19 Cal. 4th at

6   1123.  "Put another way, the plaintiff 'must demonstrate that the complaint is both legally

7   sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable

8   judgment if the evidence submitted by the plaintiff is credited.'"  Wilson v. Parker, Covert &

9   Chidester, 28 Cal. 4th 811, 821 (2002) (citations omitted).  "In deciding the question of potential

10   merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and

11   the defendant (§ 425.16, subd. (b)(2)); though the court does not weigh the credibility or

12   comparative probative strength of competing evidence, it should grant the motion if, as a matter

13   of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish

14   evidentiary support for the claim."  Id. (emphasis in original); see also Equilon Enterprises v.

15   Consumer Cause, Inc., 29 Cal. 4th 53, 63 (2002) (court must determine only if the plaintiff has

16   stated and substantiated a legally sufficient claim).

17         B.  Analysis

18         Plaintiffs/counterdefendants move to strike the claims for breach of contract, wrongful

19   ouster, and intentional interference with contractual relations.  Plaintiffs/counterdefendants

20   contend that each of the claims is based on the protected activity of filing the instant lawsuit.  In

21   support of the breach of contract claim, defendants/counterclaimants allege that "Plaintiffs

22   breached the contract with Defendants by filing a lawsuit on September 15, 2014 in Nevada

23   County Superior Court limiting the authority of Defendant partners who were advancing the

24   interests of the partnership.  Plaintiffs further breached the contract by applying for a restraining

25   order against Defendants."  ECF No. 76 at p. 7, ¶ 30.  Such conduct is protected activity within

26   the meaning of the anti-SLAPP statute.  Similarly the claim for wrongful ouster is based on

27   plaintiffs' actions in instituting the instant action and contesting defendants' rights to occupy the

28   disputed property.  ECF No. 76 at p. 10, ¶¶ 52-54.  The claim for intentional interference with

4

1    contractual relations also is predicated upon protected activity in that defendants/counterclaimants

2    allege that plaintiff "Timothy DeMartini acted intentionally and improperly in requesting a

3    restraining order against Michael DeMartini from the Nevada County Superior Court.  The

4    restraining order action and the resulting federal case turned performance on the contract into an

5    expensive legal battle."  ECF No. 76 at p. 13, ¶ 84.  Plaintiffs/counterdefendants have thus met

6    their burden of showing the challenged causes of action arise from protected activity under

7    section 425.16, subdivision (e).

8            The court therefore turns to the question of whether defendants/counterclaimants in

9    opposition to the pending motion have demonstrated that the challenged claims in the first

10   amended counterclaim are legally sufficient and supported by a prima facie showing of facts

11   sufficient to sustain a favorable judgment if the evidence submitted by defendants/

12   counterclaimants is credited.  Defendants/counterclaimants' breach of contract claim is predicated

13   on both protected and non-protected activity.  ECF No. 76 at pp. 6-8, ¶¶ 17-32.  As such, this is a

14   mixed claim and defendants/counterclaimants can defeat the motion to strike by demonstrating

15   minimal merit on any part of the cause of action for breach of contract.  See Mann v. Quality Old

16   Time Service, Inc., 120 Cal. App. 4th 90 (2004) "Where a cause of action refers to both protected

17   and unprotected activity and a plaintiff can show a probability of prevailing on any part of its

18   claim, the cause of action is not meritless and will not be subject to the anti-SLAPP procedure.");

19   cf. Cho v. Chang, 219 Cal. App. 4th 521 (2013) (in mixed claim, court may strike allegations

20   attacking protected activity and allow unprotected theories to remain).[8]  As discussed below, the

21   allegations pertaining to breach of contract arising out of unprotected activity are so vague that a

22   more definite statement is required.  In opposition to the pending motion, defendants/

23   counterclaimants do not set forth the elements of a breach of contract cause of action and do not

24

25   [8]  In Baral v. Schnitt, 233 Cal. App. 4th 1423 (2015), the court adopted the approach to mixed
     cases used in Mann, concluding that "if the nonmoving party demonstrates a prima facie case of
26   prevailing on any part of a mixed cause of action, the anti-SLAPP motion fails."  Id., 183 Cal.
     Rptr. 3d 615, 625.  The issue of mixed cases is now pending before the California Supreme Court.
27   Baral v. Schnitt, 347 P. 3d 988 (May 13, 2015).  This court need not decide the appropriate
     approach to mixed cases because, as discussed below, defendants/counterclaimants fail to bear
28   their burden even with respect to the nonprotected activity.

submit competent evidence in support of each element.  Moreover, insofar as the breach of contract claim arises out of protected conduct, defendants/counterclaimants make no argument that the alleged contract included a material term preventing plaintiffs/counterdefendants from instituting the present action.  See, e.g., City of Alhambra v. D'Ausilio, 193 Cal. App. 4th 1301, 1307-1308 (2011) (claim was not subject to anti-SLAPP motion to strike because cause of action was predicated on scope and enforceability of settlement agreement preventing party from engaging in certain speech-related conduct).  Having failed to meet their burden of demonstrating minimal merit on the breach of contract claim, the motion to strike should be granted as to this claim.

Plaintiffs/counterdefendants also move to strike the claims for wrongful ouster[9] and intentional interference with contract,[10] contending these claims are absolutely barred under the litigation privilege, California Civil Code § 47, which immunizes participants from liability for torts arising from communications made during judicial proceedings.  See Silberg v. Anderson, 50 Cal. 3d 205, 214 (1990).  The litigation privilege under section 47 is absolute and bars all tort causes of action except a claim of malicious prosecution.  See Flatley v. Mauro, 39 Cal. 4th 299, 322 (2006).  "The privilege in section 47 is "relevant to the second step in the anti-SLAPP analysis in that it may present a substantive defense the plaintiff must overcome to demonstrate a probability of prevailing."  Flatley, 39 Cal. 4th at 323.  Defendants/counterclaimants make no showing overcoming the privilege.  In sum, plaintiffs/counterdefendants have shown that the challenged causes of action arise from protected activity; defendants/counterclaimants fail to demonstrate minimal merit of their claims.  The motion to strike should therefore be granted as to all three causes of action.

---

[9]  The "wrongful ouster" claim appears to be a breach of contract claim because it based on counterdefendants' activities with respect to an alleged partnership asset.  In opposition, defendants/counterclaimants assert that the "wrongful ouster" claim is based on conduct occurring in August 2014, before the filing of the instant action.  ECF No. 95-1 at 10:15-11:8.  However, these allegations are not made in the first amended counterclaim.  If a second amended counterclaim is filed, it appears any "wrongful ouster claim" should be included in the cause of action for breach of contract.

[10]  As pled in the first amended counterclaim, neither of these causes of action are mixed claims.

C. Attorneys' Fees

As prevailing parties on the motion to strike under the anti-SLAPP statute, plaintiffs/counterdefendants are entitled to attorney's fees under California Code of Civil Procedure § 425.16(c)(1).  In determining reasonable fees under this provision, the court applies the prevailing lodestar adjustment method utilized by California courts.  See Ketchum v. Moses, 24 Cal. 4th 1122, 1136-1137 (2001); see also Serrano v. Priest, 20 Cal. 3d  25, 49 (1977) (factors to be considered in adjustment of lodestar).  In support of the motion for attorney's fees, plaintiffs/counterdefendants submit the declaration of Christian Kemos, attorney for the moving parties.  ECF No. 97-1.  Plaintiffs/counterdefendants adduce no evidence regarding the prevailing market rate but simply set forth their hourly rate and the number of hours expended on the motion.  Plaintiffs/counterdefendants also do not indicate whether representation was undertaken on a contingency or fee basis and do not set forth counsel's years in practice or areas of expertise.

The bulk of the work on the motion was performed by attorney Christian Kemos who was admitted to the Bar[11] in 2005 and claims an hourly rate of $325 per hour.  The remaining work on the motion was performed by attorney Peter Kleinbrodt, who was admitted to the Bar in 1979 and claims an hourly rate of $500.  Although counsel's office is located in Marin County, this case is venued in Sacramento and the court will apply prevailing market rates in this area.  In this court's experience, defense work of the kind performed on the motion to strike is compensated at an hourly rate of $250 per hour for an attorney with the experience of counsel Kemos and $350 per hour for an attorney with the experience of counsel Kleinbrodt.[12]  Because of the intertwined nature of the motions presently before the court, counsel simply estimated that of $7,3797.50[13]

---

[11]  The court takes judicial notice of the records of the State Bar of California.

[12]  While not dispositive, the court notes that the statutory maximum rate under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1), for the year 2015 is $190.28 per hour.  Although fees awarded under the federal EAJA statute serve an entirely different purpose than the fees awarded under the California anti-SLAPP statute, in the absence of any proffer from plaintiffs' counsel regarding prevailing rates, the court has considered the EAJA rates as a reasonable indicator of a base rate.

[13] Attorney Kemos claimed 21.9 hours was spent in total on all the motions and attorney Kleinbrodt claimed 1.6 hours total.

1    spent in total on the motions, $6,250.00 was expended on the anti-SLAPP motion to strike.  Upon

2    review of all of the pleadings pertaining to the pending motions, the court finds that 17 hours

3    attorney time by counsel Kemos and 1 hour of attorney time by counsel Kleinbrodt was expended

4    on the motion to strike.  Plaintiffs/counterdefendants make no argument regarding adjustment of

5    the lodestar and in the circumstances of this case, the court finds no adjustment is warranted.  The

6    court will therefore recommend a total award in the amount of $4,600 be made.

7         **2.   Defamation/Defamation Per Se**

8         Plaintiffs/counterdefendants also move to dismiss with prejudice defendants/

9    counterclaimants' claims for defamation and defamation per se on the ground that said cause of

10   action is barred by the statute of limitations.   In considering a motion to dismiss for failure to

11   state a claim upon which relief can be granted, the court must accept as true the allegations of the

12   complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the

13   pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236

14   (1974).

15        In order to avoid dismissal for failure to state a claim a complaint must contain more than

16   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20   upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23   at 678.

24        The statute of limitations for defamation is one year.  Cal. Code Civ. P. § 340(c).

25   Defendants/counterclaimants allege the defamatory utterances were made by plaintiff Timothy

26   DeMartini on July 23, 2014 and August 27, 2014.  ECF No. 76 at p. 8, ¶¶38, 39.

27   Plaintiffs/counterdefendants assert that because the first amended counterclaim was filed

28   ////

1    September 30, 2015,[14] the cause of action for defamation is time barred.  They contend the claim

2    cannot relate back to the filing of the original counterclaim, filed on September 25, 2014, (ECF

3    No. 4) because the original counterclaim fails to set forth facts that could serve as a basis for a

4    defamation claim.  Construing defendants/counterclaimants' pro se pleadings liberally, as this

5    court must do, this argument is unavailing.  The original counterclaim contains factual allegations

6    regarding defamatory statements which appear to be related to the defamatory utterances alleged

7    in the first amended counterclaim.  ECF No. 4 at p. 6, ¶¶ 50, 51.  As such, the court finds that the

8    cause of action pled in the first amended counterclaim relates back to the original counterclaim

9    and is not time barred.  See Fed. R. Civ. P. 15(c)(1)(B); see generally Santana v. Holiday Inns,

10   Inc., 686 F.2d 736 (9th Cir. 1982) .

11          **3.  Malicious and Oppressive Conduct**

12          Plaintiffs/counterclaimants also move to dismiss the claim for malicious and oppressive

13   conduct, contending that state law provides for no such cause of action.  This contention is

14   correct.  An allegation of malicious and oppressive conduct may be made in support of a claim

15   for punitive damages but is not a stand-alone claim.  The court will therefore recommend that the

16   eighth claim for relief be dismissed without prejudice to its renewal as an allegation in support of

17   punitive damages.[15]

18          **4.  Defendants/Counterclaimants' Attorneys' Fees**

19          Plaintiffs/counterdefendants further move to strike under Federal Rule of Civil Procedure

20   12(f) the claims for attorneys' fees pled throughout the first amended counterclaim.  "'[T]he

21   function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise

22   from litigating spurious issues by dispensing with those issues prior to trial . . . .'"  Fantasy, Inc.

23   v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting Sidney-Vinstein v. A.H. Robins Co.,

24   697 F.2d 880, 885 (9th Cir. 1983)), rev'd on other grounds, 510 U.S. 517 (1994).  Grounds for a

---

[14]  The first amended counterclaim was filed twice, once on September 30, 2015 and again on October 15, 2015.  ECF Nos. 73, 76.

[15]  By this recommendation, the court does not mean to suggest a claim for punitive damages is appropriate in this matter.  Any such claim must be made consonant with the strictures of Federal Rule of Civil Procedure 11.

9

1   motion to strike must appear on the face of the pleading or from matters which the court may

2   judicially notice.  See Fantasy, Inc., 984 F.2d at 1528; Securities and Exch. Comm'n v. Sands,

3   902 F. Supp. 1149, 1165 (C.D. Cal. 1995).  When ruling on a motion to strike, the court must

4   accept as true the pleader's factual allegations.  See Vokal v. United States, 177 F.2d 619, 623-24

5   (9th Cir. 1949).

6        In the first amended counterclaim, defendants/counterclaimants allege that they are

7   entitled to attorney's fees and costs on the first claim for declaratory relief, on the third claim for

8   defamation and defamation per se, on the fourth claim for wrongful ouster, on the sixth claim for

9   breach of fiduciary duty, on the seventh claim for intentional interference with contractual

10  relations, and on the eight claim for malicious and oppressive conduct.  There is no apparent

11  basis, either statutory or in case law, for an award of attorney's fees in connection with these

12  claims.  Defendants/counterdefendants in opposition cite no basis for the claimed attorney's fees.

13  The motion to strike should therefore be granted.

14       **5.  More Definite Statement**

15       Finally, plaintiffs/counterdefendants move for a more definite statement with respect to

16  the claims for breach of contract and dissolution of partnership.  Motions for more definite

17  statement are governed by Rule 12(e).  "Rule 12(e) is designed to strike at unintelligibility, rather

18  than want of detail."  Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984);

19  Nelson v. Quimby Island Reclamation Dist., 491 F.Supp. 1364, 1385 (N.D. Cal. 1980).  Rule

20  12(e) permits a party to move for a more definite statement "[i]f a pleading is so vague that a

21  party cannot reasonably be required to frame a responsive pleading."  The function of such a

22  motion is thus not to require the pleader to disclose details of the case, Boxall v. Sequoia Union

23  High School Dist., 464 F.Supp. 1104, 1114 (N.D. Cal. 1979), nor to provide the evidentiary

24  material that may properly be obtained by discovery.  Famolare, Inc. v. Edison Bros. Stores, Inc.,

25  525 F.Supp. 940, 949 (E.D. Cal. 1981).  A motion for more definite statement should be denied if

26  a pleading meets federal standards by providing a "short and plain statement" of the claim

27  showing that the pleader is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).

28  ////

The causes of action for breach of contract and dissolution of partnership as presently pled in the first amended counterclaim are too vague to give notice to counterdefendants of the claims being asserted.  The material terms of the contract that have been breached are not specifically alleged and the pleadings appear to be a mishmash of theories regarding breach of fiduciary duty, breach of good faith and fair dealing and/or duty of loyalty.  The court will therefore grant the motion for more definite statement and grant leave to amend.  The second amended counterclaim may not include claims predicated on protected activity or include allegations or claims that have been stricken.

In addition, defendants/counterclaimants are informed that the court cannot refer to a prior pleading in order to make defendants/counterclaimants' second amended counterclaim complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once defendants/counterclaimants file a second amended counterclaim, the prior pleadings no longer serve any function in the case.  Therefore, in an amended counterclaim, as in an original counterclaim, each claim and the involvement of each counterdefendant must be sufficiently alleged.  To foster compliance with the requirement of Federal Rule of Civil Procedure 8 that the complaint must set forth a short and plain statement of the claims, the second amended counterclaim will be limited to 20 pages.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiffs' request for judicial notice (ECF No. 86-2) is granted;

2.  Plaintiffs' motion for more definite statement (ECF No. 86) is granted.  Within twenty-eight days from the date of the District Court's resolution of the herein findings and recommendations, defendants/counterclaimants shall file a second amended counterclaim, limited to 20 pages, setting forth the material terms of both the alleged contract and partnership agreement, and the terms of the contract which defendants/counterclaimants allege were breached; the second amended counterclaim shall not include any claims which have been dismissed or stricken; failure to file a second amended counterclaim in accordance with this order

11

1  shall result in a recommendation that all counterclaims be dismissed; and

2         IT IS HEREBY RECOMMENDED that:

3         1.  Plaintiffs/counterdefendants' special motion to strike under California Code of Civil

4  Procedure § 425.16 (ECF No. 86) be granted as to the claims for breach of contract, wrongful

5  ouster, and intentional interference with contractual relations alleged in the first amended answer

6  and counterclaim;

7         2.  Plaintiffs/counterdefendants be awarded attorneys' fees and costs pursuant to

8  California Code of Civil Procedure § 425.16 (c) in the amount of $4,600;

9         3.  Plaintiffs/counterdefendants' motion to dismiss defendants/counterclaimants' claims

10  for defamation and defamation per se be denied;

11         4.  Plaintiffs/counterdefendants' motion to dismiss defendants/counterclaimants' claim for

12  malicious and oppressive conduct be denied without prejudice to its renewal as an allegation in

13  support of punitive damages; and

14         5.  Defendants/counterclaimants' claims for attorneys' fees be stricken.

15         These findings and recommendations are submitted to the United States District Judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court and serve a copy on all parties.  Such a document should be captioned

19  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

20  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

21  Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  Dated:  April 14, 2016

23  _____
    CAROLYN K. DELANEY
24  UNITED STATES MAGISTRATE JUDGE

25  4 demartini2722.mts-mtd

26

27

28

12