1

2

3

4

5

6

7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY DEMARTINI, et al.,            No.  2:14-cv-2722 JAM CKD PS

12                   Plaintiffs,

13         v.                              ORDER

14    MICHAEL DEMARTINI, et al.,

15                   Defendants.

16

17         Pending before the court is plaintiff's motion to compel defendants to post bond, security

18    or undertaking and to dismiss defendants' counterclaims.  The matter was submitted on the

19    papers.  Upon review of the documents in support and opposition, THE COURT FINDS AS

20    FOLLOWS:

21         By their motion, plaintiffs request that defendants be declared vexatious litigants and be

22    required to post a bond, security or undertaking.  Plaintiffs do not seek security in a specific

23    amount but simply request that it be in an amount the court determines to be appropriate.  As part

24    of their vexatious litigant motion, plaintiffs seek the additional relief of dismissal of defendants'

25    counterclaims.  Plaintiffs contend that there is a lack of evidence supporting defendants'

26    counterclaims.  The present motion fails to make an adequate showing in this regard.  Because

27    plaintiffs have also filed a motion for summary judgment with respect to defendants'

28    /////

1

counterclaims, the court will deny without prejudice that part of plaintiffs' motion which seeks

dismissal of the counterclaims.

Litigants who abuse the judicial process by repeatedly filing "unmeritorious motions,

pleadings, or other papers," or engaging "in other tactics that are frivolous or solely intended to

cause unnecessary delay" are vexatious litigants.  Cal. Civ. Proc. Code § 391 (adopted in the

Eastern District of California under L.R. 151(b)).  In order to impose a limiting order on a

vexatious litigant, four conditions must be met: (1) the litigant must have adequate notice to

oppose the order; (2) an adequate record must be provided, listing the pleadings that led to the

court's decision that a vexatious litigant order was necessary; (3) the court must make substantive

findings that the filings were frivolous or harassing; and (4) the order must be narrowly tailored.

See DeLong v. Hennessey, 912 F.2d 1144, 1147-48 (9th Cir. 1990); Molski v. Evergreen Dynasty

Corp., 500 F.3d 1047, 1057-58 (9th Cir. 2007).

Plaintiffs contend that defendants should be declared vexatious because defendants

previously had a restraining order entered against them, removed this action from state court to

the wrong District Court, filed an answer and counterclaim which expanded the scope of this

action, filed an ambiguous amended counterclaim, failed in their attempt to disqualify plaintiffs'

counsel, had sanctions issued against them in connection with plaintiffs' anti-SLAPP motion,

abused the subpoena process, were ordered to produce electronically stored information pursuant

to a motion to compel, were compelled to serve an amended Rule 26 initial disclosure, were

restrained again pursuant to a second temporary restraining order, failed in their motion to compel

further deposition of one of the plaintiffs in this action, failed in a motion to extend the discovery

cut-off, and did not prevail on a motion for protective order.

The court has carefully reviewed the entirety of the docket in this matter.  In determining

whether defendants should be declared vexatious, the court has considered both the number and

content of defendants' filings.  See DeLong v. Hennessey, 912 F.2d at 1148 (number and content

indicia of frivolousness of litigant's claims).  While it appears that many times defendants'

litigation position has been on the losing side, in light of defendants' pro se status, allowances

must be made for a layman's understanding of the law.  On each of the motions referenced above,

1  defendants appear to have extensively researched the law and presented arguments in support of

2  their positions which were apparently made in good faith.  In this court's experience, it is not

3  uncommon for pro litigants to file two, and sometimes three, amended complaints before they are

4  able to articulate a claim upon which relief may be granted.  With respect to the discovery

5  motions, it appears that sometimes defendants have either produced or identified a surplusage of

6  documents in an attempt to fully disclose, an understandable position for a pro se litigant.  The

7  discovery motions noticed by defendants were nothing out of the ordinary for litigation in which

8  both sides have vigorously advocated their positions.  The kind of discovery motions plaintiffs

9  complain about here are not so out of the ordinary – review of the court's law and motion

10  calendar for the past year shows that these types of motions appear frequently on the court's

11  docket.  Losing a discovery motion is not necessarily indicative of frivolousness or harassment.

12  When this court has directed defendants to cease and desist conduct that was not in conformance

13  with the Federal Rules of Civil Procedure, defendants have complied upon being advised by the

14  court of what was required under the Rules.  Defendants have also fully complied with respect to

15  this court's orders regarding payment of expenses incurred by the prevailing side.  Although this

16  court found that plaintiffs/counterdefendants should be awarded their attorneys' fees in

17  connection with their anti-SLAPP suit, the court notes that this is a very complex area of the law,

18  an award of expenses was required under the governing statute, and it is not unsurprising that a

19  pro se litigant would be unaware of the nuances that bar certain claims under the anti-SLAPP

20  statute.  In regard to the temporary restraining orders that have been issued against defendants,

21  each time they have quickly complied with the court's restraint and it does not appear that

22  defendants' conduct which led to the restraining orders was so out of line that such conduct could

23  be considered harassing.

24        In sum, the court cannot find that defendants' litigation activity reflects a "pattern of

25  harassment."  See DeLong v. Hennessey, 912 F.2d at 1148.  In addition, the present motion does

26  not articulate a sufficient basis upon which this court can conclude that defendants have no

27  reasonable probability of succeeding on the merits of their counterclaims.  The present record

28  fails to establish that defendants' filings are so numerous, abusive, or inordinate such that a

1 vexatious litigant order is warranted.

2      Accordingly, IT IS HEREBY ORDERED that:

3      1. Plaintiffs' motion to require defendants to post bond, security or undertaking (ECF No.

4 198) is denied; and

5      2. Plaintiffs' request to dismiss the counterclaims is denied without prejudice.

6 Dated: April 14, 2017

7 _____
     CAROLYN K. DELANEY

8      UNITED STATES MAGISTRATE JUDGE

9 4 demartini2722.vex.sec

4