UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DeMARTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL DeMARTINI, et al.,<br><br>Defendants. | No. 2:14-cv-2722 JAM CKD PS<br><br>FINDINGS AND RECOMMENDATIONS |

Pending before the court is plaintiffs' motion to amend the complaint. This matter was submitted on the briefs. E.D. Cal. L.R. 230(g); ECF No. 212. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

Plaintiffs move to amend the complaint to add as parties defendants Timothy DeMartini and James C. DeMartini in their capacities as trustees for the James Paul DeMartini testamentary trust. The first amended complaint (filed October 15, 2015) alleged three causes of action: (1) partition of real property (for assessor's parcel number 06-370-64, which is alleged to be jointly owned by Michael DeMartini and Renate DeMartini, as owners of an undivided one-half interest, and Timothy DeMartini and Margie DeMartini, as owners of an undivided one-half interest); (2) breach of contract (for failure to pay half of a loan amount); and (3) dissolution of partnership and accounting (with respect to the alleged partnership between Timothy and Michael DeMartini).

1

Plaintiffs now seek to amend the complaint at this late stage of the litigation because plaintiffs' counsel recently obtained a litigation guarantee[1] allegedly showing that a partnership asset, real property located at 12731 Loma Rica Drive in Grass Valley (assessor's parcel number 06-370-63-000), has title vested in "De Martini and Sons, a General Partnership, Composed of James P. De Martini, Timothy P. De Martini and Michael J. De Martini." ECF No. 199-1 at p. 15. Plaintiffs allege (in the proposed second amended complaint, ECF No. 195-1 at p. 12, ¶ 19) that upon the demise of James P. De Martini, his partnership interest became an asset of the testamentary trust.[2] Plaintiffs have provided only the first page of the litigation guarantee (ECF No. 195-2 at p. 5, Exh. A); plaintiffs' exhibit does not include the legal description of the land referenced in the guarantee. Defendants have provided what appears to be a complete copy of the guarantee that plaintiffs are relying on for their motion to amend. See ECF No. 199-1 at pp. 14-21, Exh. 1. Defendants have also submitted their own litigation guarantee, which shows the property at issue being vested in "De Martini and Sons, a general partnership." ECF No. 199-1 at p. 26.

Plaintiffs' proposed second amended complaint will add as parties defendant Timothy DeMartini and James C. DeMartini in their capacities as trustees for the James Paul DeMartini testamentary trust. ECF No. 195-2 at pp. 7-15. This action was originally removed from state court on the basis of diversity. ECF Nos. 1, 69. Joining Timothy DeMartini as a party defendant will destroy diversity because a party cannot be diverse to himself. See Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192 (3rd Cir. 2007) (in suit against individuals trustee of a trust, where trustees possess certain customary powers to hold, manage and dispose of assets, citizenship of trustee is controlling for diversity of citizenship purposes.) Under Federal Rule of Civil Procedure 19(a), joinder of the trustees is therefore not feasible because joinder will deprive

---

[1] Plaintiffs' counsel contends the motion was brought at this late juncture in the litigation because although the guarantee was provided to counsel on November 30, 2016, counsel had since then been conferring with the estate attorney to try to determine whether the property had devolved to the remaining partners. That question at present is apparently unresolved.

[2] Contrary to the allegations in the proposed second amended complaint, in the first amended complaint, plaintiffs alleged that plaintiff Timothy DeMartini and defendant Michael DeMartini succeeded to the ownership of James DeMartini's partnership assets. ECF No. 75 at p. 4, ¶ 17.

the court of subject-matter jurisdiction. See generally Faunce B. Bird, 210 F.R.D. 725 (D. Oregon 2002) (joinder of trust co-beneficiary not feasible because it would destroy diversity).

The court therefore turns to the question of whether, in equity and good conscience, this action should proceed among the existing parties. See Fed. R. Civ. P. 19(b); see also EEOC v. Peabody Western Coal Co., 610 F.3d 1070, 1083 (9th Cir. 2010) (factors to be considered include "(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties; (2) the extent to which any prejudice could be lessened or avoided by shaping the judgment or the relief; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed"). On the record presently before the court, it appears that the testamentary trust may have an interest in a partnership asset. Although the proposed second amended complaint does not specifically ask for partition of partnership real property assets, as a general rule, after dissolution of a partnership and accounting, all partnership assets must either be equitably divided among the partners or sold, with the net proceeds distributed to the partners. See Swarthout v. Gentry, 62 Cal. App. 2d 68, 83 (1943) (court, after taking accounting, should require the partnership property to be sold); Steinberg v. Goldstein, 145 Cal. App. 2d 692, 700 (1956) (in action seeking dissolution of partnership and accounting, as general rule, partnership assets liquidated prior to final judgment). Because the testamentary trust may have an interest in a partnership real property asset, disposition of this asset cannot proceed fairly in the absence of the trust. See Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975) (all co-owners of property should be joined as parties). Because of this interest, the court upon considering the Rule 19(b) factors, concludes that the claim for dissolution cannot in equity and good conscience proceed in this forum and the claim would need to be dismissed under Federal Rule of Civil Procedure 19(b).

However, this action was removed from state court. Under 28 U.S.C. § 1447(e), if after removal plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may permit joinder and remand the action to state court. This action has been pending in this court since November 20, 2014. ECF No. 27. The case has been vigorously

litigated by both sides and a significant amount of judicial resources have been invested in this action. There is a pending motion for summary judgment brought by plaintiffs against defendants' counterclaims and the final pretrial conference is set for August 25, 2017 with trial on October 23, 2017. ECF Nos. 146, 202. In light of the court's familiarity with the claims in this action and the late stage of the litigation, the court finds severance of the dissolution claim and remand of that claim to state court is the means best suited to accommodate the interests of all parties, and proposed parties, to this litigation.[3]

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to amend the complaint (ECF No. 195) be granted;

2. The Clerk of Court be directed to separately file and docket the proposed second amended complaint (ECF No. 195-1 at pp.8-16, Declaration of Peter Kleinbrodt, Exh. B);

3. The third cause of action for dissolution of partnership in the second amended complaint be severed from the remaining claims; and

4. The severed claim for dissolution of partnership be remanded to the Superior Court of the State of California, in and for the County of Nevada (case no. 80744).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 1, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 demartini2722.mta

---

[3] The court does not reach plaintiffs' request for further modification of the scheduling order to depose trustee James C. DeMartini. Deposition of this deponent is relevant only to the dissolution claim, which the undersigned will recommend be remanded to state court. Whether this discovery should be allowed will be left to the discretion of the Superior Court judge.