UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY DEMARTINI, et al., | No. 2:14-cv-2722 JAM CKD PS |
| Plaintiff, | |
| v. | ORDER |
| MICHAEL J. DEMARTINI, et al., | |
| Defendant. | |

Before the court is defendants' motion to stay this action pending appeal of the June 1, 2017 order of remand. (ECF No. 244.) The motion has been fully briefed. (ECF Nos. 249 & 250.) At an August 9, 2017 hearing on the motion, plaintiffs were represented by Kirk Rimmer and Christian Kemos, and defendants Michael and Renate DeMartini proceeded pro se.[1] After hearing their arguments, the court took the matter under submission.

At this time, the undersigned's June 14, 2017 findings and recommendations on plaintiffs' motion for summary judgment are pending. Defendants argue that the June 1, 2017 order bears on issues addressed on summary judgment, such that they cannot file objections to the summary judgment findings until the Ninth Circuit rules on their appeal. They also argue that they were prejudiced by having to respond to a "moving target" during the pendency of the bond motion,

---

[1] Christian Kemos and Renate DeMartini appeared telephonically.

1

such that they now deserve a stay. (ECF No. 244 at 4-5; see ECF Nos. 212 & 213.)

On June 1, 2017, the district judge allowed plaintiffs to amend the complaint to add a third cause of action, then severed and remanded the third cause of action (for dissolution of partnership) to state court. As the rest of the amended complaint was the same as the previous complaint, the court ordered that no answer or further briefing need be filed. (ECF No. 228.) Plaintiffs' claims are set for trial on October 23, 2017, with the final pretrial conference on September 15, 2017. (ECF Nos. 146 & 248.)

Plaintiffs argue there is no basis to stay this action pending appeal of the remand order, most notably because on July 21, 2017, the Ninth Circuit issued an order stating that it appears to lack jurisdiction over the appeal "because the [June 1] order challenged in the appeal does not appear final or appealable." (ECF No. 249-2 at 10.) The Ninth Circuit gave defendants 21 days to voluntarily dismiss the appeal or show cause why it should not be dismissed for lack of jurisdiction. On August 10, 2017, the day after the hearing on the instant motion, attorney Kathryn Davis filed a notice of appearance on behalf of defendants in the Ninth Circuit case, No. 17-16400. On August 11, 2017, Ms. Davis filed a request for a thirty-day extension of time to assert a basis for appellate jurisdiction over the June 1, 2017 order of remand.

In Nken v. Holder, 556 U.S. 418, 421 (2009), the Supreme Court noted that "it has always been held . . . that as part of its traditional equipment for the administration of justice, a federal court can stay the enforcement of a judgment pending the outcome of an appeal." However, a stay is "an intrusion into the ordinary process of administration and judicial review . . . and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." Id. at 427 (internal citations omitted). "The parties and the public . . . are . . . generally entitled to the prompt execution of orders[.]" Id. Under Nken, the party requesting a stay "bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433-434. Courts consider the following factors: (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether the issuance of a stay will substantially injure the other person interested in the proceeding, and (4) where the public interest

lies. Id. at 434. "There is substantial overlap between these and the factors governing preliminary injunctions." Id.

To date, defendants have made no showing that their appeal is likely to succeed on the merits. Nor have they made a showing that the June 1 order is appealable at all. In Stevens v. Brink's Home Security, Inc., 378 F.3d 944 (9th Cir. 2004), the Ninth Circuit considered a case in which the district court granted plaintiffs' motion to amend, destroying diversity, and then remanded the case to state court. The Ninth Circuit concluded that "we lack appellate jurisdiction because the district court's remand order is unreviewable under 28 U.S.C. § 1447(d), and even if the amendment order is separable from the remand order, the amendment order is not a final order under 28 U.S.C. § 1291, nor is it reviewable under the collateral order exception. [Citation.] Accordingly, we dismiss this appeal." This appears analogous to the instant case. Nor have defendants showed they will be irreparably injured without a stay, as the remanded claim will be litigated in state court, and defendants have had ample opportunity to litigate the pending motion for summary judgment in federal court. Nor do the remaining Nken factors appear to warrant a stay.

In sum, three years into this litigation with a trial date approaching, the court finds no reason to stay the case pending defendants' attempt to convince the Ninth Circuit that it has jurisdiction to review an order of remand after the Ninth Circuit itself has expressed doubt as to this view. If and when the Ninth Circuit asserts jurisdiction over defendants' appeal of the June 1 order, the court would consider a renewed motion for stay.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendants' motion for stay (ECF No. 244) is denied; and

2. Defendants shall file any objections to the June 14, 2017 findings and recommendations no later than fourteen days from the date of this order. No further extensions of time will be granted.

Dated: August 15, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 demartini2722.stay

3