MICHAEL J. DEMARTINI
and RENATE DEMARTINI
3362 Meridian Ct.
Reno, Nevada 89509
Tel: 775-323-7202
Fax: 775-323-8354

Michael J. DeMartini, pro se
Renate DeMartini, pro se

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al, | Case No.: 2:14-CV-02722-JAM-CKD |
| Plaintiffs, | DEFENDANTS' PRETRIAL STATEMENT |
| v. | Pretrial: September 15, 2017 |
| | Time: 10:00 a.m. |
| MICHAEL J. DEMARTINI, et al, | Courtroom: 6 |
| | Judge: Hon. John A. Mendez |
| Defendants. | Trial: October 23, 2017 |

# Table of Contents

I. JURISDICTION/VENUE.........................................3

II. JURY/NON-JURY.............................................3

III. UNDISPUTED FACTS.........................................3

IV. DISPUTED FACTUAL ISSUES..................................4

V. DISPUTED EVIDENTIARY ISSUES...............................4

VI. SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS.............4

VII. RELIEF SOUGHT...........................................14

VIII. POINTS OF LAW.........................................18

IX. ABANDONED ISSUES........................................20

X. WITNESSES................................................20

XI. EXHIBITS – SCHEDULES AND SUMMARIES......................20

XII. DISCOVERY DOCUMENTS.....................................20

XIII. FURTHER DISCOVERY OR MOTIONS..........................21

XIV. STIPULATIONS...........................................22

XV. AMENDMENTS – DISMISSALS.................................22

XVI. SETTLEMENT NEGOTIATIONS.................................22

XVII. AGREED STATEMENT.......................................22

XVIII. SEPARATE TRIAL OF ISSUES.............................23

XIX. IMPARTIAL EXPERTS – LIMITATIONS OF EXPERTS..............23

XX. ATTORNEYS' FEES.........................................23

XXI. TRIAL EXHIBITS.........................................23

XXII. TRIAL PROTECTIVE ORDER.................................23

XXIII. MISCELLANEOUS........................................23

ATTACHED WITNESS LIST.......................................26

ATTACHED EXHIBITS, SCHEDULES AND SUMMARIES..................28

## PRETRIAL STATEMENT

Defendants Michael DeMartini and Renate DeMartini ("Defendants") submit the following pretrial statement:

### I.   JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. § 1332, diversity of citizenship, and has previously been found to be proper by Order of this Court.  Plaintiffs' motion to amended plaintiffs' complaint brought diversity jurisdiction into question in regards to one of plaintiffs' claims which was severed and remanded on June 1, 2017, which Order is currently pending review by the Ninth Circuit Court of Appeals.

### II.   JURY/NON-JURY

Defendants have demanded a jury trial.

### III.   UNDISPUTED FACTS

The September 3, 2015 Status (Pretrial Scheduling) Order of this Court stated "Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case." ECF No. 69, p. 3:20-22. Plaintiffs state that both attorneys for plaintiffs "will be unavailable on September 15 due to pre-paid vacations." Defendants have been inquiring of plaintiffs since at least August 17, 2017 as to "Regarding Eastern District of California Case 2:14-CV-02722-JAM-CKD, who is handling or responsible for meet and confers and the pre-trial conference."  As of September 1, 2017 defendants have no record of receiving any response whatsoever.

IV.  <u>DISPUTED FACTUAL ISSUES</u>

The September 3, 2015 Status (Pretrial Scheduling) Order of this Court stated "Notwithstanding the provisions of Local Rule 281, which contemplates the filing of separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT STATEMENT with respect to the undisputed facts and disputed factual issues of the case." ECF No. 69, p. 3:20-22. Plaintiffs state that both attorneys for plaintiffs "will be unavailable on September 15 due to pre-paid vacations." Defendants have been inquiring of plaintiffs since at least August 17, 2017 as to "Regarding Eastern District of California Case 2:14-CV-02722-JAM-CKD, who is handling or responsible for meet and confers and the pre-trial conference." As of September 1, 2017 defendants have no record of receiving any response whatsoever.

V.  <u>DISPUTED EVIDENTIARY ISSUES</u>

Defendants do not anticipate any disputes.

VI.  <u>SPECIAL FACTUAL INFORMATION IN CERTAIN ACTIONS</u>

Defendants' second counterclaim for relief is breach of the partnership agreement.

A.  The parties' respective versions of the terms of the contract: Plaintiffs have admitted that there is a partnership, but in this case plaintiffs have taken all kinds of varying positions on this; therefore, at present Defendants do not know what plaintiffs' version of the terms are.  Defendants version of the terms of the formation and partnership is that:

In or about 1974 or 75 Timothy DeMartini ("Timothy" or "Tim") and Michael DeMartini ("Michael") entered into an oral

partnership agreement to pool resources to establish and operate
a variety of businesses, including such things as land
development, building, automobile repair and sales.  An exhibit
of a check made to Tim DeMartini dated August 8, 1975, as the
payee will be presented.

At the time of the oral agreement Timothy was a resident of
California and Michael was a resident of Nevada.  The oral
agreement took place in Nevada County, California.  There were no
special terms, waivers or other complexities in the agreement.
It was merely an agreement to do business together with
understood loyalty and things that go along with it.

At all relevant times defendants were residents of Nevada.

Plaintiffs were residents of Nevada for around a year and a
half in or around 1975.  Prior to that, and presently, Plaintiffs
were and are residents of California.

The oral agreement was renewed when plaintiffs moved to
Nevada and on a yearly basis thereafter.

James P. DeMartini (Timothy and Michael's father) joined the
partnership in 1977.  A copy of the 1977 DeMartini Company income
tax return showing Timothy as a partner will be presented as an
exhibit.

On or about 1977 the oral agreement was modified such that
Michael would provide more funding and educational expertise into
the partnership and Timothy would provide more work and spend
more time, but contribute less capital.  A copy of the 1978
DeMartini & Sons income tax return will be presented as an
exhibit.

The initial partnership name was DeMartini Company.  A

1  partnership bank account was established under that name on or

2  before July 1977 at the Gold County Bank in Grass Valley, CA.

3  Two checks made to DeMartini Company as the payee, dated April

4  25, 1978 and July 20, 1977, will be presented as an exhibit.

5      Each and every year after around 1974 or 75 Timothy and

6  Michael would meet and/or discuss the operations of the

7  partnership businesses and make decisions relating thereto.

8      Defendant Michael alleges that from time to time the oral

9  partnership agreement with Timothy was adjusted as the need be to

10 adjust for different businesses, conditions and participation

11 arrangements and even compensation for extraordinary services by

12 partners.

13     Timothy and Michael's father, James P. DeMartini, passed

14 away in 1983, and Timothy and Michael agreed to continue the oral

15 partnership and the partnership paid off the estate equity over

16 the next number of years according to trustees Timothy DeMartini,

17 James C. DeMartini, and the accountant.

18     The partnership between Michael and Timothy continued as

19 previously alleged herein.  A copy of a design/build lease for a

20 new industrial building dated December 10, 1985 and signed by the

21 partnership will be presented as an exhibit.

22     At all relevant times from 1974 until the present, the

23 partnership agreement was that Michael, Timothy and other

24 partners agreed to share in the profits and losses of the

25 businesses.

26     In about 2005 the partnership found out that the filing of a

27 fictitious name was necessary for two of the partnership names

28 based upon the advice of the partnership attorney, P. Scott

Browne, who was retained regarding potential litigation with the
partnership and a third party.  The partners agreed in 2006 that
the two required fictitious names were to be published and filed
in Sacramento County, California because at the time the chief
executive office of the partnership was in Reno, Nevada.  This
was done in Sacramento County, California and endorsed. A copy of
the November 1, 2006 and May 5, 2014 fictitious business name
statements will be presented as an exhibit.

In or about 2013 Timothy DeMartini confirmed two general
partnership bank accounts at Westamerica Bank.  A copy of the
Westamerica Bank document will be presented as an exhibit.  A
copy of the Westamerica Bank partnership signature card dated
December 12, 1994 showing that it supersedes the card dated
December 11, 1985 will be presented as an exhibit.  A copy of the
DeMartini Brothers Construction 1986 balance sheet and tax
documents will also be presented as exhibits.

Some assets associated with the partnership include, but are
not limited to, the Coan Ranch properties, Maltman Drive
property, Main Street property, 625 Idaho Maryland Road property,
12731, 12757, 12759 and 12761 Loma Rica Drive, and the expansion
of the various businesses that have developed over the many years
between the partners, including purchasing and development of the
Coan Ranch and other businesses including the Auto and
Recreational Vehicle Sales and Service business.

Defendants have performed all conditions, covenants, and
promises required to be performed on defendants part in
accordance with the terms and conditions of the partnership
agreement as the agreement was modified from time to time and

place to place.

   B.  Whether the contract and any modifications or collateral agreements were written or oral or both, specifying any document, letter, or other writing relied upon by date and parties, and indicating any oral agreement relied upon by date, place, and parties: In this case the version of agreement above overlaps with this part.

   C.  Any misrepresentation of fact, mistake, or other matter affecting validity: None known.

   D.  Any breach of contract: Plaintiffs have breached the agreement and continue to do so by claiming that the partnership or parts of it do not exist, competed with the partnership, breached the duty of loyalty and trust, and squeezed defendants out of defendants right to manage or participate in the partnership.

   Two of the partnership names require filing of fictitious names which are "DeMartini & Sons" and "DeMartini Brothers Construction".  The fictitious names were on file in Sacramento County, California since 2006 at which time all partners agreed to the filing.  On or around April 9, 2014 Timothy had these fictitious names abandoned without notice to, or approval by, Michael or Renate.  Timothy is no more than a 50% partner and thereby his conduct breached the partnership agreement.

   In or around the middle of 2014 Timothy terminated the services of the long time partnership accountant, Douglas Johnson, of Reno, Nevada without Michael's knowledge and without a majority vote of the partnership which was required by the partnership agreement.

1    On or about May 2014 Plaintiffs breached the contract with
2 Defendants by diverting partnership funds held in the DeMartini
3 Brothers' Construction Company account at Westamerica Bank, Grass
4 Valley, California to Plaintiffs' personal account.  Thereafter
5 Plaintiffs closed the Westamerica account causing the checks
6 written by Defendants to bounce, which included checks for fire
7 alarm services relevant to partnership property.  The partnership
8 agreement required a majority approval and therefore Plaintiffs
9 breached the partnership agreement.

10    The agreement allowed for a partnership office that
11 Defendants could utilize for partnership business.  On or around
12 May 8, 2014 Timothy admitted that he had the partnership office
13 at 12731a Loma Rica Drive cleaned out including Michael's
14 personal desk, belongings, and files without Michael's
15 permission, and therefore that was a breach of the partnership
16 agreement.

17    The agreement allowed for another partnership office that
18 Defendants could utilize for partnership business at 625 Idaho
19 Maryland Road in Grass Valley, California, on the mezzanine level
20 of the building on the west side above Timothy's office which
21 Timothy also precluded Michael from using which is a breach of
22 the partnership agreement.

23    On or around May 12, 2014 Timothy refused to allow the
24 partnership to develop the previously agreed and acquired (1982)
25 Nevada property.  Timothy further restricted Michael from
26 obtaining any loans in the partnership name (there was never any
27 such agreement that any general partner would be restricted).
28 Further, Timothy demanded that Michael pays him $72,000 in the

1  next couple weeks.

2      On or around August 28, 2014 Timothy removed Michael's

3  private belongings from the sleeping quarters at 12759a Loma Rica

4  Dr. without Michael's permission and in violation of the written

5  agreements to not do so and also in violation of the

6  recommendations of the Nevada County Sheriff's office deputy.

7  The partnership agreement gave first priority to occupancy by

8  partners over strangers and therefore the removal was also a

9  breach of the partnership agreement.

10     The agreement required that leases be in the name of the

11 partnership entity for the prior about 38 years.  In or around

12 2013 to the present Timothy breached the partnership agreement by

13 entering into leases of partnership property in names other than

14 that of the partnership.

15     The partnership agreement required a majority approval to

16 undertake building renovations.  In or around 2014 Plaintiffs

17 engaged in building renovations without approval of the majority

18 and to the express disapproval of Defendants thereby breaching

19 the partnership agreement.

20     Timothy has breached his fiduciary duty to Michael by

21 claiming that by virtue of Timothy being a trustee of the estate

22 that Timothy is effectively a two-third voting partner and that

23 Michael and/or Renate are only a combined one-third partner.  By

24 virtue of this Timothy has breached the partnership agreement and

25 Timothy is claiming that he has full control of the partnership

26 business.

27     Plaintiffs further breached the partnership agreement by

28 breaching the fiduciary duty owed to Defendants as set forth

below:

At all relevant times Plaintiffs owed a fiduciary duty to Defendants by virtue of the partnership agreement and partnership relationship.

In addition Timothy owed a fiduciary duty to Michael from and after 1983 by virtue of the fact that Timothy was appointed as executor and trustee of the estate of James P. DeMartini and Thelma DeMartini.  The estate of James P. DeMartini had an interest in the partnership at the time of his passing in 1983.

In the recent past Timothy started retaliating against Michael and Renate by implementing an organized plan insidiously to squeeze out and eliminate Michael and Renate from the partnership, its benefits, and opportunities, because Michael and Renate were pursuing a protected right in an unrelated court action that Timothy and others didn't agree with.

On or around May 23, 2013, Timothy, his agents and/or associates, contacted Mr. James Gates of Nevada County Free Ranch Beef with threats and other things pertaining to Michael's conduct and honesty thereby interfering with Michael's contract with Mr. Gates who then defaulted on the contract for that reason.

On or around September 1, 2013, Timothy sent an email to six others stating that Michael doesn't know what he is talking about with regard to the electrical investigation at 13298 Newtown Rd., Nevada City, California.

On or around March 17, 2014, Timothy notified Michael that Timothy refuses to renew the Westamerica Bank loan (that was contrary to normal practice) and refused to allow Michael to talk

1 with the bank.  Timothy further refused to allow the partnership

2 to obtain additional partnership property that was available at a

3 bargain price that was adjacent to other partnership property.

4     On or around May 1, 2014 Timothy notified Michael that he

5 will not communicate with Michael because of previous and pending

6 protected activities.  Timothy restricted Michael from setting

7 foot on the partnership related property at 625 Idaho Maryland

8 Rd., Grass Valley, California.

9     On or around May 8, 2014 Timothy refused to allow Michael to

10 participate in the management of the 12731 Loma Rica Drive

11 property and Timothy made deals with the tenants and contractors

12 personally outside the partnership.

13     On or around May 11, 2014 Timothy sent an email to six

14 others stating that Michael is refusing to do anything regarding

15 the management of a property on Catherine Ln, Grass Valley,

16 California.

17     On or around May 12, 2014 Timothy refused to communicate on

18 partnership matters except through intermediaries.

19     On or around May 16, 2014 Timothy refused again to renew the

20 partnership bank loan (5 or 6% annual interest) and instead said

21 Timothy will pay it off himself and charge Michael (and other

22 partners) 12% annual interest.

23     On or around June 23, 2014 Timothy refused to accept a check

24 for monthly loan payment of $983.03 from the partnership account.

25 (The partnership had been paying the loan payments to the banks

26 from the partnership assets for the last 38 years)

27     On or around June 27, 2014 Timothy refused to agree with

28 retaining a partnership attorney and instead demanded that his

1 personal attorneys be used as an intermediary for all partnership
2 communications with Renate and Michael.

3   On or around July 18, 2014 Timothy admitted to delivering
4 partnership communications and letters in unmarked envelopes
5 through 3rd parties to Michael rather than the normal accepted
6 and agreed upon methods.  This was unnecessary, degrading and
7 humiliating to Michael.

8   On or around July 18, 2014 Timothy again refused to accept a
9 check for monthly loan payment of $983.03 from the partnership
10 account.

11   On or around July 18, 2014 Timothy and Margie refused to
12 communicate partnership matters except through Timothy's personal
13 representative. (Michael previously noted that that
14 representative was unacceptable to Michael because of partnership
15 confidentiality concerns).

16   On or around August 27, 2014 Timothy demanded a tow truck
17 driver and the owner of a tow truck company to extend the
18 hydraulic ram knife edge toward Michael to cut off his feet at
19 the ankles.

20   In or around 2014 Timothy stopped payment on partnership
21 checks tendered by Michael to pay the partnership AT&T fire alarm
22 phone bill whereby, for partnership benefit, Michael used his
23 personal account for the partnership phone to avoid the large
24 deposit required.  Timothy stopped payment knowingly and
25 maliciously after Michael notified him of what the checks were
26 for.  As a result of Plaintiffs' conduct, for the last several
27 years Michael's credit has been lost with AT&T and Michael has
28 had to pay each payment to AT&T with cash for those phone lines.

1    In or around the middle of 2014, Timothy with a 9mm gun,

2 discharged it with the intention to scare or injure Michael's

3 cattle at 13298 Newtown Rd., Nevada City, California.  Ultimately

4 the spooked cattle were found to be at large and impounded by

5 Animal Control of the Nevada County Sheriff's Office.   Michael

6 had to pay the impound fee and transportation for their release.

7    E. Any waiver or estoppel: Plaintiffs have participated in

8 the partnership for years, up until the filing of the suit, and

9 have had 50% of the net income distributed to them.

10    F. The relief sought (rescission, restitution, damages for

11 breach, specific performance, etc.): damages for breach, specific

12 performance, that plaintiffs compensate defendants for lost

13 rents, profits, and business value; and that defendants be

14 entitled to continue a sub-portion or all of the relevant

15 businesses of the partnership with the related assets based upon

16 an equitable accounting.

17    G. The measure of restitution or damages and an itemized

18 statement of the elements thereof: this item is set forth in VII.

19 Relief Sought.

20                VII.  <u>RELIEF SOUGHT</u>

21     <u>Lost Profits/Lost Income/Lost Business Opportunity</u>

22    1. Nevada Water Rights Permit SN 31321, 2000 acre feet

23 $300,000 to $5,000,000

24    A. Water rights have a developed value of $20,000/af

25    B. Cost of development estimated at $10,000/af

26    C. Estimated yield with development only 500 af

27    D. Net value = 500 * $10,000 = $5,000,000

28    E. Delay future revenue 2 years.  Therefore present worth

difference = 6%*2 years*$5,000,000 = $600,000 total

F.  In the alternative, the entire 2000 acre feet of water rights are denied by the Nevada Division of Water Resources because the water is not put to beneficial use as required by Nevada Law due to actions of plaintiff limiting partnership resources and conduct.  Damage = $5,000,000

2.  Cold Springs mini-warehouse development $43,200

A.  Yield 100+ 100 sf avg units = 10,000 sf total

B.  Delay future revenue 2 years.  Therefore present worth difference = 2*10,000*$1/sf*0.9*12months*20%profit=$86,400 total

3.  Grass Valley Avenue Industrial/Office Development new building $12,150

A.  Yield 9,000 sf industrial office bldg.

B.  Estimated land & development cost = $700,000.

C.  Delayed lease revenue by 2 years.  Therefore present worth difference = 2*9,000*$0.5/sf*0.9*12months*25%profit= $24,300 total

4.  Miscellaneous Lost Income due to Interference with the Reasonable Value of the Rental Units due to Plaintiffs' Side Deals, Undesirables, and Plaintiffs making deals at Below Market Rent, Damages of $10,000/yr x 3 year = $30,000.

5.  Plaintiffs' interference in Defendants' personal engineering and invention business due to Plaintiffs' defamation, obstruction, and breaches of contract of partnership agreement. Damages computed as estimate of over 200 hours x 3 years of lost production of $100/hr = $60,000.

6.  Distributable share of profits in the RV portion of the business

1      A.  Unknown amount due to lack of accounting and withholding
2  of documents, estimated amount is 2.5% of revenue for the last
3  five years
4      B.  Interest at the legal rate thereon to be determined upon
5  accounting
6      7.  Unaccounted for share of profits for other businesses and
7  assets
8      A.  Damages associated with unaccounted for share of profits
9  for other business and assets to be determined upon accounting
10 and determination by the Court, with the legal rate of interest.
11     8.  Damages associated with loss of use of properties/assets
12     A.  Coan Ranch property road accesses issues resulting in 3+
13 year court case, thousands of hours of time spent, which would
14 not have been necessary had Plaintiffs cooperated with the
15 access.  Damages of lost engineering work, 300 hours x $100/hr =
16 $30,000.

17     Emotional Distress

18     1.  Defendants suffered emotional distress damages due to
19 Plaintiffs' breach of the partnership agreement and defamation.
20 The damages will be determined by the jury, but are estimated at
21 $1,000,000.

22     Medical Costs

23     1.  Medical costs are $5,000.

24     Defamation and Defamation Per Se

25     1.  Costs to pay phone bill with money orders delivered to
26 AT&T 12x$10 = $ 120

27     2.  Lost engineering and related business = $60,000*5 years =
28 $300,000

3. Damage to reputation and extended family relationships $TBD

4. Emotional distress damages

5. Punitive damages estimated at $5,000,000 – $10,000,000

6. Other damages proved at trial

Punitive Damages

1. Defendants suffered punitive damages due to Plaintiffs' breach of the partnership agreement and defamation.  The damages will be determined by the jury, but are estimated at $1,000,000.

Compensatory Damages

1. Compensatory damages for which Plaintiffs are liable are computed based on Defendants' lost personal items, loss of memorabilia, possible damage to vehicle, and loss of use of vehicle, loss of electronic equipment including storage devices, costs relating to the impounding and retrieval of cattle, damages estimated at $10,000.

Costs of Litigation and Attorney's Fees

1. Damages are being presently incurred.

Conspiracy

1. Damages associated with Plaintiffs' conspiracy to harm defendants through various courses of conduct subject to proof at trial and determination by the jury.

Such other damages as the Court or jury may award, including statutory damages.

Total Estimated of Computation of Damages: $7,000,000 to $15,000,000.

Other Relief Sought:

1. On Defendants' first claim for relief:

1    A.  For declaratory relief regarding the existence and limits

2  of a partnership;

3    2.  <u>On Defendants' second claim for relief:</u>

4    A.  That Plaintiffs compensate Defendants for lost rents,

5  profits, and business value;

6    B.  That Defendants be entitled to continue a sub-portion or

7  all of the relevant businesses of the partnership with the

8  related assets based upon an equitable accounting;

9    3.  <u>On Defendants' third claim for relief:</u>

10    A.  That Plaintiffs be required to mitigate as may be

11  practical the defamation utterances as well that Defendants are

12  entitled to punitive and compensatory damages;

13    4.  <u>On all claims for relief:</u>

14    A.  That Plaintiffs take nothing by way of their complaint;

15    B.  For a determination rendered according to the rights of

16  the parties;

17    C.  For affirmative relief;

18    D.  For statutory penalties;

19    E.  For general, special, exemplary, pecuniary, compensatory,

20  and punitive damages, according to proof and in an amount in

21  excess of $75,000.00;

22    F.  For prejudgment interest; and

23    G.  For such other and further relief as the Court may deem

24  just and proper.

25                    VIII.   <u>POINTS OF LAW</u>

26    Counterclaim for Declaratory Relief: Federal Rules of Civil

27  Procedure, Rule 57 Declaratory Judgment supports this Court

28  issuing a declaratory judgment.  Pursuant to that rule "The

1  existence of another adequate remedy does not preclude a
2  declaratory judgment that is otherwise appropriate. The court may
3  order a speedy hearing of a declaratory-judgment action."  See
4  also 28 U.S.C. § 2201 (Declaratory Judgment Act).

5

6      Counterclaim for Breach of Partnership Agreement: "Uniform
7  Partnership Act of 1994" as adopted by California including the
8  latest applicable revisions and older related versions. Also
9  relevant at times is 1914 Uniform Partnership act as adopted by
10 California (with updates).  California Corporation Code Chapter
11 5, Sections 16100 through 16962.  Further California Corporation
12 Code Section 16111(b) sets forth that "On and after January 1,
13 1999, this chapter governs all partnerships."  The California
14 Uniform Partnership Acts impose obligations and duties for
15 dealings among the partners including dealing fairly and in good
16 faith, fiduciary duty, not competing or excluding or precluding
17 partners from the right to participate in the control and
18 management of the partnership, and a duty of loyalty.  Relevant
19 here is also Nevada Revised Statues ("NRS") Chapter 87,
20 Partnerships.

21

22     Counterclaim for Defamation and Defamation Per Se: The
23 following California Civil Jury Instructions will reasonably be
24 expected:
25         California Civil Jury Instructions (CACI) 1702.
26         Defamation per se—Essential Factual Elements (Private
27         Figure—Matter of Public Concern)

28

1          California Civil Jury Instructions (CACI) 1704.

2          Defamation per se—Essential Factual Elements (Private

3          Figure—Matter of Private Concern)

4

5          California Civil Jury Instructions (CACI) 1705.

6          Defamation per quod—Essential Factual Elements (Private

7          Figure—Matter of Private Concern)

8

9                    IX.   <u>ABANDONED ISSUES</u>

10     None.

11                    X.   <u>WITNESSES</u>

12     Witness list attached hereto.

13          XI.   <u>EXHIBITS – SCHEDULES AND SUMMARIES</u>

14      Exhibit list attached hereto.

15              XII.   <u>DISCOVERY DOCUMENTS</u>

16     1. Request for Admissions from Michael J. DeMartini to

17   Timothy P. DeMartini, Set One, 11/18/16.

18     2. Response by Timothy DeMartini to RFA's Propounded by

19   Michael DeMartini Set One, 12/17/16

20     3. Request for Admissions from Michael J. DeMartini to

21   Timothy P. DeMartini, Set Two, 12/28/16.

22     4. Response by Timothy DeMartini to Requests for Admissions

23   Propounded by Michael DeMartini Set Two, 1/26/17.

24     5. Request for Production of Documents Under Rule 34 from

25   Michael J. DeMartini to Timothy P. DeMartini, Set One, 1/23/17.

26     6. Response by Timothy DeMartini to Demand to produce

27   Documents Propounded by Michael DeMartini set one, 2/22/17.

28     7. Request for Admissions from Renate DeMartini to Timothy

1  P. DeMartini, Set One, 9/29/16.

2    8. 7. Request for Admissions from Renate DeMartini to Margie

3  DeMartini, Set One, 9/29/16.

4    9. Response by Margie DeMartini to Requests for Admissions

5  Propounded by Renate DeMartini Set One, 10/27/16.

6    10. Response by Timothy DeMartini to Requests for Admissions

7  Propounded by Renate DeMartini Set One, 10/27/16.

8    11. First Set of Interrogatories from Michael J. DeMartini to

9  Timothy P. DeMartini, 12/23/16.

10    12. Response by Timothy DeMartini to Interrogatories

11  Propounded by Michael DeMartini Set One, 1/21/17.

12    13. 02/14/17 Deposition of Gregory Baerresen w/ Exhibits

13    14. 11/16/16 Deposition of Sheri Gailbreath

14  (Transcript/Audiovisual) w/ Exhibits

15    15. 10/13/16 Deposition of Jon H. DeMartini

16  (Transcript/Audiovisual) w/ Exhibits

17    16. 10/21/16 Deposition of Pete Massett

18  (Transcript/Audiovisual) w/ Exhibits

19    17. 1/12/17 Deposition of Margie DeMartini w/ Exhibits

20    18. 2/21/17 Deposition of Timothy DeMartini w/ Exhibits

21    19. 11/17/16 Deposition of Mark DeMartini

22  (Transcript/Audiovisual) w/ Exhibits

23    20. 11/17/16 Deposition of Preston Williams

24  (Transcript/Audiovisual) w/ Exhibits

25            XIII.   <u>FURTHER DISCOVERY OR MOTIONS</u>

26    Plaintiffs refuse to provide or furnish access to the

27  partnership books, records, and information pursuant to

28  California Corporations Code §§ 16403(a) – 16403(c), irregardless

1  of any discovery request.  In regards to partnership information

2  Plaintiffs have an affirmative duty to provide a partner with

3  access and to separately furnish certain other information to a

4  partner "without demand" and "on demand."  Plaintiffs refuse to

5  provide or furnish as required, but still must do so.

6      This Court's present order requires Defendants to make a

7  showing of good cause prior to the issuance of a subpoena. ECF

8  No. 116.  During the case defendants have had great difficulty

9  where plaintiffs or plaintiffs' agents thwarted service of

10 process by refusing to allow service agents to enter facilities

11 or property and/or service ultimately being unsuccessful after

12 thirteen attempts by a licensed processed server (even on

13 plaintiffs' agent and plaintiffs' disclosed witness).  Defendants

14 may need assistance from the United States Marshals to effectuate

15 service on witnesses related to plaintiffs.

16                    XIV.  <u>STIPULATIONS</u>

17     None at this time.

18                   XV.  <u>AMENDMENTS – DISMISSALS</u>

19     None at this time.

20                 XVI.  <u>SETTLEMENT NEGOTIATIONS</u>

21     Settlement negotiations and a court settlement conference

22 under L.R. 270 would be helpful.

23                  XVII.  <u>AGREED STATEMENT</u>

24     Plaintiffs state that both attorneys for plaintiffs "will be

25 unavailable on September 15 due to pre-paid vacations."

26 Defendants have been inquiring of plaintiffs since at least

27 August 17, 2017 as to "Regarding Eastern District of California

28 Case 2:14-CV-02722-JAM-CKD, who is handling or responsible for

1 meet and confers and the pre-trial conference." As of September
2 1, 2017 defendants have no record of receiving any response
3 whatsoever.

XVIII.  <u>SEPARATE TRIAL OF ISSUES</u>

5     Separate trial of Defendants' first counterclaim for
6 declaratory relief appears feasible.

XIX.  <u>IMPARTIAL EXPERTS – LIMITATIONS OF EXPERTS</u>

8     The parties experts should be limited to those experts that
9 were disclosed in compliance with Rule 26(a)(2) and the September
10 3, 2015 Status (Pretrial Scheduling) Order its' modifications.
11 Only one of Plaintiffs' five experts, appraiser Daniel Ketcham,
12 even begins to meet the requirements. Plaintiffs' other four
13 experts failed to provide the required written reports.
14 Defendants' disclosed only two experts which are both in
15 compliance with Rule 26(a)(2) and the scheduling order: Michael
16 DeMartini and Matthew DeMartini.

XX.  <u>ATTORNEYS' FEES</u>

18     Plaintiffs should be responsible for plaintiffs attorneys'
19 fees based on plaintiffs' wrongful conduct breaching the
20 partnership agreement. Plaintiffs did not utilize the statutory
21 dissolution procedures.

XXI.  <u>TRIAL EXHIBITS</u>

23     Defendants propose exhibits offered or admitted at trial be
24 allowed to be received electronically and/or filed under seal as
25 may be warranted.

XXII.  <u>TRIAL PROTECTIVE ORDER</u>

27     None at this time.

XXIII.  <u>MISCELLANEOUS</u>

1        None at this time.

2

3   Dated: September 1, 2017
                                    /s/ Michael J. DeMartini
4                                   Michael J. DeMartini, pro se
    Dated: September 1, 2017
5                                   /s/ Renate DeMartini
                                    Renate DeMartini, pro se
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

UNITED STATES DISTRICT COURT

2

FOR THE EASTERN DISTRICT OF CALIFORNIA

3

4

TIMOTHY P. DEMARTINI, et al,     Case No.: 2:14-CV-02722-JAM-CKD

Plaintiffs,     CERTIFICATE OF SERVICE

5

6

v.

7

MICHAEL J. DEMARTINI, et al,

Defendants.

8

9

    On today's date I served true and correct copy(ies) of the
following document(s):

10

11

◆ DEFENDANTS' PRETRIAL STATEMENT

12

 XXX     By CM/ECF Notice of Electronic Filing: I electronically
filed the document(s) with the Court by using the CM/ECF system.

13

Participants in the case who are registered CM/ECF users will be

14

served by the CM/ECF system.

15

    Peter Kleinbrodt          Kirk Rimmer
    1108 Fifth Avenue, FL 3    112 J Street, Ste 300

16

    San Rafael, CA 94901       Sacramento, CA 95814

17

    I declare under penalty of perjury under the laws of the

18

United States of America that the foregoing is true and correct
to the best of my knowledge.

19

    Executed on September 1, 2017 at Reno, Nevada,

20

                              /s/ Michael J. DeMartini

21

                             Michael J. DeMartini

22

23

24

25

26

27

28

1              <u>WITNESS LIST (X)</u>

2      Defendants anticipate calling the following witnesses:

3   1. Curt Chittock, 12892 Ridge Rd, Grass Valley, CA

4   2. Richard Cook, 555 Riverview Dr, Auburn, CA

5   3. Daniel J. DeMartini, 15431 Monte Vista Dr, Nevada City, CA

6   4. David A. DeMartini, 10645 James Lane, Nevada City, CA

7   5. James (Jim) C. DeMartini, 947 Lochness Ct, Fort Collins, CO

8   6. Jon H. DeMartini, 11985 Red Gate Rd, Nevada City, CA

9   7. Laurie DeMartini, 12191 Jones Bar Rd, Nevada City, CA

10  8. Margie DeMartini, 13278 Newtown Rd, Nevada City, CA

11  9. Mark A. DeMartini, 12191 Jones Bar Rd, Nevada City, CA

12  10. Renate DeMartini, 3362 Meridian Ct, Reno, NV 89509

13  11. Timothy J. DeMartini, 13931 Oak Meadow Rd, Penn Valley, CA

14  12. Timothy P. DeMartini, 13278 Newtown Rd, Nevada City, CA

15  13. Richard Hawkins, 563 Brunswick Rd #2, Grass Valley, CA

16  14. Newell Humpherys, 10642 James Lane, Nevada City, CA

17  15. Susan K. McGuire, PO Box 1715, Nevada City, CA

18  16. Kevin Parker, 625 Idaho Maryland Rd, Grass Valley, CA

19  17. Greg Baerreson, 12731 Loma Rica Dr #G, Grass Valley, CA

20  18. Jim Gates, 12515 Personeni Lane, Nevada City, CA

21  19. Bill Divis, 12731 Loma Rica Dr #D, Grass Valley, CA

22  20. Douglas Johnson, 1281 Terminal Way #108, Reno, NV

23  21. Mark Cunningham, 2141 Mission Street #100, San Francisco,

24     CA

25  22. E. Shephard, 12757 Loma Rica Dr, Grass Valley, CA

26  23. Andy Cassano, 505 Coyote St, Suite B, Nevada City

27  24. A person most knowledgeable from Westamerica Bank, 375

28     Brunswick Rd, Grass Valley, CA 95945

25. Nevada County Sheriff's Office (Deputy Johnson), 950 Maidu
    Ave, Nevada City, CA
26. Walp & Associates (Sheri Gailbreath), 125 Bost Ave, Nevada
    City, CA 95959
27. Michael DeMartini, 3362 Meridian Ct, Reno, NV 89509
28. Michael DeMartini (designated as expert), 3362 Meridian
    Ct, Reno, NV 89509
29. Matthew DeMartini, 1129 Hunter Lake Dr Ste 4, Reno, NV
30. Matthew DeMartini (designated as expert), 1129 Hunter Lake
    Dr Ste 4, Reno, NV
31. A person most knowledgeable from Vossloh Signaling, Inc.,
    P.O. Box 600, 12799 Loma Rica Dr, Grass Valley, CA
32. Advanced Towing, Inc (Ryan Condon, Chuck Collins), 319
    Railroad Ave, Grass Valley, CA
33. John Bilheimer, 505 Coyote St. Suite A, Nevada City, CA
34. Preston Williams, 12731 Loma Rica Dr #A, Grass Valley, CA
35. Pete Massett, 12731 Loma Rica Dr #E, Grass Valley, CA
36. Scott Brown, 131 S Auburn St, Grass Valley, CA
37. Mark Gilmartin, 1534 17th Street, Suite 103, Santa Monica,
    CA

<u>EXHIBITS, SCHEDULES AND SUMMARIES (XI)</u>

Defendants intend to introduce the following exhibits:

| ECF Doc/ Source | Ref Date | Document or Item Description |
|---|---|---|
| 40-3 | 04/29/15 | Declaration of Timothy P. DeMartini w/ Ex. A-S |
| 46-2 | 06/03/15 | Transcript Excerpt from deposition of Timothy P. DeMartini August 9, 2010 |
| 46-4 | 06/03/15 | Copy of $2,000 discovery sanctions check signed by Timothy P. DeMartini |
| 46-5 | 06/03/15 | Joint Stipulation regarding Discovery |
| 46-6 | 06/03/15 | Register of Actions report, Marin County Superior Court |
| 46-7 | 06/03/15 | Joint Stipulation regarding Discovery |
| 46-8 | 06/03/15 | Michael DeMartini Notes re. Agreement with Timothy DeMartini |
| 47-main | 06/03/15 | Matthew DeMartini Declaration |
| 48-main | 06/03/15 | Michael DeMartini Declaration |
| 48-1 | 02/25/98 | Fax to WestAmerica Bank to Brian Kendeff |
| 48-2 | 05/15/98 | Deed of Trust for WestAmerica Bank |
| 48-3 | 05/15/98 | Deed of Trust for WestAmerica Bank Exhibit A |
| 48-4 | 04/01/98 | Loan Disbursement Authorization |

```
1                          $250,000 principal
2
      48-5   02/25/98  Nevada County Building Permit Receipt
3                      $252,000 /pValuation with Attachments
4
      48-6   03/17/14  Letter from Peter H. Cuttitta
5                      regarding WestAmerica Bank Loan
6
      48-7   05/07/15  DeMartini Brothers Construction Co.
7                      Income by Customer Detail 2002 to 2014
8
      48-8   09/15/14  Fax from Susan K. McGuire regarding
9                      Temporary Restraining Order
10
11    48-9   08/01/75  Check No 120 for $450.00 to Timothy
12                     DeMartini, Gold County Bank front and
13                     back w/ the back of another check to
14                     show the check stamp.
15    48-10  08/15/74  Nevada County Parcel Map 133 (the Coan
16                     Ranch)
17    48-11  10/07/76  Copy of letters received back from
18                     Paul C. DeMartini with his signatures
19                     accepting offers for the Coan Ranch
20                     property
21    48-12  12/08/75  Grant Deed to Michael and Renate
22                     DeMartini, file no 25096 re. Coan
23                     Ranch
24    48-12  12/08/75  Grant Deed to Timothy and Margie
25                     DeMartini, file no 25094 re. Coan
26                     Ranch Note: Document altered
27
28
```

| | | | |
|---|---|---|---|
| 48-12 | 12/08/75 | Grant Deed to Timothy and Margie DeMartini, file no 25094 re. Coan Ranch |
| 48-13 | 04/09/77 | Copy of Coan Ranch Survey Field Notes cover sheet, MJD & TD |
| 48-14 | 07/20/77 | Check No 282 for $560.00 to DeMartini Company, Gold County Bank front and back |
| 48-15 | 07/26/77 | Structural Calcs, Gene S. Porter, Inc. 2 pages |
| 48-16 | 07/15/77 | VP Building Fabrication Shipping List |
| 48-17 | 03/02/79 | 1978 DeMartini & Sons Income Tax documents, 10 pages |
| 48-18 | 04/25/78 | Check No 376 for $5000.00 to DeMartini Company, Gold County Bank front and back |
| 48-21 | 12/10/85 | Lease Agreement - Design Build, Fuel Harvesters, Inc. and Michael J. DeMartini & Timothy P. DeMartini, a general partnership |
| 48-22 | 03/01/84 | Development Plan, Air Park Equipment Shop, Sheet DP-1. Engineer, Mjichael J. DeMartini |
| 48-23 | 01/15/92 | Lease Agreement, Diablo Manufacturing, Inc. and Michael and Timothy DeMartini, a general partnership, |

```
1
2                              faxed by DeMartini RV Sales on March
3                              30, 1998 to Michael DeMartini
4
5    48-24   06/15/98  Lease Agreement, Diablo Manufacturing,
6                              Inc. and Michael and Timothy
7                              DeMartini, a general partnership
8    48-25   09/28/98  Lease Agreement - Design Build ,
9                              Electronic Carbide Process and Michael
10                             J. DeMartini & Timothy P. DeMartini, a
11                             general partnership
12   48-26   10/09/08  Settlement Agreement and Mutual
13                             Release, Electric Carbide, Inc., et al
14                             and DeMartini Brothers Construction,
15                             et al, 12757 Loma Roica Drive, Grass
16                             Valley, CA 95945
17   48-27   10/09/08  Fax dated August 29, 2018 from
18                             DeMartini RV Sales to Michael
19                             DeMartini from Tim & Margie -2 pages
20                             and Fax Jurnal Report showing that fax
21                             was received on October 9, 2008.
22   48-28   11/01/06  Proof of Publication of Fictitious
23                             Business Names, 0610895 Endorsed by
24                             Sacramento County, CA, DeMartini
25                             Brothers Construction and DeMartini &
26                             Sons
27
28
```

| | | | |
|---|---|---|---|
| 48-29 | 05/05/14 | Proof of Publication of Fictitious Business Names, FBNF2014-02266 Endorsed by Sacramento County, CA, DeMartini Brothers Construction and DeMartini & Sons |
| 48-30 | 01/28/14 | WestAmerica Bank Star Connect Plus for Business, Accounts xxxx795-1 and xxxx930-4 General Partnership Accounts |
| 48-31 | 09/15/14 | Email from partner Michael to Tim@demartini.com regarding WestAmerica Bank Account |
| 48-32 | 08/27/14 | Nevada County Sheriffs Office Activity Log with highlight box |
| 48-33 | 06/05/14 | Email to Tim@demartini.com from partner Michael regarding Fire Alarm Phone Bills, Partnership Business |
| 48-34 | 08/05/14 | Fax dated August 5, 2014 from Michael DeMartini to Timothy DeMartini Re. WestAmerica Account |
| 48-35 | 08/11/14 | Email from Timothy A. Stanfield of AT&T to Michael, mdcorres@gmail.com regarding returned payment |
| 48-36 | 08/26/14 | Email thread between Susan K. McGuire and Michael DeMartini regarding AT&T telephone account and the partnership, 2 pages |

```
 1    48-37   08/04/11  Misc documents regarding San Anselmo a
 2                      San Anselmo property that Timothy and
 3                      I were owners
 4    48-38   08/29/14  Photo taken by Michael DeMartini of
 5                      label on bale of building insulation
 6                      shipped to DeMartini Brothers
 7                      (Construction)
 8    48-39   11/15/78  Grant Deed to DeMartini & Sons, 12731
 9                      Loma Rica Drive, File No. 34526 Nevada
10                      County California, 1 page
11    48-39   11/15/78  Deed of Trust to Bank of America,
12                      12731 Loma Rica Drive, File No. 34527
13                      Nevada County California, 3 pages
14    48-40   07/24/14  Fax dated July 24, 2014 to Timothy
15                      DeMartini from Michael DeMartini
16                      regarding Loma Rica 12759 and 12731 A
17                      to H
18    48-41   08/01/14  Email to Tim@demartini.com from
19                      partner Michael regarding occupation
20                      of 12759 Loma Rica Dr., Grass Valley,
21                      CA
22    48-42   08/23/14  Photo P1030203 taken by Michael
23                      DeMartini of window building at 12759
24                      Loma Rica Dr., Grass Valley, CA
25    48-43   08/27/14  Four Misc photos taken by Michael
26                      DeMartini on August 27, 2014 at 12759
27                      Loma Rica Dr., Grass Valley, CA
28
```

| | | | |
|---|---|---|---|
| 114-1 | 11/10/16 | Exhibits A-C to Pleading Opp to Quash | |
| 49-main | 06/03/15 | DECLARATION of Renate DeMartini in OPPOSITION TO Motion to Compel counter-claimants to post security for costs. | |
| | 08/09/10 | Deposition of Timothy P. DeMartini. (8/9/10 and 8/10/10) | |
| 63 | 06/29/15 | Stipulation and Order for return of bond with interest . | |
| 87-1 | 11/04/15 | Exhibit A-H to the Declaration of Michael J. DeMartini | |
| 104 | 07/18/16 | Exhibit A-G to the Second Amended Answer and Counterclaims | |
| 109-2 | 11/08/16 | Exhibit H to the Decl. of Christian Kemos | |
| 129-1 | 11/29/16 | Exhibit H to the Decl. of Christian Kemos | |
| 137 | 12/05/16 | DECLARATION of Yasmin Quilat | |
| 140 | 12/05/16 | Exhibit A to Defendants Statement | |
| 147-1 | 12/12/16 | Declaration of Renate DeMartini, | |
| 147-2 | 12/12/16 | Declaration of Michael DeMartini | |
| 152 | 12/16/16 | Decl. of Dustin Grate | |
| 153 | 12/16/16 | Decl. of Bechtold | |
| 154 | 12/16/16 | Decl. of Doll | |
| 155 | 12/16/16 | Decl. of Hopkins & Attach. Ex. A | |

| | | | |
|---|---|---|---|
| 1 | 161 | 12/19/16 | DECLARATION of Kirk Rimmer w/ Exh. A-C |
| 2 | 162 | 12/19/16 | Decl. of Timothy DeMartini |
| 3 | 163 | 12/19/16 | REQUEST for JUDICIAL NOTICE w/ Exh. A-E |
| 4 | | | |
| 5 | | | |
| 6 | 166 | 12/19/16 | Decl. of Renate DeMartini |
| 7 | 167 | 12/19/16 | Decl. of Michael DeMartini |
| 8 | 169-1 | 12/20/16 | Decl. of Renate DeMartini w/ Ex. A |
| 9 | 171 | 12/21/16 | Exhibits submitted at hearing |
| 10 | | 12/21/16 | Transcript of hearing on TRO |
| 11 | 177-1 | 01/05/17 | Decl. of Michael DeMartini w. Ex. A and B |
| 12 | | | |
| 13 | 180-1 | 01/13/17 | Decl. of Michael DeMartini |
| 14 | 181 | 02/01/17 | Motion to Compel |
| 15 | 181-1 | 02/01/17 | Declaration of Michael J. DeMartini |
| 16 | | | |
| 17 | 194 | 02/17/17 | NOTICE of Inability to Serve by Michael J. DeMartini |
| 18 | | | |
| 19 | 195 | 02/17/17 | Motion to Amend 195,195-1,195-2 |
| 20 | 198-3 | 03/08/17 | Ex. A to Motion to Req. Bond |
| 21 | | 09/01/17 | CIVIL DOCKET FOR CASE #: 2:14-cv-02722-JAM-CKD |
| 22 | | | |
| 23 | 199-1 | 03/22/17 | Decl. of Michael DeMartini w/ Ex. 1-7 |
| 24 | | | |
| 25 | 200 | 03/22/17 | Opp. to Req. to Post Bond w/ attached Decl. of MJD and RBD |
| 26 | | | |
| 27 | 202 | 03/24/17 | Decl. of K. Rimmer, Decl of T. |
| 28 | | | |

```
 1                          DeMartini. 202-3 - 202-6
 2
       214     05/01/17  F&Rs of Magistrate
 3
       216     05/15/17  Aff.s' of RBD and MJD 216-2,216-3 w/
 4
                         Ex. A-D,216-4 w/ Ex. A-L
 5
       217     05/15/17  Resp. to F&Rs
 6
 7     219     05/26/17  Req. to File Excerpt w. Decl. of MJD

 8     227     06/01/17  SUPPLEMENTAL DEPOSITION TRANSCRIPT
 9                       EXCERPT
10
       229     06/09/17  RJN w/ Ex. A-B
11
       231     06/13/17  Errata Notice RJN w/ Ex. A-B
12
               05/31/17  Hearing Transcript
13
14     245     07/10/17  RJN w/ Attachment

15     255     08/29/17  Obj. to F&R w/ Ex. A-B (Bank card +
16                       Balance Sheet/taxes)
17     256     08/30/17  Req. to Seal w/ Ex.

18             08/27/14  Audio Recording (~1:15:25; Voice 006[-
19                       009].m4a)
20
                         Evidence Bag w/ F C 9MM LUGER Casing
21
               08/29/17  Westamerica Bank Signature Card
22
               06/08/05  DeMartini Brothers Construction
23
                         (Balance Sheet, Liabilities and
24
                         Equity, Statement of Income, U.S. Form
25
                         1065, Form 4562, CA From 565, CA Form
26
                         3885
27

28
```

|   |   | 09/22/16 | Email from Kirk Rimmer to M. DeMartini |
|---|---|---|---|
|   |   | 08/27/14 | Fax from Susan K. McGuire and Emails |
|   |   | 07/15/17 | Photo of adjacent Loma Rica parcel |
|   | 52-2 | 06/10/15 | Decl. of Timothy w/ Ex. G-H |
|   | 225 | 06/01/17 | Pl.s' Second amended complaint |
|   |   | 03/01/13 | Fax dated March 1, 2013 from Ms. McGuire |
|   |   | Misc | demartinirv.com website archives |
|   |   | 05/04/99 | Letter to Patrick Norman |
|   |   | 06/21/04 | Email from John Baker to Michael |
|   |   | Misc | Mead Notebook Air Park Phase II |
|   |   | 04/11/77 | Coan Ranch Aerial Photography |
|   |   | 05/07/77 | Pcl 2 of lot 13 plot plan |
|   |   | 05/30/05 | Coan Ranch development plan |
|   |   | 12/04/06 | Computer plot of elevation model DeMartini RV |
|   |   | 06/89 | Air Park Phase 2 Development Plan Sheet DP-1 |
|   |   | 12/97 | Air Park Equipment Shop Phase II, Details and Structural Notes S-2, Foundation Plan S-1 |
|   |   | 3/98 | Warehouse lighting plan Air Park Phase II (E1, E2, E3) |
|   |   | 01/98 | Landscape plan Air Park Manufacturing L-1 |

| | | |
|---|---|---|
| 1 | 06/19/05 | Site plan, grading plan GP-1, Floor |
| 2 | | plan (3), elevation, parcel map |
| 3 | 10/30/90 | Tim DeMartini Mike DeMartini Fax |
| 4 | 07/31/92 | Financial statements of DeMartini |
| 5 | | Trust-Thelma |
| 6 | 12/31/88 | Financial statements of DeMartini |
| 7 | | Trust-Thelma |
| 8 | 08/27/14 | Photos/videos at airport |
| 9 | | |
| 10 | 08/29/14 | Photos at airport |
| 11 | 06/25/14 | Disc. w/ Greg at 12731 Loma Rica |
| 12 | 12/01/16 | Emails with Rimmer Re: Explosion |
| 13 | | @12731 Loma Rica |
| 14 | 12/05/16 | Email with Rimmer Re: Explosion @12731 |
| 15 | | Loma Rica |
| 16 | 12/13/16 | Emails with Fire Marshal re fire ball |
| 17 | | |
| 18 | 12/01/16 | Video of explosion @12731 Loma Rica |
| 19 | 12/01/16 | Facebook website screenshots and |
| 20 | | downloads re, 12731 Loma Rica |
| 21 | | (Williams) |
| 22 | 09/12/16 | Photos at Air Park Buildings/Vicinity |
| 23 | 10/11/16 | Audio of meeting with Advanced Towing, |
| 24 | | Inc |
| 25 | 05/12/14 | Correspondence between Michael and |
| 26 | | Timothy Re: development of property |
| 27 | | |
| 28 | 09/01/13 | Email from Timothy to others re: |

```
1              electrical

2   03/17/14 Correspondence from Timothy refusal
3            re: loan

4   05/01/14 Correspondence from Timothy will not
5            communicate

6   05/11/14 Email from Timothy to other re:
7            management

8   05/12/14 Timothy correspondence re: communicate
9            through intermediares

10  06/23/14 Corres. Timothy refusal of check for
11           loan payment

12  06/27/14 Corres. Timothy refusal to retain
13           attorney

14  07/18/14 Corres. Timothy refusal of check for
15           loan payment, letters in unmarked
16           envelope, partnership matters through
17           representative

18  02/22/17 Exhibits from DVD 7 Utilized for
19           Timothy Deposition, w/ Preston related
20           files

21  05/07/15 Doc. From discovery:
22           20150507_QuickBooksIncome12757-
23           61LomaRica.pdf

24  04/15/92 Doc. From discovery:
25           19920415_DBC_IncomeTaxes1991.pdf

26  04/15/87 Doc. From discovery:
```

```
                        19870415_DBC_IncomeTaxes1986.pdf

          04/15/87  Doc. From discovery:

                    19870415_DBC_Accounting1986.pdf

          06/23/14  Doc. From discovery:

                    20140623_EmailsToTim2014ToDateReAirpor

                    t.pdf

          07/21/98  Doc. From discovery: 19980721apsite

                    Layout1 (1).pdf

          10/15/14  Doc. From discovery: MDVideos20141015

                    (folder)

          10/13/14  Doc. From discovery: MDPhotos20141013-

                    15 (folder)

          10/15/14  Doc. From discovery: 20141015 (folder)

                    .exe Video Viewer from Security

                    Footage

          06/18/14  Doc. From discovery:

                    FAXS20140618_143134_0001.tif

            Note    Defendants picked out the best they

                    could exhibits from discovery DVD 1-7

                    that was previously produced to

                    Plaintiffs. Plaintiffs haven't

                    meet/conferred yet regarding pretrial

                    and they area that Plaintiffs intend

                    to focus on, and this case has an

                    extensive 40 year history.
```