Kirk S. Rimmer, Esq. (CA State Bar # 109680)
LAW OFFICES OF KIRK S. RIMMER
112 J Street, Suite 300
Sacramento, CA 95814
Telephone: 916-930-9661
Facsimile: 916-930-9663
Email: kirk@rimmerlaw.com

Peter A. Kleinbrodt, Esq. (CA State Bar # 88556)
THE FREITAS LAW FIRM, LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901
Telephone: 415-456-7500
Facsimile: 415-456-0266
Email: pkleinbrodt@freitaslaw.com

Attorneys for: Plaintiffs/Counterdefendants
TIMOTHY AND MARGIE DEMARTINI

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI and MARGIE DEMARTINI,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. DEMARTINI, RENATE DEMARTINI aka RENATE B. DEMARTINI, and Does 1 through 15, inclusive,<br><br>Defendants. | Case No.: 2:14-cv-2722-JAM-CKD<br><br>**PLAINTIFFS'/COUNTERDEFENDANTS' RESPONSE TO OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS**<br><br>**(CA-EDLR 304(D))** |
| MICHAEL J. DEMARTINI, RENATE DEMARTINI,<br><br>Counterclaimants,<br><br>TIMOTHY P. DEMARTINI and MARGIE DEMARTINI,<br><br>Counterdefendants. | DATE: May 31, 2017<br>TIME: 10:00 a.m.<br>COURTROOM: 24<br>JUDGE: Honorable Carolyn K. Delaney |

## I. DEFENDANTS' OBJECTIONS SHOW SUMMARY JUDGMENT SHOULD BE GRANTED

Defendants, in opposition to this Court's findings and recommendations, filed a 25-page "objections" brief consisting of a litany of confusing objections. The objections fall into numerous categories:

- Irrelevant argument regarding procedural and factual issues which have no bearing on the motion;
- Incorrect statements and presentation of the relevant law and standards on summary judgment;
- Restatement of their opposition on the motion;
- Claims that the Court "ignored" or did not "value" the claimed evidence Defendants presented; and
- Improper submission of new and irrelevant alleged evidence. [1]

However, Defendants' random assortment of irrelevant, improper, and bizarre objections do nothing to overcome this Court's detailed and painstaking analysis of the evidence before it, which resulted in a finding that summary judgment should be granted. The Court went to great lengths to give Defendants all opportunities to present their best evidence, even letting them introduce new evidence at the hearing itself. But in the end, it was painfully apparent: Defendants did not have

---

[1] Throughout the objections, Plaintiffs present new legal authority and facts never before raised in relation to Plaintiffs' motion. This is in violation of FRCP 59(e) or 60(b) which sets the standard for such a motion and requires a showing of clear error, intervening change in controlling law, or new evidence. Opposition which could have been presented at the original hearing is improper on a motion for reconsideration. (*Backlund v. Barnhart* (9th Cir. 1985) 778 F2d 1386, 1388.) Further, Parties objecting to a magistrate judge's report waive legal arguments not adequately presented to the magistrate judge. (*Borden v. Secretary of Health & Human Services* (1st Cir. 1987) 836 F2d 4, 6.)

evidence showing a triable issue of material facts as to their imagined global partnership, a breach of that imaginary agreement, and claim of defamation.

Accordingly, with the exception of two minor corrections as set out in Plaintiffs' responses to Objection 3 and Objection 25, the Court should adopt Magistrate Delaney's findings and recommendations.

## II. DEFENDANTS' OBJECTIONS DEBUNKED

Each of Defendants' objections and discussions are addressed in turn below.

**"I. Introduction"**

Defendants open their objections with an irrelevant statement as to their perception that they have been somehow prejudiced by what is known to the Court to be their own egregious behavior in this case. As shown by this Court's register of actions and Orders, the two granted temporary restraining orders against Defendants, the countless successful discovery motions to compel Defendants' to act appropriately in discovery, and the additional successful motions against Defendants for sanctions and SLAPP allegations, all show that Defendants have made this case unnecessarily difficult for the Court and Plaintiffs. (See ECF 98, 99, 103, 112, 116, 121, 144, 146, 178, 191, 103.)

Their own behavior is no defense to these findings, nor is it relevant to the detailed findings on summary judgment.

**"II. Relevant Procedural Background"**

Defendants take issue with Plaintiffs' motion to file a second amended complaint, claiming it had some bearing on the summary judgment motion. This is plainly incorrect. The motion to amend sought to add trustees as to a property, which was the subject of Plaintiffs' third cause of action. The added defendants had and have nothing to do with a summary judgment motion, which was directed solely at Defendants' *Counterclaims* claiming a "global partnership", breach of that imaginary

partnership, and defamation. There simply is no relation between the two, nor did Plaintiffs' granted motion to amend have anything to do Defendants' Answer or Counterclaims. (See ECF 214, 224, 228 [which directed no answer was to be filed by Defendants].) Defendants have appealed the Court's order granting Plaintiffs' motion to amend, but after being ordered to show cause by the Ninth Circuit, have yet to do so

Regardless, none of this irrelevant discussion has any bearing on the fact that Plaintiffs' failed to make a showing of a material fact supporting their Counterclaims against Plaintiffs, and which resulted in the Court finding against them on summary judgment.

**Procedural Objection 1 - Irrelevant**

The issue regarding whether the first amended or second amended Complaint was "live" is utterly irrelevant, and Defendants' case law is of no help to their argument. The summary judgment motion was directed against Defendants' Counterclaims. Plaintiffs' second amended complaint had nothing to do with Defendants' Counterclaims, and regardless, Defendants were not directed to file any answer regarding it. Further, the summary judgment motion also had nothing to do with Plaintiffs' amended, or second amended Complaint, as, again, it was directed to Defendants' Counterclaims. Their citations to cases which relate to the superseding of prior complaints has nothing to do with the issues adjudicated on summary judgment.

**Procedural Objection 2 - Irrelevant**

Defendants perplexingly argue that Plaintiffs cannot summarily adjudicate Defendants' counterclaims independently of their Answer. This is plainly incorrect, as FRCP 56 specifically allows that "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought" and in annotations states "Former Rule 56(a) and (b) referred to summary-judgment motions on or against a claim,

counterclaim, or crossclaim, or to obtain a declaratory judgment. The list was incomplete." The summary judgment/adjudication procedure can appropriately be directed at counterclaims.

And, their repeated issue regarding a "live" pleading, is, as noted above, irrelevant to their Counterclaims.

**Objection 3 - The Remanded Property is 12731 Loma Rica**

The findings and recommendations, incorrectly note the property, which has been remanded as being 12757, 12759 and 12761 Loma Rica (ECF 232 Findings p. 4:5): the correct property which was remanded in Plaintiffs' third cause of action was 12731 Loma Rica (ECF 232 Findings p. 4:4). However, this does nothing to change the Court's findings and recommendations which were based on other properties (625 Idaho Maryland Road, Dorsey East Main Street, and Maltman Drive) and based on an analysis of Defendants' lacking evidence.

As the Court correctly noted, Plaintiffs contended that any documents showing a partnership on its face related to the DeMartini and Sons partnership at, what should read 12731, Loma Rica Drive, an issue that the Court removed to state court. (Findings p.7:10-12.) Though the Court discussed an inadmissible income report regarding the Loma Rica properties it noted "Assuming the report is admissible, however, it shows little except the parties' joint management of the Loma Rica properties, not at issue here". The Court was correct, the management of the Loma Rica Properties has nothing to do the properties and businesses raised by Plaintiffs' motion which did not include the Loma Rica Properties. (Findings in whole as to 625 Idaho Maryland Road, Maltman Drive, Dorsey East Main, and RV business, and notably *not* the Loma Rica properties.)

Defendants' global partnership necessarily included a long list of properties and businesses. (Findings p. 3:28 - 4:7.) Plaintiffs' summary judgment motion was predicated on a showing that numerous properties and businesses claimed by Defendants'' "global partnership" were as a matter of

undisputed fact, not so. This is precisely what the Court concluded after looking at the entirety of the "evidence" presented by Defendants of an alleged 40-year oral global partnership. The Court stated Defendants failed to show that numerous properties and businesses which Defendants had alleged were part of the imaginary "global partnership", citing Michael's self-serving declarations as being insufficient to create a material fact, citing Plaintiffs' sole ownership of 625 Idaho Maryland Road, Dorsey East Main Street, and Maltman Drive, and citing the lack of showing regarding Plaitniffs' solely owned and operated RV business. (Findings p.11:19 - 12:21.) The Court even noted that the evidence relating to the Loma Rica properties had no bearing on its findings on the RV business. (Findings p. 12:13-21.)

Accordingly, the findings should be corrected to reflect 12731 Loma Rica as the one claim being removed to State Court, but otherwise the Court's recommendations and findings should remain unchanged.

**Objection 4 - Partnership Law Was Properly Applied**

Defendants improperly reargue, introduce new cases, and misstate the Court's findings regarding evidence of a partnership and present new law. The findings correctly cite and apply relevant partnership law as set out in the moving and reply papers. (Findings p. 4:10 - 6:4.)

**Objection 5 - ?**

In a confusing objection, Defendants either claim Defendants have not shifted the burden, or that the Court failed to "understand" the disputed evidence, or Defendants had some admissible evidence. Plaintiffs met their *Celotex* burden (Findings 2:9-14.) And the findings and recommendations correctly analyze and "understand" Defendants' lacking evidence. In fact, the Court extensively detailed Defendants' "best facts" which Defendants themselves presented in opposition, analyzing them, and finding that they failed to meet their burden on the motion.

**Objection 6 - Defendants' Improper Conduct in Discovery**

Defendants claim that Plaintiffs somehow kept Defendants from finding evidence. Defendants then cite Plaintiffs' numerous *successful* discovery motions against Defendants' improper conduct. It is perplexing how Defendants own improper conduct in discovery has any bearing on their failure to make a showing of the existence of their imaginary 40-year oral global partnership (of which they claimed to be partners this whole time).

**Objection 7 - ?**

It is entirely unclear what a two-year old stipulation has to do with these summary judgment findings and recommendations. The stipulation has no bearing on the motion whatsoever.

**Objection 8 - Defendants' Evidentiary Showing Still Fails to Meet Their Burden as to Their Alleged Oral 40-year "Global" Partnership**

Defendants reargue the "meaning" of a document, and then submit "new" evidence under the belief that it somehow meets their burden. The "new" evidence does nothing to further bolster the claim of a "global' partnership which has been shown definitively to not include numerous of the properties and businesses that Defendants claimed were part of it. As discussed in the motion and reply briefing, Plaintiffs themselves have brought causes of action relating to the jointly held Loma Rica Properties, one of which is alleged to be in a partnership. Defendants' disconnect is that they have alleged that this discrete partnership is in fact a massive "oral global partnership", and for which the Court found that Defendants failed to meet their burden.

Defendants imply that the Court needs to discuss every bit of evidence in the case to come up with its findings and recommendations: it does not. The Court's findings and recommendations speak for themselves, and correctly evaluated the evidence before it.

**Objection 9 - ?**

Defendants confusingly state that Plaintiffs "did not move" under the basis under which they actually moved for summary judgment. Plaintiffs' motion, and the standard under which they moved and which was applied by the Court, is evident on the face of the motion and findings and recommendations. There is no "confusion" as to this issue.

**Objection 10 - A Typo Does Not Defeat Summary Judgment**

Defendants latch on to a typo in Plaintiffs' undisputed statement of material fact, and, without any legal basis or citation, claim that this somehow defeats summary judgment. However, Defendants miss the point that Plaintiffs shifted their burden via *Celotex* and it was then Defendants' burden to defeat summary judgment. As set out by the Court, Plaintiffs met their burden. It was Defendants who failed to make their required showing. As apparent from the briefing on this motion, Defendants can make no claim that they were somehow confused as to the fact that Plaintiffs' motion was directed at adjudicating all of Defendants' counterclaims.

**Objection 11 - Defendants Never Met Their Burden on Their Defamation Claim**

Defendants reargue their opposition to the summary adjudication of their defamation claim; they state it is "difficult to rectify" the Court's position that they failed to make a showing regarding the necessary elements of their defamation claim. The Court evaluated the evidence before it, and found that Defendants failed to make any showing that they met the elements of defamation, a burden that Defendants had to meet. The Court even gave Defendants ample time to discuss and explain their claims at oral argument. Defendants still failed to meet their burden.

Now defendants cite back to the same evidence, and claim audio and video recording which supports their claims which they never presented. Regardless, they still failed to present all the necessary elements of a defamation claim. The findings should stand.

**Objection 12 - Defendants Misstate the Court's Findings Re Defamation**

Defendants present new argument, which could have been raised in opposition to Plaintiffs' motion, and thus constitutes an improper motion for reconsideration. Further, the Court did not rule that damages were required for a defamation claim nor solely ruled on that basis: it stated that "*On this record, defendants have failed to create a triable issue of fact* *<u>as to the elements of defamation,</u>* *including the requirement to prove actual damages*." (Findings p.15:4-6.)

The court evaluated the evidence and found accordingly; the findings and recommendations are correct as to Defendants' defamation claims.

**Objection 13 – The Court is Not Required to Write Findings as to Every Piece of Evidence**

Defendants again imply that the Court must address and discuss in its findings, all of the evidence raised by Defendants, regardless of its propriety, admissibility, or lack of proper identification. There is simply no such requirement by the FRCP. Further, as raised in reply, the Court is not required to hunt for truffles, while Defendants' separate statement of fact consists heavily of a cut-and-paste repetition of citations, rather than, or in addition to, presenting evidence specific to their assertions of fact.

**Objection 14 - Again, Partnership Law Was Properly Cited and Applied**

Defendants use their objections to provide entirely new briefing and authorities which they claim relates to oral partnerships: such a submission is an improper motion for reconsideration, particularly as all the cases cited by them show they are themselves not "new law". Regardless of Defendants' alleged scope of the "global partnership", they failed to show that numerous self-identified assets of that partnership actually were part of any such agreement.

As to Plaintiffs summary adjudication of the breach of contract cause of action, if there is no contract, there can be no breach. Just as the Court found in its findings and recommendations.

**Objection 15 - Defendants' Selected Their Own Documents in Opposition and Their Failure to Shift the Burden is Their Own Doing.**

Defendants improperly attempt to introduce "additional information" in the form of more alleged evidence, to which Plaintiffs object. Defendants had their opportunity to oppose the motion, and failed. Further, the improperly introduced alleged income tax returns, balance sheets, and tax schedules do nothing to evidence a "global partnership" which attaches to all of Plaintiffs' solely held properties, assets, and businesses. As already noted, Plaintiffs themselves brought causes of action to dissolve a partnership and partition certain properties, however it is Defendants' unsupported claim of a massive "global" partnership attaching to almost all of Plaintiffs' solely held properties and businesses which is at issue in this motion. Plaintiffs moved by showing that this many solely held properties and businesses were definitively not part of any such global partnership. Defendants' additional submissions showing that a past partnership may have existed still do not amount to evidence of the global partnership which Plaintiffs have shows does not attach to the properties and businesses raised in Plaintiffs' motion. These latest documents are again, nothing more than another shot in the dark by Defendants.

**General Objection 16 - Plaintiffs' Met Their Burden**

*Celotex*, and the burden it imposes on the party who has the burden at trial, is self-explanatory. Defendants have the burden on their Counterclaims, and as to the real properties owned in title by Plaintiffs, Defendants have an even higher burden. This is black-letter law, which the Court correctly applied in its findings and recommendations.

**Procedural Objection 17 - Plaintiffs Properly Moved For Summary Judgment**

Plaintiffs' motion and its legal basis speaks for itself. Defendants cite no authority that shows Plaintiffs cannot move under alternative theories of summary judgment, nor is this relevant to the Court's findings and recommendations.

**Objection 18 - Irrelevant**

Should the motion be granted, Defendants' counterclaims will be summarily adjudicated against Defendant. It is entirely unclear why Defendants intend to "answer", when the portion of the Second Amended Complaint which contained the amendments is severed and has been remanded. In fact, the Court even Ordered that any summons directing defendants to answer the Second Amended Complaint was vacated, likely because no answer is required since the changes in the second amended complaint are not directed at Defendants.

And, this objection is irrelevant to the findings and recommendations at issue.

**Objection 19 - The Court Considered All The Evidence**

Defendants claim the Court "minimizes" some of Defendants' evidence by instead citing more often to the declarations Defendants presented with their Opposition. They also complain that they carefully selected the relevant evidence to dispute Plaintiffs' motion and imply this somehow limited their opposition. It is unclear how either argument has any bearing on the Court's findings and recommendations.

There is no statement in the findings that the Court did not review and evaluate the information before it on the motion. In fact, the Court went to great lengths to allow Defendants every opportunity to present evidence, even allowing the inclusion of last minute evidence which Defendants introduced right before and at oral argument. The hard truth is that the Court reviewed

all of Defendants' evidence, and found it so severely lacking that it recommended granting Plaintiffs' motion.

**Objection 20 - Defendants' Affirmative Defenses Are Irrelevant**

Defendants claim that their affirmative defenses have some bearing on Plaintiffs' motion. It is entirely unclear how they bear on a summary judgment / adjudication motion, which is directed at Defendants' three affirmative counterclaims, which were subject to the motion. Plaintiffs sought to dispose of the false claims of a global partnership, breach of that alleged global partnership contract, and defamation, and this was the scope of the motion.

**Objection 21 - The Court Was Not "Confused"**

Defendants claim the Court was "confused" at oral argument as it allowed Defendants to elaborately explain the basis of their opposition. Neither the transcript, nor the findings and recommendations show any confusion by the Court as to Plaintiffs' motion and Defendants' lacking opposition. If anything, the Court went to great lengths to allow Defendants every chance to present their opposition at and before oral argument. And, even after giving Defendants great leeway, it found in favor of Plaintiffs' motion.

**Objection 22 - There Are No "Pending" Discovery Items**

Defendants allege there are pending discovery issues that have some bearing on the summary judgment findings and recommendations. Discovery is closed. The pretrial motion deadline is closed. Expert discovery is closed. And, as evidenced by the Court's docket, there are no pending motions before the Court as to any of these "issues." Defendants did not, in their opposition raise any claim that they were in need of further discovery to oppose Plaintiffs' motion, and cannot do so now.

**Objection 23 - ?**

Defendants complain that Plaintiffs' undisputed material facts were not presented to their liking, an issue they did not raise on opposition. They apparently had no problem responding to Plaintiffs' separate statement, as shown by their own opposition responsive separate statement. It is unclear what bearing this has on the Court's findings and recommendations.

**Objection 24 - Irrelevant**

Defendants again complain that the motion to amend had some bearing on Plaintiffs' summary judgment motion. This issue has been debunked above, and has no bearing on this Court's findings and recommendations.

**Objection 25 - Incorrect Description of Personal Check**

At p. 6:21-22, the Court's findings and recommendations misstate information regarding a 1975 check. It should instead state "A 1975 check from Michael to "Tim" (Timothy) for $450...."

**Objection 26 - Footnote 2 is Correct**

The Court's description in footnote 2 is correct: *Defendants* did maintain that Michael's own businesses (Meridian Company, formed in 1995, and American Environmental, formed in 1998) were not part of the global partnership, and Plaintiffs cited to Defendants' deposition testimony which stated accordingly. There was no error.

**Objection 27 - Footnote 3 is Correct**

The Court correctly states in footnote 3 that Michael, at oral argument, claimed that within the family, it was considered offensive to ask for a written agreement. (May 31, 2017 MSJ Hearing Transcript, p. 8:20-23 ["*So for many years that was the standard, and the family relationships were such that it was offensive to ask somebody that was trustworthy to put anything in writing."].)* Again, there was no error.

**Objection 28 - The Court Correctly Cites Plaintiffs' Brief**

The Court correctly states in its findings that Plaintiffs contend that any documents indicating a partnership on their face "relate to the DeMartini and Sons Partnership at Loma Rica Drive," an issue which has been removed to state court and correctly cite to where Plaintiffs make that claim (ECF No. 218, Plff's Reply, at 8.) This, again, has no bearing on the Court's findings that Defendants failed to meet their burden: Defendants failed to meet their burden as to Plaintiffs' solely owned properties, and failed to show that the RV business was part of any partnership. The Court found that the properties of Loma Rica Drive are simply not evidence of any "global partnership". The remand and amendment are irrelevant to this motion and findings.

**Objection 29 - Repetitious Objection - Court Weighed the Evidence**

Defendants restate their objections regarding the motion to amend and "report", implying the Court either limited itself as to what evidence it looked at, and at the same how apparently exceeded its scope of the motion. There is no such showing in the findings.

**Objection 30 - Again, the Court Weighed All the Evidence**

Defendants again restate their claim that the Court apparently did not consider all the evidence before it. Again, there is no such showing in the findings. And, Defendants again use their objections to simply reargue their opposition claiming that the evidence they have provided is somehow sufficient to overcome summary judgment.

**Objection 31 - Again, Plaintiffs Shifted the Burden**

Defendants repeat claims from Objection 5, 9, 11, and 16 again claiming that Plaintiffs did not shift their burden. Plaintiffs shifted the minimal burden under *Celotex*, and the findings correctly reflect that.

**Objection 32 - The Court Applied the Correct Standards on Summary Judgment**

Defendants misstate the Courts' findings and recommendations, claiming the Court required them to "prove" their case during this phase. The findings and recommendations clearly do not hold so. (Findings p. 2: 15 - 27.) The Court recommended and found that Defendants had not met their burden on summary judgment showing that Plaintiffs' solely held and managed properties and businesses were part of an imaginary 40-year old oral partnership, that since no such agreement existed it thus could not be breached, nor that Defendants had shown the necessary elements of defamation.

The Court applied the correct standard.

**Objection 33 - The Court Applied the Correct Standards Re EC 662**

Citing no law whatsoever, Defendants claim the Court incorrectly applied EC 666. The Court properly applied the clear and convincing heightened standard regarding the properties to which Plaintiffs' solely held title. The basis for its application is cited in Plaintiffs' motion and reply. "Where the opposing party's claims are subject to a heightened evidentiary standard (e.g., "clear and convincing evidence"), the motion may be based on lack of evidence meeting this heightened standard. (Anderson v. Liberty Lobby, Inc. (1986) 477 US 242, 254 —no "genuine issue" exists where the evidence presented in opposing affidavits is "of insufficient caliber or quantity to allow a rational finder of fact to find actual malice by clear and convincing evidence" (emphasis added).)"

As to Defendants' re-argument regarding what evidence should and should not have been considered by the Court, the findings and recommendations show the Court weighed everything before it, giving Defendants every opportunity to explain their opposition and present their evidence.

## III. CONCLUSION

As a whole, Defendants Michael and Renate's objections show no error in the Court's findings and recommendations. The Court gave Defendants every opportunity to bring whatever evidence and arguments they could present. Defendants failed. They showed what Plaintiffs have asserting all along: Defendants' imaginary "oral 40-year global partnership" which attached to most of Plaintiffs' solely held assets, while Michael and Renate except their own properties and businesses therefrom, was a sham Defendants instituted solely to put Plaintiffs' livelihood at risk in this litigation.

As the Court correctly found, Defendants did not meet their burden on summary judgment and adjudication as to their declaratory relief, breach of contract, or defamation counterclaims, nor the heightened burden of clear and convincing evidence as to Plaintiffs' solely owned properties.

Other than the minor corrections relating to Objection 3 and 25 noted herein, the June 14, 2017 Findings and Recommendations should be adopted in full.

DATED: September 7, 2017 THE FREITAS LAW FIRM, LLP

/s/ Peter A. Kleinbrodt, Esq. /s/

By: Peter A. Kleinbrodt
Attorney for Plaintiffs/Counterdefendants
TIMOTHY AND MARGIE DEMARTINI