UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al., | No. 2:14-cv-2722-JAM-CKD |
| Plaintiffs, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW;** |
| v. | **INTERLOCUTORY JUDGMENT** |
| MICHAEL J. DEMARTINI, et al., | |
| Defendants. | |

The partition claim in the above-captioned case came before the Court for a bench trial on April 17 and 18, 2018. ECF Nos. 332 & 336. Plaintiffs seek partition of a piece of property in the County of Nevada, APN: 06-370-64, commonly known as 12757, 12759, and 12761 Loma Rica Drive ("Grass Valley Property"). The Court heard testimony and received evidence from the parties and ordered the matter submitted. The parties then filed proposed findings of fact and conclusions of law. ECF Nos. 354 & 355.

Having considered the evidence, trial briefs, and other submissions by the parties, the Court hereby makes the following findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

1

## I. FINDINGS OF FACT

### A. Facts Regarding Title and Ownership Interest

1. On May 24, 1977, a Deed was recorded in which Harold J. Gleason and Mildred L. Gleason, his wife, transferred 100% fee ownership interest in the Grass Valley Property to: (i) James P. DeMartini and Thelma L. DeMartini, his wife, as joint tenants, an undivided one-half interest, and (ii) Timothy P. DeMartini and Margie DeMartini, his wife, as joint tenants, an undivided one-half interest. Pl. Ex.1.

2. On October 17, 1977, a Deed was recorded in which James P. DeMartini and Thelma L. DeMartini, as joint tenants, and Timothy P. DeMartini and Margie DeMartini, as joint tenants, transferred 100% fee ownership interest in the Grass Valley Property to: (i) James P. DeMartini and Thelma L. DeMartini, his wife, as joint tenants, an undivided one-third interest, and (ii) Timothy P. DeMartini and Margie DeMartini, his wife, as joint tenants, an undivided one-third interest, and (iii) Michael J. DeMartini and Renate DeMartini, his wife, as joint tenants, an undivided one-third interest. Pl. Ex. 2.

3. Upon the death of James P. DeMartini, the Trustees of the Marital Trust under the Will of James P. DeMartini transferred James P. DeMartini's ownership interest in the Grass Valley Property to his surviving spouse, Thelma L. DeMartini. Pl. Ex. 3.

4. Thereafter, Thelma L. DeMartini by Grant Deed transferred her undivided one third interest in the Grass Valley to: (i) Timothy P. DeMartini and Margie DeMartini, his wife, as joint tenants, an undivided one-half interest, and (ii) Michael

J. DeMartini and Renate DeMartini, his wife, as joint tenants, an undivided one-half interest. Pl. Ex. 4

 5. These four deeds show that as of December 28, 1984, Plaintiffs Timothy P. and Margie DeMartini, husband and wife and as joint tenants owned an undivided fifty percent interest in the Grass Valley Property, and Defendants Michael J. and Renate DeMartini, husband and wife and as joint tenants owned an undivided fifty percent interest in the Grass Valley Property. Pl. Exs. 1-4; Transcript 396:13-17.

 6. On May 6, 2015, Timothy P. DeMartini executed a quitclaim deed disavowing an August 14, 2014, deed and deeding "any interest attempted to be transferred in the property referenced therein" back to the parties. Def. Ex. CCCCC036.

 7. There is no other evidence that the property is owned by a partnership between the parties. Defendants' claim that a global partnership existed between the parties was adjudicated against Defendants in an earlier stage of this case. See ECF Nos. 232, 267, 345, & 347.

 8. No evidence of any lien against or other interest in the Grass Valley Property was presented.

B. <u>Facts Regarding Waiver</u>

 1. The parties signed a settlement agreement with Gordon and Linda Mulay, and affiliated individuals, dba Electronic Carbide Process and Electronic Carbide Inc. (collectively "ECI") in October of 2008. Def. Ex. II (pages 1-5). ECI leased 12757 Loma Rica Drive from the parties and a dispute later arose concerning damage to the premises. ECI agreed to pay the parties $16,000.00 for a general release, as set forth in paragraph 3 of

the agreement, of claims between the parties. The release "does not include, and expressly excludes, any known or unknown claims [the DeMartinis] may have for environmental contamination caused by ECI's occupation of the premises." Def, Ex. II, ¶ 3.

    2. The Settlement Agreement states that the parties and "ECI further acknowledge that ECI represents and [the DeMartinis] accepts ECI's representation that ECI is informed and believes that any environmental impacts related or relating to the lease and/or occupancy of the premises of [the DeMartinis] by ECI have or will dissipate without mitigation." Def. Ex. II, ¶ F.

    3. The Settlement Agreement contains a paragraph stating that the Agreement sets forth the entire Agreement between the parties and that there are no additional or supplemental agreements between them related in any way to the matters addressed in the Agreement unless specifically included or referred to in the Agreement. Def. Ex. II, ¶ 12. It also states that, in executing the Agreement, the parties did not rely on any representation or any statement made by any of the parties or by any of the parties' representatives with regard to the subject matter, basis or effect of the Agreement other than those specifically stated in the written Agreement. Def. Ex. II, ¶ 8.

    4. The Settlement Agreement does not contain an express waiver of the right to partition.

C. <u>Facts Regarding Manner of Partition</u>

    1. <u>Characteristics of the Grass Valley Property</u>

        a. The Grass Valley Property is roughly 57,000 square feet. Transcript 501:1-2. The parcel is rectangular in shape. Pl. Ex. 21, pp. 18-26.

b.      The Grass Valley Property has access to one public
road to the north, Loma Rica Drive.  Transcript 275:22-276:2,
522:3-4, 525:17-24; Pl. Ex. 21, pp. 18-26.

                c.      Two commercial buildings are constructed upon the
Grass Valley Property.  Pl. Ex. 21, p. 19.

                d.      12759 Loma Rica Drive is the mailing address for
one of the two buildings on the Grass Valley Property and both
the 12757 and 12761 addresses represent the mailing addresses for
the second building on the Grass Valley Property.  Transcript
349:2-6, 345:21; Def. Ex. XXX.

                e.      The two buildings on the Grass Valley property are
oriented North - South, with the 12759 building being to the
North and bordering Loma Rica Drive, and the building housing
both the 12757 and 12761 addresses to the South.  Transcript
349:2-5, 500:15-17; Def. Ex. XXX.  Access to the 12757/12761
building on the Grass Valley Property is across the driveway and
parking area of the 12759 building.  Transcript 508:23-509:1.

                f.      Mr. Ketcham, a real estate appraiser, testified
about his appraisal of the Grass Valley Property.  Mr. Ketcham
measured the gross footprint area of the two buildings to be
13,200 square feet.  Transcript 280:6-7.  The northern building
is 6,000 square feet but has some interior improvements that
provide second floor usage, increasing the area by another 1,200
square feet.  Transcript 283:12-16.  The appraiser did not
include this 1,200 square feet in his rentable area calculation.
The southern building is about 7,200 square feet.

                g.      Mr. Ketcham appraised the property's value, as of
November 28, 2016, at $785,000.  Transcript 304:10-11.

1         h.    In making his appraisal report, Mr. Ketcham was not informed or aware of any environmental, structural, flooding, septic, water, soil, or roof problems.  Transcript 311:14-20, 319:21-24, 320:6-24.  He was not aware of the Settlement Agreement entered into with Electronic Carbide Process, Inc. Transcript 320:6-16.

      2.    <u>Subdivision</u>

         a.    Plaintiffs did not present any admissible evidence concerning subdivision of the property.  The Court accepted Mr. Ketcham as an expert regarding issues related to the appraisal. Transcript 294:10-16.  However, because Mr. Ketcham was not disclosed as an expert regarding division of the property and did not provide a report regarding division of the property, the Court did not permit him to opine on subdivision.  Transcript 296:23-25, 298:25-300:8, 300:23-301:22, 303:12-22, 306:12-19, 307:23-308:2, 380:14-19.

         b.    Defendant Michael J. DeMartini presented a plan to subdivide the property into a northern and southern subdivision, resulting in subdivisions of approximately 28,000 square feet each, with each parcel containing its own existing infrastructure (i.e. one commercial building).  Transcript 500:1-501:15. 507:17-20, 252:14-20.

         c.    Michael J. DeMartini has observed several instances of contamination on the property over the years—caused by different tenants of the buildings—and believes there may still be potential environmental contaminants on the site. Transcript 348:24-355:19.

         d.    Contamination to the southern portion of the

property is of particular concern.  Electronic Carbide Process was a long-term tenant of the DeMartinis.  Transcript 346:3-8.  It began occupying 12757 Loma Rica Drive (the southern building) near the end of 1998 and continued to occupy 12757 and 12761 until around 2005.  Transcript 346:16-347:9.  The company engaged in some heavy manufacturing which may have resulted in environmental contamination.  The DeMartinis entered into a Settlement Agreement with Electronic Carbide Process in relation to damage to the property and possible environmental contamination.  Transcript 358:3-362:3.  If the property were sold the possible environmental damage could affect the value of the property.  Transcript 362:25-362:3.

   e. Michael J. DeMartini stated that if the properties were subdivided, he would take the southern portion "because of the high environmental problems."  Transcript 500:15-17.

   f. Plaintiffs want to sell the property.  Transcript 458:23-459:6.

   g. Michael J. DeMartini has developed two partition plans: the first plan would be to subdivide the property; the second would be for the Defendants to buy out the Plaintiffs and take 100% ownership of the property.  Of these two options, he would prefer to buy out the Plaintiffs.  Transcript 499:15-505:14.

   h. Michael J. DeMartini is a civil engineer with experience subdividing properties.  Transcript 500:3, 509:8-510:24.  Michael J. DeMartini opined that dividing the property into two could be a simple process that could take up to eight months.  Transcript 507:3-509:7.

7

1                    i.    The physical characteristics of the Grass Valley
Property would require an access agreement and easement between
the two owners if the Grass Valley Property were to be equitably
split, requiring agreements as to parking, access, and
maintenance.  Transcript 343:17-344:16.


                         II.    CONCLUSIONS OF LAW
A.    Right to Partition
     1.    A partition action may be commenced and maintained by a
co-owner of personal property or by an owner of an estate of
inheritance, an estate for life, or an estate for years in real
property where such property or estate therein is owned by
several persons concurrently or in successive estates.  C.C.P.
§ 872.210.  To the extent necessary to grant the relief sought or
other appropriate relief, the court shall upon adequate proof
ascertain the state of the title to the property and determine
the status and priority of all liens upon the property.  C.C.P.
§§ 872.620, 872.630.
     2.    The four deeds show that as of December 28, 1984,
Plaintiffs Timothy P. and Margie DeMartini, husband and wife and
as joint tenants owned an undivided fifty percent interest in the
Grass Valley Property, and Defendants Michael J. and Renate
DeMartini, husband and wife and as joint tenants owned an
undivided fifty percent of the Grass Valley Property.
     3.    Between the Plaintiffs and the Defendants, the property
is held in tenancy in common. See Cal. Civ. Code § 686 ("Every
interest created in favor of several persons in their own right
is an interest in common, unless acquired by them in partnership,

for partnership purposes, or unless declared in its creation to be a joint interest, as provided in Section 683, or unless acquired as community property.").

4. Except as provided in Section 872.730, partition as to concurrent interests in the property shall be as of right unless barred by a valid waiver. C.C.P. §§ 872.710. Section 872.730 addresses the application of the right to partition to partnerships.

5. The Court previously determined that there is no global partnership between the parties. See ECF Nos. 232, 267, 345, & 347.

6. The evidence does not show that the property is owned by a partnership. The only evidence indicating that a partnership may have had an interest in the property at some point is the quitclaim deed dated May 6, 2015, which refers to a prior quitclaim deed executed on August 14, 2014. The August 14th deed purported to transfer Michael J. DeMartini's interest in the property to "DeMartini & Sons," a partnership. However, the referenced deed was not entered into evidence, nor was its validity, which is suspect, otherwise established. The Court therefore finds there to be no valid partnership interest in the property.

7. "[T]he right of partition may be waived by contract, either express or implied." Am. Med. Int'l, Inc. v. Feller, 59 Cal. App. 3d 1008, 1014 (Ct. App. 1976). For instance, a waiver may be implied where parties invested in property which was subject to a long-term lease, acquired for the purpose of long term investment income, and sold to them with such guaranteed

income.  See Pine v. Tiedt, 232 Cal. App. 2d 733 (Ct. App. 1965); see also Feller, 59 Cal. App. 3d at 1016 ("We conclude that defendants' assertion with respect to implied waiver of the right of partition has merit.  It appears to be uncontroverted that defendants were persuaded to invest on the premise that there would be a long-term lease of the real property which would assure a secure and permanent source of income to them during the life of the lease[.]").  Or, a waiver may be implied where co-owners enter into a contract concerning the operation of the co-owned properties, at least for as long as the operating agreements are effective.  See Thomas v. Witte, 214 Cal. App. 2d 322 (Ct. App. 1963).

    8.    The evidence does not establish that Plaintiffs waived their right to seek partition of the Grass Valley Property.  Defendants argue that the Settlement Agreement waived Plaintiffs' right to partition, but the Settlement Agreement does not contain an express waiver of such right.  The releases in the agreement concern claims between the DeMartinis and ECI, not claims between the DeMartinis themselves.  Additionally, the Settlement Agreement does not imply a waiver.  The Agreement does not demonstrate a clear intention by the parties to continue doing business together or to refrain from selling the property.  Again, the Agreement concerned claims between the DeMartinis and ECI and was not an agreement between the DeMartinis concerning how the property would be operated moving forward.

    9.    Defendants did not present any other evidence sufficient to establish implied waiver.  No long term leases or written operational agreements were introduced.  The parties'

vague intentions as to how they would use the property do not establish an implied waiver of Plaintiffs' right.

  10. In conclusion, the Court finds:

    a. Plaintiffs Timothy P. and Margie DeMartini, husband and wife and as joint tenants own an undivided fifty percent interest in the Grass Valley Property, and Defendants Michael J. and Renate DeMartini, husband and wife and as joint tenants own an undivided fifty percent interest of the Grass Valley Property.

    b. No other persons have any interest in the real property. There are no liens against the property.

    c. Plaintiffs are entitled to partition.

B. Manner of Partition

  1. "The manner of partition may be 'in kind'—i.e. physical division of the property—according to the parties' interests as determined in the interlocutory judgment." Cummings v. Dessel, 13 Cal. App. 5th 589, 597 (Ct. App. 2017) (internal citation omitted). "Alternatively, if the parties agree or the court concludes it 'would be more equitable,' the court may order the property sold and the proceeds divided among the parties." Id. (quoting the C.C.P. § 872.820). "The third option, 'when the interests of all parties are undisputed or have been adjudicated,' and the parties agree, is partition by appraisal." Id. (quoting C.C.P. § 873.910).

  2. "As a rule, the law favors partition in kind, since this does not disturb the existing form of inheritance or compel a person to sell his property against his will." Richmond v. Dofflemyer, 105 Cal. App. 3d 745, 757 (Ct. App. 1980). "The

presumption is that land held in common tenancy can be equitably divided between the parties by allowing each a tract in severalty, equal to his interest in the whole, measured by value." Id. "A sale cannot be decreed in partition merely to advance the interests of one of the owners; before ordering a sale, the court must ascertain that the interests of all will thereby be promoted." Butte Creek Island Ranch v. Crim, 136 Cal. App. 3d 360, 368 (Ct. App. 1982). "Forced sales are strongly disfavored." Richmond, 105 Cal.App.3d at 757.

3. "The burden of proof is on one endeavoring to force a sale as against unwilling co-owners to prove that the case is not a proper one for partition in kind." Richmond, 105 Cal. App. 3d at 757. In this case the burden of proof falls on Plaintiffs to overcome the presumption and show that a partition by sale will be more equitable.

4. There are two types of evidence that have been held sufficient to justify a partition sale of property rather than physical division. "The first is evidence that the property is so situated that a division into subparcels of equal value cannot be made. . . . In order to meet this test the party desiring a partition sale must show that the land cannot be divided." Butte Creek Island Ranch, 136 Cal. App. 3d at 364. "The second type of evidence which supports a partition sale rather than physical division is economic evidence to the effect that, due to the particular situation of the land, the division of the land would substantially diminish the value of each party's interest." Id. at 367. "The generally accepted test in this regard is whether a partition in kind would result in a cotenant receiving a portion

of the land which would be worth materially less than the share of the money which could be obtained through sale of the land as a whole." Id.

5. Plaintiffs desire to partition the property because of disagreements with Defendants in co-owning the property. Though Plaintiffs desire partition by sale, Plaintiffs failed to meet their burden in showing that partition in kind is not achievable or equitable. They did not show that subdividing the property could not result in parcels of equal value or that the division of land would substantially diminish the value of each party's interest.

6. Defendants do not want to sell the property.

7. The Court finds that partition in kind is the more equitable result in this case. The rectangular shape of the Property lends itself to division across the middle (west to east), resulting in a northern subdivision and a southern subdivision of roughly equal shape. Each subdivision would contain one commercial building. Although the southern building has a greater gross footprint area, the northern building has a loft that provides an additional 1,200 square feet of space. The potential environmental contamination in the southern subdivision could decrease its value, but Michael J. DeMartini, the party preferring partition in kind, stated he would take that subdivision. The Court therefore finds the Grass Valley Property may be equitably subdivided and orders partition in kind.

8. The California Code of Civil Procedure directs the Court to appoint a referee to divide the property. C.C.P. § 873.010. However, California courts have construed the section

"to require the appointment of a referee only where it is determined that a referee is necessary or would be desirable or helpful and that it should not be so strictly construed as to require the expense and time-consuming services of a referee where the court has adequate evidence before it to render its decision." Richmond, 105 Cal. App. 3d at 755.

9. In the course of trial the Court learned that Defendant Michael J. DeMartini has a background in engineering and in subdividing properties. Michael J. DeMartini has already drafted a plan for partitioning the property. The Court, sitting in equity, finds it would be economically advantageous to all parties in this action to permit Michael J. DeMartini to submit a proposed plan for partition. He should review California Code of Civil Procedure §§ 873.210, et seq., to ensure proper execution of this task. If his proposal is not acceptable to the Court, the Court will appoint a referee to divide the property and the parties will be required to pay the referee's compensation and reasonable expenses. C.C.P. §§ 873.010, et seq.

10. Defendants expressed an interest in buying out the Plaintiffs at an appraised value. The Court cannot, however, order such a sale. Section 873.910, et seq., of the California Code of Civil Procedure provides for Partition by Appraisal. Partition by appraisal must be agreed to by the parties in writing and filed with the clerk of court. C.C.P. § 873.920. The Court cannot order partition by appraisal if the parties have not agreed to that procedure in writing. See Cummings v. Dessel, 13 Cal. App. 5th 589, 601 (2017).

11. Following this interlocutory order, the parties may

agree to partition by appraisal and apply to the Court for approval of the agreement. C.C.P. § 873.930(a). If the Court finds the agreement complies with Section 873.920 and that the terms and conditions are equitable, it will approve the agreement and stay any pending division of the property. C.C.P. § 873.930(b).

### III. ORDER

**IT IS HEREBY ORDERED that:**

1. The Grass Valley Property, commonly known as 12757, 12759, and 12761 Loma Rica Drive, Grass Valley, California, and more particularly described below, shall be partitioned in kind and divided between Plaintiffs and Defendants in proportion to their fifty percent interest in the property. The property shall be divided into a northern subdivision and a southern subdivision.

> APN #06-370-64
>
> Parcel 3, as shown on the Parcel Map for Harold Gleason, being a portion of Lot 13, Loma Rica Industrial Park in the Northwest 1/4 of Section 30, Township 16 North, Range 9 East, M.D.B. & M., as filed in the office of the Nevada County recorder on April 26, 1977, in Book 11 of Parcel Maps, at Page 125.
>
> Excepting therefrom all minerals, gas, oil, and mineral deposits of every kind and nature located below a depth of 75 feet beneath the surface of all of the above-described real property, together with all necessary and convenient rights to explore, develop, produce, extract and take the same, subject to the express limitation that the foregoing exception and reservation shall not include any right to entry upon the surface of said land, as reserved by the Quitclaim Deed dated September 29, 1958, recorded August 7, 1959, in Book 266, Page 22, Official Records, Nevada County Records, executed by Idaho Maryland Mines Corporation, a Nevada corporation to Loma Rica Industrial Park, a California corporation.
>
> ///

> The described property is commonly known as: 12757, 12759 and 12761 Loma Rica Drive, Grass Valley, CA 95945; APN 06-370-64-000.

2. Michael J. DeMartini is to submit a proposed plan for subdivision by June 30, 2018. The parties are encouraged to reach an agreement on the proposal and should file a statement reflecting an agreement if one is reached. The plan should, at a minimum, include specific tasks that will need to be accomplished and dates those tasks will be completed. The partition in kind must be completed no later than June 30, 2019, or the Court will appoint a referee to carry out its Order. Should the parties not agree, Plaintiffs' objections to the proposal are due July 15, 2018. No hearing on the proposal will be set at this time.

3. If Defendants fail to timely submit a proposal, the Court will appoint a referee to subdivide the property.

4. Nothing in this Order precludes the parties from agreeing to partition by appraisal and filing the appropriate documentation with the Court.

IT IS SO ORDERED.

Dated: May 30, 2018

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE