UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al., | No. 2:14-cv-2722-JAM-CKD |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW OR NEW TRIAL** |
| MICHAEL J. DEMARTINI, et al., | |
| Defendants. | |

This family dispute is back before the Court on Defendants' (Michael J. DeMartini and Renate DeMartini) renewed motion for judgment as a matter of law. Alternatively, Defendants seek a new trial or an amended judgment.[1] Defendants' motion is DENIED.

I. PROCEDURAL BACKGROUND

After several years of litigation, this case went to trial before a jury on Plaintiffs' (Timothy P. DeMartini and Margie DeMartini) breach of contract claim. ECF Nos. 328 & 332. Before

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 10, 2018.

1

the Court submitted the case to the jury, Defendants moved for
judgment as a matter of law. ECF No. 333. The Court denied the
motion. Trial Transcript ("Transcript"), ECF Nos. 342-344, at
181:18-21. The jury returned a verdict for Plaintiffs and
awarded damages of $68,606.25 on the breach of contract claim.
Jury Verdict, ECF No. 335.

Following the jury trial, the Court held a bench trial on
Plaintiffs' partition claim. ECF No. 336. As to the partition
claim, the Court issued an interlocutory judgment ordering the
subject property to be partitioned in kind. Interlocutory
Judgment, ECF No. 361. The terms of the partition are still
under review. See Notice and Filing of Proposed Subdivision
Plan, ECF No. 372.

## II. OPINION

### A. Legal Standard

Once a party has been fully heard on an issue during a jury
trial, the Court may grant a motion for judgment as a matter of
law if it finds that a reasonable jury would not have a legally
sufficient evidentiary basis to find for the party on that issue.
Fed. R. Civ. P. 50(a)(1). Such motion must specify the judgment
sought and the law and facts that entitle the movant to the
judgment. Fed. R. Civ. P. 50(a)(2). If the Court does not grant
the motion during trial, "the movant may file a renewed motion
for judgment as a matter of law and may include an alternative or
joint request for a new trial under Rule 59." Fed. R. Civ. P.
50(b). "In ruling on the renewed motion, the [C]ourt may:
(1) allow judgment on the verdict, if the jury returned a

verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Id.

In deciding a Rule 50(b) motion, the Court is bound to uphold the jury's verdict if that verdict is supported by substantial evidence. Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." Id. The Court "must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor." E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 961 (9th Cir. 2009) (quoting Josephs v. Pac. Bell, 443 F.3d 1050, 1062 (9th Cir.2006)). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." Id. A motion under Rule 50(b) is necessarily limited to the grounds asserted in the Rule 50(a) motion. Id.

A party may request a new trial or move to alter or amend a judgment under Federal Rule of Civil Procedure 59. Under Rule 59(a), the Court "may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." Passantino v. Johnson & Johnson Consumer Prod., Inc., 212 F.3d 493, 510 n.15 (9th Cir. 2000). For a motion brought under Rule 59(e), the Court may reconsider "matters properly encompassed in a decision on the merits." United States ex rel. Hoggett v. Univ. of Phoenix, 863 F.3d 1105, 1108 (9th Cir. 2017) (citation omitted). "To alter or amend the judgment requires a

3

substantive change of mind by the court." Id. (citation and quotation marks omitted). A district court should not grant a Rule 59(e) motion unless the court "is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted).

B. Analysis

1. Motion for Judgment as a Matter of Law

Defendants argue they are entitled to judgment as a matter of law because there was no evidence of a contract between the parties that required Defendants to pay Plaintiffs any money and because there was no evidence of a breach of the alleged contract. Mot. at 4-7. They also argue that the waiver provision of the written contract the parties entered with West America bank establishes that Plaintiffs waived their claim against Defendants. Mot. at 7-8. Defendants raised these arguments in their Rule 50(a) motion and the Court may therefore consider them. Defendants arguments concerning the verdict form and mitigation evidence were not addressed in the Rule 50(a) motion and thus fall outside the scope of arguments the Court may consider under Rule 50(b).

Despite Defendants' attempts to marshal evidence in their favor, the record contains sufficient evidence to support the jury's verdict. First, there was evidence of an agreement between the parties to share in the encumbrance of the loan and each pay back their share. Transcript 93:2-10, 93:22-94:8, 172:22-173:1. There was also evidence that Defendants breached this agreement by failing to reimburse Plaintiffs for repaying

4

the loan.  Transcript 102:5-8, 174:4-6.

Next, although the written contract with West America bank contained a waiver provision, see Defendants' Trial Exhibit M, Defendants did not prove, as a matter of law, that Plaintiffs freely and knowingly gave up their right to have Defendants perform on this obligation.  It was Defendants' burden to prove by clear and convincing evidence that Plaintiffs knowingly gave up their right to pursue relief against Defendants.  See Opp'n at 5; Transcript at 229:10-25.  Although a jury could have inferred such knowing waiver from the language of the West America contract, there was little additional evidence showing Plaintiffs' subjective intention to waive their claim.  See Transcript at 107:1-3.  Thus, a jury could have reasonably concluded that Defendants failed to meet their burden.  As the Court explained in denying each of the parties' motions for favorable adjudication on this issue, a reasonable jury reviewing the evidence could find in favor of either party on the waiver defense.  Transcript at 221:2-223:6. Accordingly, Defendants' Rule 50(b) motion is denied.

2. Motion for New Trial or to Amend the Judgment

Defendants argue they are entitled to relief under Federal Rule of Civil Procedure 59 because the Court gave an improper jury instruction on the verdict form and because the Court excluded relevant evidence.  Neither of these grounds justify granting the Rule 59 motion.

First, the Court finds Defendants are not entitled to relief based on their disagreement with the verdict form.  Defendants did not object to the verdict form or the jury instructions when

the Court gave them the opportunity to do so at trial. Transcript 190:15-192:12. Defendants may not belatedly raise their objection in this motion. Fed. R. Civ. P. 51; Ayuyu v. Tagabuel, 284 F.3d 1023, 1026 (9th Cir. 2002) ("We hold that Rule 51 includes objections to the form of the verdict as well as to any instructions about the use by the jury of the form. Because no objections to the instructions are found in the record, they are deemed waived.") (discussing waiver on appeal); see Jones v. Hollenback, No. CV-F-05-148 OWW/DLB, 2007 WL 3335012, at *7-8 (E.D. Cal. Nov. 9, 2007) (applying waiver rule to a plaintiff's motion for new trial). Defendants' motion, on this basis, is denied.

The Court also is not persuaded that the exclusion of purportedly relevant evidence suffices to warrant a new trial or amendment. The problems with Defendants' attempt to introduce mitigation evidence were discussed at trial. Transcript at 136:11-146:10. Although Defendants raised mitigation as an affirmative defense, see Second Amended Answer, ECF No. 104, it became clear in the course of trial that Defendants' mitigation evidence pertained to a full accounting of the financial relationship between the parties, not to Plaintiffs' failure to mitigate damages related to the breach of contract in this matter.[2] Transcript at 136:11-146:10, 182:22-183:2. No claim for accounting was pled, nor was such an accounting contemplated in the pretrial filings. See Defendants' Trial Brief, ECF No.

---

[2] Plaintiffs argue the Court's Pretrial Order supersedes the pleadings, but the Pretrial Order states that "[n]one of Defendants' affirmative defenses have been abandoned." See Pretrial Conference Order, ECF No. 284, at 5.

316, at 25 (only briefing the defense of "waiver").  The admission of this alleged mitigation evidence would necessarily open the door to inquiry into a number of different bank accounts and financial arrangements between the parties.  Transcript 145:11-18, 146:13-148:11, 194:25-195:3.  The Court determined that these matters should be resolved in another suit for a full accounting of these financial matters or possibly a later stage of the partition action.  Transcript at 145:11-18.  The dispute to be resolved in this matter, however, was limited to breach of contract with respect to this particular loan.  See Pretrial Conference Order, ECF No. 284; Pretrial Conference Transcript, ECF No. 286.  Defendants' Exhibit PPPPPP did not show any payments made on the loan at issue in this case, Transcript 198:10-19, and Defendants did not proffer any further grounds for the Court to find the exhibit relevant to the narrow issue at hand.  The Court properly limited Defendants' evidence to that concerning this particular loan and agreement.  This exclusion was not clear error and did not result in manifest injustice.  Therefore, Defendants' Rule 59 motion is denied.

III.  ORDER

For the reasons set forth above, the Court DENIES Defendants' Motion for Judgment as a Matter of Law, New Trial, or Amended Judgment.

IT IS SO ORDERED.

Dated:  July 26, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

7