UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. DEMARTINI, et al.,<br><br>Defendants. | No. 2:14-cv-2722-JAM-CKD<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS FEES** |

Plaintiffs Timothy DeMartini and Margie DeMartini move this Court to order Defendants Michael J. DeMartini and Renate DeMartini to pay Plaintiffs' attorneys' fees "as to all the causes of action at issue in this Court's partial judgment against Defendants." Motion for Attorneys' Fees, ECF No. 362.[1] Defendants oppose. Opp'n, ECF No. 371. For the reasons set forth below, Plaintiffs' motion for attorneys' fees is denied.

I. BACKGROUND

The factual and procedural background is familiar to the parties. For purposes of this motion, the Court notes:

The Court held a jury trial on Plaintiffs' breach of contract claim on April 16 and 17, 2018. ECF Nos. 328 & 332.

---
[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g).

1

Defendants introduced the defense of waiver, arguing that Plaintiffs waived their right to seek reimbursement on loan payments from Defendants when the parties signed the loan agreement with West America Bank. See Transcript at 229:10-25 (jury instruction on waiver); Defendants' Trial Exhibit M. Ultimately, Defendants were not successful on this defense. Jury Verdict, ECF No. 335. That same loan agreement contains the following attorneys' fees provision:

> Grantor [(the DeMartinis)] agrees to pay upon demand all of Lender's [(West America Bank)] costs and expenses, including attorneys' fees and Lender's legal expenses, incurred in connection with the enforcement of this Agreement. Lender may pay someone else to help enforce this agreement, and Grantor shall pay the costs and expenses of such enforcement. Costs and expenses include Lender's attorneys' fees and legal expenses whether or not there is a lawsuit, including attorneys' fees and legal expenses for bankruptcy proceedings (and including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services. Grantor also shall pay all court costs and such additional fees as may be directed by the court.

Defendants' Trial Exhibit M, at 4. Plaintiffs rely, in part, on this provision in seeking attorneys' fees here.

On January 8, 2013, in a separate lawsuit between the parties and other family members, the Marin County Superior Court found Michael DeMartini in comtempt of court for failing to turn over to the limited receiver all monies and/or funds in his possession, custody, or control derived from or paid as rent or income from the San Anselmo property, and all books, records, and documents relating or referring to the that property. See Request for Judicial Notice ("RFJN"), Exh. A, Findings and Order Re: Contempt. The state court subsequently declared Michael and Renate DeMartini vexatious litigants within the meaning of

2

California Code of Procedure section 391(b)(2) and (3). RFJN, Exh. B, Order Granting Motion Declaring Cross-Complainants Michael and Renate DeMartini Vexatious Litigants. Subsequently, Plaintiffs initiated this lawsuit in the Nevada County Superior Court. RFJN, Exh. D. Plaintiffs successfully petitioned the state court for a Temporary Restraining Order, which the Nevada County Court entered following Defendants' failure to appear at the hearing. RFJN, Exh. E. Defendants removed the case to the United States District Court for the District of Nevada. ECF No. 1. That district court transferred the case to this district, where litigation has since proceeded.

Following the entry of partial judgment, ECF No. 347, Plaintiffs asked the Court to permit them to file a motion concerning issues of liability for attorneys' fees before the Court receives submissions on the value of services. ECF No. 352. The Court granted the request and set dates for Plaintiffs' motion herein, pursuant to Federal Rule of Civil Procedure 54(d)(2)(c). ECF No. 356.

## II. OPINION

### A. Request for Judicial Notice

Plaintiffs request judicial notice of a number of court filings. Plaintiffs' Exhibit F contains filings from the docket in this action, of which the Court takes notice. See Vasserman v. Henry Mayo Newhall Mem'l Hosp., 65 F. Supp. 3d 932, 943 (C.D. Cal. 2014) ("It is well established that a court can take judicial notice of its own files and records."). Exhibits A, B, C, D, and E are court orders from the Marin County Superior Court and the Nevada County Superior Court. The Court takes judicial

notice of these orders as well: "Court orders and filings are proper subjects of judicial notice." Id. at 942-43.

Although the Court may take judicial notice of "the authenticity and existence of a particular order" as a matter of public record, it should not take notice of the "veracity and validity of its contents[,] [such as] the underlying arguments made by the parties, disputed facts, and conclusions of applicable facts or law[.]" United States v. S. Cal. Edison Co., 300 F. Supp. 2d 964, 974 (E.D. Cal. 2004). Accordingly, the Court takes notice of these orders as establishing that Michael DeMartini was held in contempt of court, Exh. A, that Defendants were declared vexatious litigants, Exh. B, that the Marin County Superior Court granted motions to apportion attorneys' fees in the Marin County litigation, Exh. C, that Plaintiffs filed their verified Complaint in the Nevada County Superior Court, Exh. D, and that the Nevada County Superior Court entered a temporary restraining order against Defendants, Exh. E. In contrast, the Court does not take judicial notice of the facts and opinions contained in these filings apart from the fact of the order and its legal effect. For instance, the block quotations included in Plaintiffs' "Background" do not contain facts properly subject to judicial notice. See Mot'n at 4-5. The Court takes judicial notice of the court filings attached to Plaintiffs' request, subject to this limitation.

B. Attorneys' Fees Provision

Plaintiffs argue they are entitled to attorneys' fees under the attorneys' fees provision of the West America loan agreement because Defendants relied on the loan agreement for their waiver

4

defense.

Because state law on attorneys' fees is substantive, it applies in diversity cases such as this one. See Alaska Rent-A-Car, Inc. v. Avis Budget Grp., Inc., 738 F.3d 960, 973 (9th Cir. 2013). Under California law, "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties[.]" Cal. Code Civ. Proc. § 1021. California Civil Code section 1717 provides that attorneys' fees are recoverable by a party prevailing on the contract whether they are the party specified in the contract or not:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717. In some cases, a party sued on a contract may prevail "by successfully arguing the inapplicability, invalidity, unenforceability, or nonexistence of the same contract." Santisas v. Goodin, 17 Cal. 4th 599, 611 (1998) (quoting North Associates v. Bell, 184 Cal.App.3d 860, 865 (1986)). "To ensure mutuality of remedy in this situation, it has been consistently held that when a party litigant prevails in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent, section 1717 permits that party's recovery of attorney fees whenever the opposing parties would have been entitled to attorney fees under

5

the contract had they prevailed." Santisas, 17 Cal. 4th at 611.

Plaintiffs have failed to establish they are entitled to attorneys' fees under the West America loan agreement. California Civil Code section 1717 establishes mutuality of remedy in "any action on a contract" that provides for attorneys' fees. Plaintiffs breach of contract claim was not an action on a contract that provides for attorneys' fees, but, instead, an action on an oral agreement between the parties. Although Defendants' defense of waiver was based in part on the West America loan agreement, Plaintiffs did not "prevail in an action on a contract by establishing that the contract is invalid, inapplicable, unenforceable, or nonexistent" such that the rules of mutuality apply. See Santisas, 17 Cal. 4th at 611 (emphasis added); cf. Eden Twp. Healthcare Dist. v. Eden Med. Ctr., 220 Cal. App. 4th 418, 426, 162 Cal. Rptr. 3d 932, 938 (2013) (concluding that an action to avoid enforcement of a contract—i.e. an action for declaratory relief to have an agreement declared illegal and void—is an action "on a contract" within the meaning of section 1717). Plaintiffs have not cited any authority holding that a defendant's invocation of a provision in (a written) Contract B in defending against an action on (an oral) Contract A would permit either party to recover attorneys' fees based on another provision in (the written) Contract B. Defendants' defense strategy does not bring this lawsuit within the ambit of California Civil Code section 1717.

Furthermore, as Defendants note, the West America loan agreement is a contract between the DeMartinis as a group and West America Bank. The attorneys' fees provision in that

contract establishes the Grantor's (DeMartinis') obligation to pay the attorneys' fees of the Lender (West America Bank). California Civil Code section 1717 thus establishes mutuality of remedy between the DeMartinis and West America Bank, such that in an action on the contract, either the DeMartinis or West America Bank would be entitled to attorneys' fees as the prevailing party. This provision does not address actions between the DeMartinis themselves, unlike the waiver provision which expressly concerns the rights of co-obligors. Plaintiffs have not directed the Court to a single case that supports reading the attorneys' fees provision to reach actions between the DeMartinis. The Court thus finds Plaintiffs are not entitled to attorneys' fees under the West America loan agreement.

    C.   <u>Bad Faith</u>

Plaintiffs next argue the Court should exercise its inherent power to award attorneys' fees against Defendants because Defendants acted in bad faith.

It is within the inherent power of the Court to assess attorneys' fees when the losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." <u>Alyeska Pipeline Serv. Co. v. Wilderness Soc'y</u>, 421 U.S. 240, 259 (1975); <u>Nat'l Merch. Ctr., Inc. v. MediaNet Grp. Techs., Inc.</u>, 893 F. Supp. 2d 1054, 1057 (C.D. Cal. 2012) ("[F]ee awards are no more available in diversity actions than they are in federal cases."). "The award of attorney's fees in such situations is punitive, and the penalty can be imposed only in exceptional cases and for dominating reasons of justice." <u>United States v. Standard Oil Co. of Cal.</u>, 603 F.2d 100, 103 (9th Cir. 1979). The bad faith

exception should be narrowly construed to avoid conflict with the rationale of the American rule, namely, that litigants bear their owns fees. See Ass'n of Flight Attendants, AFL-CIO v. Horizon Air Indus., Inc., 976 F.2d 541, 550 (9th Cir. 1992). A district court must make explicit findings that the opposing counsel's or party's conduct constituted bad faith before awarding fees. See Primus Auto. Fin. Servs., Inc. v. Batarse, 115 F.3d 644, 648 (9th Cir. 1997). "A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" Id. at 649 (emphasis added) (quoting In re Keegan Mgmt. Co., Sec. Litig., 78 F.3d 431, 436 (9th Cir. 1996)). The requirement "sets a high threshold[.]" Id. "Even in a case where the district court described a litigant's arguments as 'totally frivolous,' 'outrageous' and 'inexcusable' and called his behavior 'appall[ing],' [the Ninth Circuit] nonetheless refused to equate this characterization of conduct as synonymous with a finding of bad faith." Mendez v. Cty. of San Bernardino, 540 F.3d 1109, 1132 (9th Cir. 2008), overruled on other grounds by Arizona v. ASARCO LLC, 773 F.3d 1050 (9th Cir. 2014).

After carefully reviewing the entire record in this matter, as well as the court orders filed in support of this motion, see RFJN, the Court does not find that Defendants acted in bad faith in this litigation. The Court acknowledges that this case involves a dispute between family members that is contentious and, at times, combative. The familiarity between the litigants may interject hard feelings into the judicial process, but such feelings, alone, do not constitute bad faith.

Much of this case proceeded before Magistrate Judge Delaney and this Court appreciates her familiarity with the litigants and the proceedings before trial. In an Order signed April 14, 2017, Judge Delaney considered whether Defendants should be declared vexatious litigants. ECF No. 213. She concluded that they should not be, and this Court incorporates a portion of her analysis here:

> While it appears that many times defendants' litigation position has been on the losing side, in light of defendants' pro se status, allowances must be made for a layman's understanding of the law. On each of the motions referenced above, defendants appear to have extensively researched the law and presented arguments in support of their positions which were apparently made in good faith. In this court's experience, it is not uncommon for pro [se] litigants to file two, and sometimes three, amended complaints before they are able to articulate a claim upon which relief may be granted. With respect to the discovery motions, it appears that sometimes defendants have either produced or identified a surplusage of documents in an attempt to fully disclose, an understandable position for a pro se litigant. The discovery motions noticed by defendants were nothing out of the ordinary for litigation in which both sides have vigorously advocated their positions. The kind of discovery motions plaintiffs complain about here are not so out of the ordinary – review of the court's law and motion calendar for the past year shows that these types of motions appear frequently on the court's docket. Losing a discovery motion is not necessarily indicative of frivolousness or harassment. When this court has directed defendants to cease and desist conduct that was not in conformance with the Federal Rules of Civil Procedure, defendants have complied upon being advised by the court of what was required under the Rules. Defendants have also fully complied with respect to this court's orders regarding payment of expenses incurred by the prevailing side. Although this court found that plaintiffs/counterdefendants should be awarded their attorneys' fees in connection with their anti-SLAPP suit, the court notes that this is a very complex area of the law, an award of expenses was required under the governing statute, and it is not unsurprising that a pro se litigant would be unaware of the nuances that bar certain claims under the anti-SLAPP statute. In regard to the temporary restraining orders that have been issued against defendants, each

9

> time they have quickly complied with the court's restraint and it does not appear that defendants' conduct which led to the restraining orders was so out of line that such conduct could be considered harassing.

Order at 2-3. The Court agrees with this summation and finds that although Defendants did not prevail on their counterclaims or in defending the claims against them, their efforts to represent themselves—i.e. well-researched motions, timely filings, thorough preparation for trial—and general adherence to the Court's rules and admonitions do not demonstrate bad faith on their part. Despite Plaintiffs' urgings to disregard Defendants' pro se status, this Court does not impose the same expectations of substantive and procedural knowledge on Defendants as it does on attorneys. Such ignorance or mistake does not equate to bad faith.

The Court also does not find that Plaintiffs' characterization of Defendants' counterclaims justifies relief. Although Plaintiffs call Defendants' claims of a global partnership "fantastical," it is clear that for many years the parties had a working relationship and engaged in joint ventures. While this Court ultimately found Defendants could not show the existence of a "global partnership," it cannot conclude that Defendants allegations were entirely "imaginary" or asserted with an intent to harass. Further, the fact that Defendants "knew" when they filed their counterclaims that Plaintiffs would have to defend against them—and incur costs in doing so—does not imply that Defendants knew those claims were meritless or imply that Defendants only asserted those claims with the purpose to vex Plaintiffs. Plaintiffs have not pointed to any concrete evidence

that Defendants advanced meritless claims in bad faith or acted with such malicious purpose.

Finally, the history of litigation between the parties in state court does not necessarily entitle Plaintiffs to attorneys' fees in this case. Defendants' actions in state court have already been addressed and punished. See RFJN, Exhs. A & B. Although this prior activity might, when viewed with additional evidence, support a bad faith finding, the Court does not view Defendants' conduct in this matter as so egregious to support such a conclusion here. Zealous advocacy on one's own behalf does not constitute bad faith. The Court finds there is not a sufficient basis to enter the finding of bad faith necessary to support an award of fees in this case.

D. Request for Leave to File Surreply

Defendants' Request for Leave to File a Surreply, ECF No. 379, is denied as moot. The new matters raised in Plaintiffs' Reply were not dispositive of this motion and no response from Defendants was necessary.

III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' Motion for Attorneys' Fees.

IT IS SO ORDERED.

Dated: August 9, 2018

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE