UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al., | No. 2:14-cv-02722-JAM-CKD |
| Plaintiffs, | |
| v. | **ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEY FEES** |
| MICHAEL J. DEMARTINI, et al., | |
| Defendants. | |

On May 10, 2019, Plaintiffs Margie and Timothy Martini filed a motion for attorney fees. ECF No. 414. In a procedurally-improper series of filings, pro se Defendants Michael and Renate Martini, filed an "ex parte application/preliminary opposition" to Plaintiffs' motion and a "counter-motion for separation; for extension of time." See Prelim. Opp'n, ECF No. 420; Counter-mot. for Separation, ECF No. 421.

Essentially, Defendants' filings urged the Court to extend the briefing schedule and allow separate briefing on Defendants' procedural and substantive challenges to Plaintiffs' motion. See generally Prelim. Mot. (raising procedural challenges to the propriety of Plaintiffs' motion); Counter-mot. for Separation at

1

3-5. The Court denied this request by minute order, ECF No. 423, and the parties proceeded with the original briefing schedule. See Opp'n to Plfs.' Mot. ("Opp'n"), ECF No. 425; Reply ISO Plfs.' Mot. ("Reply"), ECF No. 427.[1] For the reasons discussed below, the Court DENIES Plaintiffs' motion for attorney fees as untimely.

## I. BACKGROUND

The parties are familiar with the years of litigation leading up to Plaintiffs' requested apportionment of attorney fees. For purposes of this motion, the relevant starting point is the Court's June 1, 2017 Order adopting in full Magistrate Judge Delaney's recommendation to (1) allow a second amended complaint, and (2) sever and remand Plaintiffs' Accounting and Dissolution of Partnership claim to state court. ECF No. 224; see also Findings and Recommendations at 4, ECF No. 214. The Court's order narrowed the scope of Plaintiffs' suit to two claims: a breach of contract claim and a partition claim. See Pretrial Conference Order at 2, ECF No. 284.

In April 2018, the Court held a jury trial on Plaintiffs' breach of contract claim. The jury returned a verdict in favor of Plaintiffs. ECF No. 335. The Court entered a judgment, ECF No. 347, and Defendants appealed, ECF No. 350. A month later, the Court issued findings of fact and conclusions of law on the partition claim, ordering the property at issue to be partitioned

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 16, 2019.

in kind according to Plaintiffs' and Defendants' fifty percent interest. Findings of Fact and Conclusions of Law at 15, ECF No. 361. The parties were unable to agree on how to partition the land, so the Court appointed a referee to carry out its judgment. See Minutes for September 19, 2018 hearing, ECF No. 388.

## II. OPINION

Plaintiffs' motion for attorney fees, filed nearly a year after the Court's resolution of the partition claim, is untimely. Under the local rules, "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute shall be filed not later than twenty-eight (28) days after entry of final judgment." E.D. Cal. L. R. 293(a). Courts interpret "final judgment" in Local Rule 293(a) to have the same meaning as "final decision" in 28 U.S.C. § 1291. See, e.g., Jones v. Bradshaw Bar Group, Inc., 735 Fed.Appx. 233, 234 (9th Cir. 2017). Accordingly, a "final judgment" is a decision that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Caitlin v. United States, 324 U.S. 229, 233 (1945). It is "typically" a decision "by which a district court disassociates itself from a case." Mohawk Industries, Inc. v. Carpenter, 558 U.S. 100, 106 (2009). But the fact that the district court retains jurisdiction over a case does mean it has not issued a final judgment. See Ray Haluch Gravel Co. v. Central Pension Fund of Int'l Union of Operating Engineers & Participating Employers, 571 U.S. 177, 183-84 (2014).
///

3

Plaintiffs do not dispute that Local Rule 293 sets out the relevant timeline for requesting attorney fees. Rather, they propose the Court's May 30, 2018 Order did not amount to a final judgment. Reply at 6. In response to Defendants' claims of untimeliness, Plaintiffs argue:

> How can Defendants protest the fees incurred in this action at the same time as claiming that this Court has somehow disassociated itself from the case by issuing a final judgment for partition? Not only does the Court receive status reports from the Referee, the Court has been unequivocal in its expression [of] how partition will proceed, and that the case remains open.

Id. Nothing in Plaintiffs' argument identifies a claim that has yet to be resolved. The issue of costs is "collateral" to the merits of the suit and may therefore be resolved after a court enters its final judgment. See Ray Haluch Gravel Co., 571 U.S. at 185, 189-90. Moreover, the court-appointed referee is doing nothing more than "execut[ing] the judgment." Caitlin, 324 U.S. at 233.

After the Court remanded Plaintiffs' accounting claim, two claims remained. A jury resolved the breach of contract claim on April 18, 2018. Following the Court's resolution of the partition claim on May 30, 2018, there was nothing left for the Court to adjudicate. Consequently, the Court's May 30 order amounted to a final judgment. Plaintiffs' motion for attorney fees was due 28 days later. Instead, Plaintiffs waited eleven months after this deadline to file their motion. The motion is therefore DENIED as untimely. Johnson v. Wells Fargo Bank N.A., No. 2:10-cv-2839-GEB-CKD, 2013 WL 4854790, at *1 (E.D. Cal. Sept. 11, 2013) ("Failure to comply with the local rule

governing the filing of motions for attorney's fees is a reason for denial of the motion.").

### III. ORDER

For the reasons set forth above, the Court DENIES Plaintiffs' motion for attorney fees.

IT IS SO ORDERED.

Dated: July 16, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE