1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   TIMOTHY P. DEMARTINI, et al.,              No. 2:14-cv-02722-DJC-CKD

11              Plaintiffs,

          v.

12                                              ORDER

     MICHAEL J. DEMARTINI, et al.,

13

              Defendants.

14

15

16        Pending before the Court is Defendants' Motion to Set Aside Interlocutory

17   Judgment on Partition ("Motion to Set Aside" or "Motion").  (ECF No. 458.)  For the

18   reasons set forth below, the Motion to Set Aside is DENIED.

19        The Court will schedule a hearing on the Status Report (ECF No. 441) and

20   Appraisal Report and Analysis (ECF No. 442) (collectively, "Partition Report") prepared

21   by Referee Charles R. Farrar, Jr. in October 2019.  Referee Farrar and the Parties will

22   be granted an opportunity to submit supplemental briefing on the Partition Report.

23        In addition, the Ninth Circuit has reversed summary judgment as to Defendants'

24   breach of partnership and defamation counterclaims and ordered retrial of Plaintiffs'

25   breach of contract claim.  (ECF No. 455.)  Accordingly, the Court will order the Parties

26   to contact the Court with proposed trial dates so that a scheduling order may be

27   issued forthwith.

28   ////

1

**BACKGROUND**

1

2    This action arises from a property and partnership dispute between Plaintiffs

3 Timothy DeMartini and Margie DeMartini and Defendants Michael DeMartini and

4 Renate DeMartini.  Plaintiffs filed this action on September 15, 2014, in the Superior

5 Court of California, and the action was removed to the United States District Court for

6 the District of Nevada on September 16, 2014.  (ECF No. 1.)  The action was

7 transferred to the United States District Court for the Eastern District of California on

8 November 20, 2014.  (ECF No. 27.)

9    Plaintiffs' First Amended Complaint alleged three causes of action for

10 (1) partition of real property located at 12757, 12759, and 12761 Loma Rica Drive,

11 Grass Valley, California (the "Property"), which is co-owned by the Parties; (2) breach

12 of contract concerning payment on a promissory note jointly executed by the Parties;

13 and (3) dissolution of a partnership formed by the Parties to improve upon and

14 manage real property owned by the partnership at 12731 Loma Rica Drive, Grass

15 Valley, California.  (ECF No. 75.)

16    In their operative Second Amended Answer, Defendants asserted three

17 counterclaims against Plaintiffs for (1) declaratory relief that the Parties were in a

18 global partnership to own and manage "various joint properties and businesses";

19 (2) breach of the Parties' partnership agreement; and (3) defamation and defamation

20 per se.  (ECF No. 104.)

21    Plaintiffs' third cause of action for dissolution of partnership as to the 12731

22 Loma Rica Drive property was subsequently remanded to state court.  (ECF Nos. 214,

23 224.)  The Court also granted summary judgment in Plaintiffs' favor on Defendants'

24 counterclaims.  (ECF Nos. 232, 267.)  Accordingly, the case proceeded to trial on

25 Plaintiffs' partition and breach of contract claims only.

26 **I.    Jury Trial on Breach of Contract Claim**

27    The Court held a jury trial on Plaintiffs' breach of contract claim on April 16 and

28 17, 2018.  The jury returned a verdict in favor of Plaintiffs.  (ECF No. 335.)  The Court

2

1    entered a final Partial Judgment Order for Plaintiffs on their breach of contract claim,

2    awarding them $68,606.25 plus prejudgment interest, and affirming judgment in

3    Plaintiffs' favor on Defendants' counterclaims.  (ECF Nos. 345, 347.)

4         Defendants appealed this Partial Judgment Order.  (ECF No. 348.)  The Ninth

5    Circuit upheld summary judgment on Defendants' first counterclaim, finding that

6    although there was evidence of an oral partnership agreement formed by the Parties

7    in the 1970s to manage the Property, there was no evidence of a global partnership

8    extending beyond the Property.  (ECF No. 455 at 2-5.)  However, the Ninth Circuit

9    reversed summary judgment on Defendants' breach of partnership counterclaim,

10   finding dismissal of this claim was premised on an alleged breach of the global

11   partnership, while Defendants' claim was actually premised on a breach of the oral

12   partnership agreement formed in the 1970s.  (*Id*. at 3-5.)  The Ninth Circuit also

13   reversed summary judgment on Defendants' defamation counterclaim, finding the

14   Court erred in granting summary judgment on Defendants' defamation per se claim.

15   (*Id*. at 5-6.)  Finally, the Ninth Circuit vacated the Court's judgment on Plaintiffs' breach

16   of contract claim and remanded for a new trial, reasoning that the Court had

17   improperly excluded partnership and mitigation evidence during the trial which likely

18   tainted the jury's verdict.  (*Id*. at 6-8.)

19   **II.     Bench Trial on Partition Claim**

20        The Court held a bench trial on Plaintiff's partition claim on April 17 and 18,

21   2018.  The Court issued an Interlocutory Judgment of Partition on May 30, 2018,

22   ordering the Property be partitioned in kind.  (ECF No. 361.)  The Court appointed

23   Referee Farrar to supervise the partition on September 18, 2018.  (ECF Nos. 381, 388.)

24   Referee Farrar submitted the Partition Report on October 17, 2019, recommending

25   that the Property be partitioned by sale instead of partitioned in kind.  (ECF Nos. 441,

26   442.)

27        Plaintiffs filed a Motion for Allocation of Partition Costs (ECF No. 414) which the

28   Court denied in finding that the Interlocutory Judgment of Partition was a final order,

1   and that Plaintiffs' motion for costs came too late after entry of a final order.  (ECF No.

2   428.)  The Court denied reconsideration of this denial.  (ECF No. 437.)

3        Defendants appealed the Interlocutory Judgment of Partition.  (ECF No. 409.)

4   The Ninth Circuit dismissed the appeal, finding the notice of appeal was untimely.

5   (ECF No. 472.)

6        Plaintiffs appealed the Court's denial of Plaintiffs' Motion for Allocation of

7   Partition Costs and the Court's determination that the Interlocutory Judgment of

8   Partition was a final order.  (ECF No. 438.)   The Ninth Circuit dismissed the appeal for

9   lack of jurisdiction, finding the Interlocutory Judgment of Partition was not a final

10  judgment because it granted partition, but did not decide exactly which Parties would

11  be entitled to which portion of the Property; thus, the Ninth Circuit reasoned the

12  Interlocutory Judgment, as well as the order denying the Motion for Allocation of

13  Partition Costs, were not final judgments meriting review.  (ECF No. 473.)

14       The Court's hearing on the Partition Report was stayed on February 7, 2020,

15  pending resolution of the appeals.  (ECF No. 453.)  During this stay, Defendants

16  brought the Motion to Set Aside under Federal Rule of Civil Procedure 60(b)(5) on

17  December 3, 2021, arguing the Court should hold a new trial on partition.  (ECF No.

18  458.)  This Motion is currently pending.

19  **III.    The Parties' Status Reports**

20       This matter was transferred to the undersigned on April 4, 2023.  (ECF No. 467.)

21  Following the Ninth Circuit rulings, the Court ordered the Parties to file a joint status

22  report.  (ECF No. 477.)  Instead, the Parties each filed their own status reports,

23  requesting, in short, (1) a ruling on the Motion to Set Aside, (2) a hearing on the

24  Partition Report, and (3) that the Court schedule the retrial ordered by the Ninth

25  Circuit.  (ECF Nos. 476, 478.)

26  ////

27  ////

28  ////

**DISCUSSION**

**I.    Motion to Set Aside**

Defendants brought the pending Motion to Set Aside (ECF No. 458) under Federal Rule of Civil Procedure 60(b)(5), arguing the Court should hold a new trial on partition because "Defendants were barred from proffering any claim or defense of partnership in the partition trial." (ECF No. 458 at 3.)  Defendants argue that the Ninth Circuit's reversal of summary judgment on their breach of partnership counterclaim weighs in favor of a new trial because the Ninth Circuit found that there was evidence of a partnership between the Parties as to the Property, and that if the Property was owned by a partnership, then partition would need to proceed under California Code of Civil Procedure § 872.730, which governs partition of partnership property and is discretionary, as opposed to section 872.710, which governs all other partitions of real property and permits partition as of right unless barred by a valid waiver. (*Id.* at 8–12.)

Under Rule 60(b)(5), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . . the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."

Procedurally, Defendants' Motion is improper.  By its terms, Rule 60(b)(5) permits the Court to grant relief from a final judgment.  However, the Ninth Circuit has ruled the Interlocutory Judgment on Partition is not final. (ECF No. 473.)  Accordingly, Rule 60(b)(5) is not the proper vehicle to solicit the Court's reconsideration of the partition order.

Even construing the Motion as a motion for reconsideration of an interlocutory order, the Court finds that Defendants' requested relief, retrial of Plaintiffs' partition claim, is not warranted.  Federal Rule of Civil Procedure 54(b) authorizes a district court to revise an interlocutory order. *See City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001).  Although Rule 54(b) does not describe

1    the standard for reconsideration, some district courts in the Ninth Circuit have

2    imported standards of review from Rule 60(b).  *See AmeriColor Corp. v. Kosto Food*

3    *Prods. Co.*, No. SACV 16-00029-CJC-KESx, 2016 WL 10576634, at *2 (C.D. Cal. June

4    30, 2016).

5          "Reconsideration is ordinarily appropriate only when controlling law has

6    changed, if new evidence has become available, or when necessary to correct a clear

7    error or prevent manifest injustice."  *Sants v. Seipert*, No. 2:15-00355-KJM-CKD, 2021

8    WL 465292, at *6 (E.D. Cal. Feb. 9, 2021) (applying local rule and Rule 60(b) standard).

9    Absent a showing of manifest injustice, the court will not disturb its prior ruling.

10   *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2:16-cv-00148-KJM-JDP,

11   2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020).  This Court's local rules also govern

12   reconsideration.  They require the moving party to provide "what new or different

13   facts or circumstances are claimed to exist which did not exist or were not shown" or

14   "what other grounds exist for the motion" and "why the facts or circumstances were

15   not shown at the time of the prior motion."  L.R. 230(j).

16         The Court has reviewed the trial transcript and finds that although Defendants

17   were barred from presenting evidence concerning a global partnership between the

18   Parties, Defendants were allowed ample opportunity to argue and present evidence

19   that the Property was owned and operated by a sub-partnership throughout the trial.

20   (*See* ECF No. 343 at 245:9–249:24; *id.* at 254:7–259:25; ECF No. 344 at 396:25–397:5;

21   *id.* at 400:7–401:13; *id.* at 402:18–410:25; *id.* at 415:20–416:18; *id.* at 422:16–427:24;

22   *id.* 427:24–440:13; *id.* at 496:19–497:14.)

23         Of note, at trial, Judge Mendez reviewed the recorded deeds for the Property,

24   each of which referred to the Parties as joint tenants and made no mention of any

25   partnership.  (*See* ECF No. 344 at 382:5–391:4; ECF No. 361 at 2–3.)  Judge Mendez

26   then considered arguments and evidence that a quitclaim deed giving a quarter

27   ownership interest in the Property to a partnership, DeMartini & Sons, was recorded in

28   2014.  (ECF No. 343 at 245:19–24; ECF No. 344 at 428:9–430:11.)  Further, Judge

1    Mendez considered arguments that funds from the 12731 Loma Rica Drive property,

2    which the Parties held as a partnership, were used to purchase the Property.  (ECF No.

3    344 at 422:18–427:24.)  However, Judge Mendez was not persuaded by this argument

4    because it implicated ownership by a global partnership between the Parties (i.e., a

5    partnership to own and manage several properties), a claim which had been properly

6    disposed of at summary judgment.  (*Id.*)  Judge Mendez also found that claims

7    concerning the 12731 Loma Rica Drive property had been remanded to state court

8    and could not be considered at the partition trial.  (*Id.*)  Finally, Judge Mendez

9    considered Defendants' arguments that the Parties operated the Property based on

10   an oral partnership agreement.  (*See id.* at 402:18–408:24; *id.* at 415:20–416:18; *id.* at

11   433:21–436:10.)

12          Thus, Judge Mendez considered evidence and arguments concerning (1) the

13   name or names on the title of the Property, (2) the source of the funds used to

14   purchase the Property, and (3) the Parties' treatment of the Property as partnership

15   property.  After considering the evidence, Judge Mendez found that there was

16   insufficient evidence a partnership owned the Property such that California Code of

17   Civil Procedure section 872.730 did not apply, and that Plaintiffs were entitled to

18   partition under section 872.710.  (ECF No. 361.)

19          Specifically, Judge Mendez held that "there is no global partnership between

20   the parties," and the "evidence does not show that the property is owned by a

21   partnership."  (*Id.* at 9.)  Judge Mendez concluded:

22              The only evidence indicating that a partnership may have
                had an interest in the property at some point is the quitclaim
23              deed dated May 6, 2015, which refers to a prior quitclaim
                deed executed on August 14, 2014.  The August 14th deed
24              purported to transfer Michael J. DeMartini's interest in the
                property to "DeMartini & Sons," a partnership.  However, the
25              referenced deed was not entered into evidence, nor was its
                validity, which is suspect, otherwise established.  The Court
26              therefore finds there to be no valid partnership interest in the
                property.
27

28

1    (*Id.*)  As there was also no evidence of waiver under section 872.710, Judge Mendez

2    found Plaintiffs were entitled to partition as of right.  (*Id.* at 9–11.)

3         Reconsideration of this conclusion is not warranted by the Ninth Circuit's

4    decisions.  First, the Ninth Circuit upheld summary judgment in Plaintiffs' favor as to

5    Defendants' global partnership claim, finding there was no evidence of a partnership

6    extending beyond the Property.  (ECF No. 455.)  Accordingly, Judge Mendez was not

7    required to consider evidence of a global partnership at trial.  Second, the Ninth

8    Circuit found there was evidence of a partnership formed to operate the Property.

9    (*Id.* at 3–4 ("Michael and Renate nonetheless produced evidence that the business

10   managing and leasing commercial real estate at the 12759 parcel was a partnership

11   between the two couples.").)  Judge Mendez did not act contrary to this conclusion at

12   trial.  Rather, Judge Mendez considered arguments that the Property was operated by

13   a partnership, but found that insufficient to establish the Property was *owned* by a

14   partnership, the relevant question under section 872.730.  (*See, e.g.*, ECF No. 344 at

15   404:22–405:16; *id.* at 408:12–17.)  This finding is consistent with California

16   Corporations Code section 16204(d), which states that property acquired by one or

17   more partners is presumed to be separate property even if used for partnership

18   purposes unless there is "an indication in the instrument transferring title to the

19   property of the person's capacity as a partner or of the existence of a partnership . . . ."

20   No such indication of partnership was present in the deeds put forth at trial.  Thus, the

21   Ninth Circuit's ruling changes nothing regarding ownership under section 16204.

22        Nothing in the partition trial or Judge Mendez's ruling is inconsistent with the

23   Ninth Circuit's decisions in this case, and Defendants have provided no other basis for

24   reconsideration of Judge Mendez's Interlocutory Judgment.  Accordingly,

25   Defendants' Motion to Set Aside is DENIED.

26   **II.    Partition Hearing**

27        As noted above, this matter was stayed on February 7, 2020, pending

28   resolution of the Ninth Circuit appeals.  (ECF No. 453.)  The appeals have now been

1    resolved, and the Ninth Circuit has held that the Interlocutory Judgment on Partition,

2    which ordered partition in kind, was not a final order.  (ECF No. 473.)  As the Court

3    understands it, Referee Farrar recommends that, instead of partitioning the Property

4    in kind, the Court order that the Property be partitioned by sale, with the sale

5    proceeds to be split between the Parties.  (*See* ECF No. 441.)  Referee Farrar indicates

6    that, if the Court approves partition by sale, the Court should order Referee Farrar to

7    prepare further recommendations as to the best process, terms, and procedures for

8    the sale.  (*Id.*)

9          As noted above. the Interlocutory Judgment on Partition was not a final order.

10   Accordingly, the Court can reconsider the prior order to partition the Property in kind.

11   In light of the Referee's recommendation, the Court will schedule a hearing on the

12   Partition Report to determine whether partition by sale is the better remedy.

13         The Partition Report was filed in October of 2019.  (ECF Nos. 441, 442.)  The

14   Parties' responses to the Partition Report were filed in November and December of

15   2019.  (ECF Nos. 445, 446, 447, 448.)  Thus, over four years have passed since this

16   matter was fully briefed.

17         Given this substantial time lapse, the Court will order Referee Farrar to advise

18   the Court within twenty-one days of this Order whether any updates to the Partition

19   Report are necessary, and, if so, how much time he will require to submit updated

20   briefing.  Parties will also be given an opportunity to respond to Referee Farrar, if

21   necessary, and to provide any updated information to the Court.  Once the Court has

22   received Referee Farrar's response to this Order, the Court will set a briefing schedule

23   and a hearing date.

24   **III.   New Trial**

25         Finally, the Ninth Circuit has ordered that the Court retry Plaintiffs' breach of

26   contract claim and has reversed summary judgment as to Defendants' breach of

27   partnership agreement and defamation counterclaims.  (ECF No. 455.)  Accordingly,

28   the Parties shall meet and confer within fourteen days and thereafter contact Judge

1  Calabretta's courtroom deputy, Gabriel Michel, via e-mail

2  (gmichel@caed.uscourts.gov) to obtain available and mutually acceptable dates for a

3  pretrial conference and jury trial.

4      While no settlement conference is currently scheduled, the Parties are

5  reminded that if they wish to have a settlement conference, they may file a request to

6  do so at any time.  They may also elect Voluntary Dispute Resolution ("VDRP") with the

7  Court indicating that all parties to the action agree to submit the action to VDRP

8  pursuant to E.D. Cal. L.R. 271.

9                          **CONCLUSION**

10      In accordance with the above, it is hereby ordered that:

11      1.  The stay entered by this Court on February 7, 2020 (ECF No. 453) is

12          LIFTED;

13      2.  Defendants' Motion to Set Aside (ECF No. 458) is DENIED;

14      3.  Referee Farrar shall advise the Court within twenty-one (21) days whether

15          any updates to his Partition Report (ECF Nos. 441, 442) are necessary,

16          with a briefing schedule to follow; and

17      4.  The Parties shall meet and confer within fourteen (14) days and

18          thereafter contact Judge Calabretta's courtroom deputy, Gabriel Michel,

19          via e-mail (gmichel@caed.uscourts.gov) to obtain available and mutually

20          acceptable dates for a pretrial conference and jury trial.

21

22      IT IS SO ORDERED.

23  Dated:    **March 13, 2024**

24                                          Hon. Daniel J. Calabretta
                                            UNITED STATES DISTRICT JUDGE

25

26  DJC4 – demartini14cv2722.motsetaside

27

28