UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al.,<br><br>Plaintiffs,<br>v.<br><br>MICHAEL J. DEMARTINI, et al.,<br><br>Defendants. | No. 2:14-cv-02722-DJC-CKD<br><br>ORDER |

Pending before the Court is Defendants' Motion for Reconsideration. (ECF No. 489.) For the reasons set forth below, this Motion is DENIED.

## BACKGROUND

A more detailed factual summary of this case can be found in the Court's prior order denying Defendants' Motion to Set Aside Interlocutory Judgment on Partition ("Motion to Set Aside"). (*See* Order (ECF No. 483).) As is relevant here, Defendants filed the pending Motion for Reconsideration on April 2, 2024, asking the Court to reconsider its denial of the Motion to Set Aside because the Court misinterpreted the scope of the Ninth Circuit's mandate to hold a new trial on Plaintiffs' breach of contract claim and Defendants' breach of partnership and defamation counterclaims. (Mot. Reconsideration (ECF No. 489).) In the alternative, Defendants ask that the Court certify this matter for interlocutory appeal. (*Id.*) The Court ordered the matter submitted on April 30, 2024. (ECF No. 496.)

**LEGAL STANDARD**

**I.      Reconsideration of an Interlocutory Order**

A district court has inherent power to reconsider, rescind, or modify an interlocutory order for sufficient cause. *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); E.D. Cal. L.R. 230(j) (authorizing motions for reconsideration of "any motion [that] has been granted or denied in whole or in part"). Generally, reconsideration is appropriate only when controlling law has changed, new evidence has become available, or when necessary to correct a clear error or prevent manifest injustice. *Sch. Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 1990). Motions to reconsider are also "not vehicles permitting the unsuccessful party to 'rehash' arguments previously presented." *United States v. Navarro*, 972 F. Supp. 1296, 1299 (E.D. Cal. 1997), *rev'd on other grounds*, 160 F.3d 1254 (9th Cir. 1998). Ultimately, a party seeking reconsideration must show "more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (quotations omitted).

**II.     Interlocutory Appeal**

Under 28 U.S.C. § 1292(b), a party may move a district court to certify an "otherwise [un]appealable" order for interlocutory review. In order to certify an order for appeal, the court must find that "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b).

The moving party bears the burden of demonstrating these prerequisites, and that burden is a heavy one. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Accordingly, section 1292(b) is applied sparingly and only in exceptional situations in which an interlocutory appeal would help avoid protracted and expensive litigation. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).

## DISCUSSION

### I.     Reconsideration

Defendants urge the Court to reconsider its denial of their Motion to Set Aside because they believe the Court misinterpreted the Ninth Circuit's order that this Court hold a new jury trial on Plaintiffs' breach of contract claim and Defendants' breach of partnership and defamation counterclaims. (Mot. Reconsideration at 2-4.) Specifically, Defendants believe that the Ninth Circuit's order also mandates retrial of Plaintiffs' partition claim, and that the Court has denied them this retrial, resulting in "manifest injustice." (*Id.* at 5-7.)

Defendants are mistaken. The Court previously held two trials in this matter: (1) a jury trial on Plaintiffs' breach of contract claim, and (2) a bench trial on Plaintiffs' partition claim. In the jury trial, the jury returned a verdict in favor of Plaintiffs. (ECF No. 335.) The Court then entered a final Partial Judgment Order for Plaintiffs, awarding them $68,606.25 plus prejudgment interest, and affirming summary judgment in Plaintiffs' favor on Defendants' counterclaims. (ECF Nos. 345, 347.) It was this Partial Judgment Order that Defendants appealed to the Ninth Circuit, and which the Ninth Circuit overturned in finding that the Court had improperly granted summary judgment on Defendants' breach of partnership and defamation counterclaims. (Mandate (ECF No. 457).) The Ninth Circuit then ordered the Court to retry Plaintiffs' breach of contract claim because Defendants' breach of partnership

counterclaim, and therefore all partnership evidence, was excluded from that trial, likely tainting the jury's verdict. (*Id.* at 6–8.)

As explained in the Court's prior order, however, the Ninth Circuit's reasoning concerning retrial of Plaintiffs' breach of contract claim does not extend to retrial of Plaintiffs' partition claim. (Order at 5–8.) Specifically, the Court reviewed the partition trial transcript, and found that, although Judge Mendez, the judge who tried the case, barred Defendants from presenting evidence concerning a global partnership between the Parties, "Defendants were allowed ample opportunity to argue and present evidence that the Property was owned and operated by a sub-partnership throughout the trial." (*Id.* at 6 (collecting citations).) Judge Mendez ultimately concluded the evidence did not show that the Property was owned by a partnership, the relevant inquiry for partition purposes. (*Id.* at 7.) Accordingly, Judge Mendez held that Plaintiffs were entitled to partition as of right. (*Id.* at 8.)

The Court found that reconsideration of Judge Mendez's conclusion was not warranted by the Ninth Circuit's decision. (*Id.*) First, the Ninth Circuit agreed that there was insufficient evidence of a global partnership between the Parties. (Mandate at 2–3.) Thus, Judge Mendez's exclusion of evidence concerning a global partnership was correct. Second, while the Ninth Circuit found that there was evidence of a partnership formed to operate the Property, (*id.* at 3–4), Judge Mendez did not act contrary to this conclusion at trial. Rather, Judge Mendez considered Defendants arguments that the Property was operated by a partnership but found that evidence insufficient to establish the Property was owned by a partnership. (Order at 8.) Thus, the Court held that there was no need to retry Plaintiffs' partition claim. (*Id.*)

Nothing in Defendants pending Motion for Reconsideration compels a different conclusion. Defendants merely disagree with the Court's reasoning. However, as explained above, Defendants' disagreement alone is insufficient to support reconsideration. As Defendants have failed to show any basis for reconsideration of the Court's prior order, reconsideration will be denied.

## II. Interlocutory Appeal

Defendants ask that the Court certify this order for interlocutory appeal under 28 U.S. Code § 1292(b) if it denies reconsideration.

The Court finds that an interlocutory appeal is unwarranted. As stated above, certification of issues for interlocutory review is appropriate when a district judge is "of the opinion that [an] order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). Here, however, Defendants merely disagree with this Court's interpretation of the Ninth Circuit's mandate and its effect. There is no controlling question of law, and a "party's strong disagreement with a court's ruling is not sufficient for" a "substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

Further, the Ninth Circuit has held that section 1292(b) is "to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. Far from avoiding protracted litigation, allowing an appeal here would needlessly hinder "the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court seeks a resolution of this case, and interlocutory review will delay that endeavor.

Accordingly, certification for interlocutory review will be denied.

## CONCLUSION

In accordance with the above, it is hereby ordered that:

1. Defendants' Motion for Reconsideration (ECF No. 489) is DENIED.
2. The Court will hold a hearing on Referee Charles R. Farrar, Jr.'s Partition Report (ECF Nos. 441, 442) on August 22, 2024 at 1:30 P.M. in Courtroom 10 before District Judge Daniel J. Calabretta.
3. The Parties shall meet and confer within fourteen (14) days concerning the partition hearing. Within thirty (30) days of the meet and confer, the

        Parties may each file briefs limited to fifteen (15) pages addressing any issues raised during that meeting.

4. Finally, the Parties shall contact Judge Calabretta's courtroom deputy, Gabriel Michel, via e-mail (gmichel@caed.uscourts.gov) within fourteen (14) days to obtain available and mutually acceptable dates for a pretrial conference and jury trial on Plaintiffs' breach of contract claim and Defendants' breach of partnership and defamation counterclaims.

IT IS SO ORDERED.

Dated:   **June 4, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – demartini14cv2722.MotReconsideration