1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY P. DEMARTINI, et al.,              2:14-cv-02722-DJC-CKD (PS)

12              Plaintiffs,

13        v.                                     ORDER

14    MICHAEL J. DEMARTINI, et al.,

15              Defendants.

16

17        Plaintiffs and counterdefendants Timothy and Margie DeMartini ("plaintiffs") move the

18    court to modify the scheduling order for this case to allow them to bring a motion for summary

19    judgment directed to the defenses and counterclaims of defendants, Michael J. DeMartini and

20    Renate DeMartini ("defendants"). (ECF No. 498.)[1] The court finds this matter appropriate for

21    decision without oral argument under Local Rule 302(g) and vacates the hearing set to take place

22    on September 11, 2024. For the reasons set forth below, the motion is granted.

23        **I.       Background**

24        Plaintiffs filed this action in the Superior Court of California and defendants removed to

25    the United States District Court for the District of Nevada on September 16, 2014. (ECF No. 1.)

26

27    _____

[1] Because defendants proceed without counsel, this matter is before the undersigned pursuant to
Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1). In addition, the presiding district judge
28    referred this motion to the undersigned. (ECF No. 505.)

1

1   The case was transferred to the United States District Court for the Eastern District of California

2   on November 20, 2014. (ECF No. 27.)

3          Plaintiffs' First Amended Complaint alleges a partnership and property dispute between

4   the parties and three causes of action as follows: (1) partition of co-owned real property located at

5   12757, 12759, and 12761 Loma Rica Drive, Grass Valley, California; (2) breach of contract

6   concerning payment on a promissory note jointly executed by the parties; and (3) dissolution of a

7   partnership formed by the parties to improve upon and manage real property owned by the

8   partnership at 12731 Loma Rica Drive, Grass Valley, California. (ECF No. 75.) Plaintiffs' third

9   cause of action for dissolution of partnership relating to the 12731 Loma Rica Drive property was

10  severed and remanded to state court. (ECF Nos. 214, 224.)

11         Defendants assert three counterclaims in the operative second amended answer: (1)

12  declaratory relief that the parties have been in a partnership since 1974 to pool resources and

13  operate various businesses; (2) breach of an oral partnership contract by plaintiffs in 2014; and (3)

14  defamation by plaintiffs in 2014. (ECF No. 104.) On December 20, 2017, the court granted

15  summary judgment in plaintiffs' favor on defendants' counterclaims. (ECF Nos. 232, 267.)

16         The case proceeded to a jury trial on plaintiffs' breach of contract claim only and the jury

17  returned a verdict for plaintiffs. (ECF No. 335.) Following a bench trial on plaintiffs' partition

18  claim, the court issued an interlocutory judgment of partition on May 30, 2018, ordering the

19  property to be partitioned in kind. (ECF No. 361.)

20         On appeal, the Ninth Circuit reversed summary judgment on defendants' breach of

21  partnership contract counterclaim, finding dismissal of this claim was improperly premised on an

22  alleged breach of the global partnership instead of breach of the oral partnership agreement

23  formed in the 1970s. (ECF No. 455 at 3-5.) The Ninth Circuit also reversed summary judgment

24  on defendants' defamation counterclaim, finding the court erred in granting summary judgment

25  on defendants' defamation per se claim. (Id. at 5-6.)

26         The Ninth Circuit also vacated the judgment on the plaintiffs' breach of contract claim

27  and remanded for a new trial on the breach of contract claim, finding the court improperly

28  excluded partnership and mitigation evidence which likely tainted the jury's verdict. (ECF No.

2

455 at 6-8.) No trial date has been set for the trial and retrial of this action.

Following remand from the Ninth Circuit, this case was stayed until March 13, 2024. (ECF No. 483.) When the stay was lifted, defendants moved for reconsideration of portions of the order lifting the stay. (ECF No. 489.) On June 5, 2024, the court denied the motion for reconsideration. (ECF No. 497.)

On July 2, 2024, plaintiffs filed the present motion requesting modification of the scheduling order to allow plaintiffs to file a motion for summary judgment, or partial summary judgment, addressed to defendants' breach of partnership contract and defamation counterclaims. (ECF No. 498.) Defendants oppose the motion and plaintiffs filed a reply. (ECF Nos. 501, 503.)

## II.    Legal Standard

Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. Fed. R. Civ. P. 56.

Under Federal Rule of Civil Procedure 16(b), the court must issue a scheduling order setting deadlines for filing motions, among other events. "[G]ood cause" is required for modification of a court's pretrial scheduling order. Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). While the focus of the inquiry is upon the moving party's reasons for seeking modification, prejudice to the party opposing the modification may support denial of the motion. (Id.)

## III.    Discussion

Plaintiffs move to modify the scheduling order, and specifically the dispositive motion deadline, to allow them to file a motion for summary judgment or for partial summary judgment addressed to the breach of partnership contract and defamation counterclaims. (ECF No. 498.) Plaintiffs argue the Ninth Circuit raised "new issues" when reversing summary judgment, including as to the "oral partnership formed in the 1970s" and the surviving portion of defendants' third counterclaim, defamation per se. (Id. at 6.) Plaintiffs argue they acted with diligence because they moved to extend the dispositive motion deadline upon the first reasonable

1    opportunity to do so upon remand "after the Court of Appeals raised these new issues." (ECF No.

2    498 at 6.) Plaintiffs argue there is no prejudice to defendants since no trial or pretrial conference

3    dates have been set and because the modification of the deadline would equally allow both sides

4    to bring a dispositive motion if they so choose. (Id.)

5         Defendants oppose the motion. (ECF No. 502.) They argue (1) plaintiffs failed to meet

6    and confer and omitted relevant facts; (2) a magistrate judge lacks jurisdiction under 28 U.S.C. §

7    636(b)(1)(A) to adjudicate post-trial matters without the consent of the parties; and (3) no basis or

8    authority supports amending the scheduling order post-trial. (ECF No. 501.)

9         At the outset, plaintiffs adequately met and conferred prior to filing the motion.

10   Defendants indicated they would not agree to an amendment of the current scheduling order. (See

11   ECF No. 498 at 13.)

12        In addition, modifying the scheduling order is within a magistrate judge's authority.

13            Notwithstanding any provision of law to the contrary[,] … a judge
             may designate a magistrate judge to hear and determine any pretrial
14            matter pending before the court, except a motion for injunctive relief,
             for judgment on the pleadings, for summary judgment, to dismiss or
15            quash an indictment or information made by the defendant, to
             suppress evidence in a criminal case, to dismiss or to permit
16            maintenance of a class action, to dismiss for failure to state a claim
             upon which relief can be granted, and to involuntarily dismiss an
17            action. [….]

18   28 U.S.C.A. § 636(b)(1)(a). By local rule in this district court, magistrate judges are authorized to

19   "perform all duties permitted" by 28 U.S.C. § 636(b)(1)(A). See Local Rule 302. To determine

20   whether a motion is within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A), a court

21   looks "to the effect of the motion" to determine whether it is properly characterized as

22   "dispositive or non-dispositive of a claim or defense of a party." United States v. Rivera-

23   Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004); see also Mitchell v. Valenzuela, 791 F.3d 1166,

24   1168 (9th Cir. 2015) (holding that dispositive matters in this context includes those that are

25   analogous to the ones listed in section 636(b)(1)(A)).

26        Here, defendants do not argue the motion to modify the scheduling order is dispositive in

27   any way. Instead, defendants focus on the "post-trial" nature of this case and use of the language

28   "any pretrial matter" in 28 U.S.C.A. § 636(b)(1)(a). As set forth above, though, the key inquiry is

4

the effect of the motion. See Rivera-Guerrero, 377 F.3d at 1068; Mitchell, 791 F.3d at 1168. Moreover, the assigned district judge has referred the instant motion to the undersigned for resolution. (ECF No. 505.) Under section 636(b)(3), "a magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C.A. § 636(b)(3).

Thus, the undersigned considers defendants' reasons for seeking modification and diligence in doing so. See Johnson, 975 F.2d at 609. The court's last scheduling order provided as follows: "Discovery shall be completed by February 22, 2017" and "All pretrial motions, except motions to compel discovery, shall be completed by June 7, 2017." (ECF No. 146.) Plaintiffs met these deadlines. Plaintiffs brought the present motion seeking to file a further dispositive motion less than a month after the court resolved the motion for reconsideration of the order lifting the stay. Plaintiffs' position is that allowing a further dispositive motion will summarily dispose of defendants' counterclaims.

The court may allow successive motions for summary judgment. See Martinez v. High, 91 F.4th 1022, 1027 (9th Cir. 2024); Hoffman v. Tonnemacher, 593 F.3d 908, 911-12 (9th Cir. 2010). Good cause to do so here exists for the purpose of potentially narrowing the issues for trial and helping to expedite disposition of the action. See, e.g., Bates v. Richardson, No. 18-CV-30-CJW-MAR, 2022 WL 17685117, at *3 (N.D. Iowa Mar. 3, 2022) (allowing successive dispositive motion based, in part, on the potential to narrow issues or eliminate the need for trial).

Defendants argue granting the motion would substantially prejudice them because this case was initiated in 2014 and has already been through summary judgment and trial on one or more claims over the years. Bare allegations of prejudice are unpersuasive. Defendants do not make a colorable showing that modifying the scheduling order to allow further dispositive motions will cause substantial prejudice or harm.

Instead, all parties and the court will be better served by further dispositive motion proceedings, which may narrow the issues for trial. See, e.g., Bates, 2022 WL 17685117, at *3 (noting it would be a considerable waste of resources of the court and the parties to try issues that could potentially be resolved through successive dispositive motion practice). Good cause exists

1   to allow further dispositive motion practice, which is not foreclosed by the Ninth Circuit's

2   directions on remand and could assist in the efficient resolution of this matter.

3   **IV.    Conclusion and Order**

4   In accordance with the above, IT IS ORDERED as follows:

5   1.   Plaintiffs' motion to amend the scheduling order (ECF No. 498) is granted.

6   2.   The hearing set to take place on September 11, 2024, is vacated.

7   3.   The scheduling order is modified to allow the filing of dispositive motions noticed to

8        be heard no later than November 6, 2024, under the procedure of Local Rule 230.

9   Dated:  August 27, 2024

10                                                  CAROLYN K. DELANEY

11                                                  UNITED STATES MAGISTRATE JUDGE

12

13   8
     DeMartini14cv2722.dso.jx

6