1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TIMOTHY P. DEMARTINI, et al.,              No. 2:14-cv-02722-DJC-CKD

12                    Plaintiffs,

13           v.                                   ORDER

14    MICHAEL J. DEMARTINI, et al.,

15                    Defendants.

16

17           Before the Court is Plaintiffs Timothy DeMartini and Margie DeMartini's Motion

18    for Allocation of Statutory Partition Costs.  Plaintiffs argue they have incurred

19    attorney's fees and costs while litigating this partition action for work that benefits all

20    Parties in common.  Plaintiffs argue that, under California law, these fees and costs

21    must be apportioned among the Parties.  Defendants Michael DeMartini and Renate

22    DeMartini oppose the apportionment of any fees and costs arguing they are excessive

23    and the work performed by Plaintiffs' counsel did not serve the common benefit.

24           Having considered the Parties' briefings and arguments, the Court finds that

25    apportionment of Plaintiffs' fees and costs is appropriate as they compensate Plaintiffs'

26    counsel for work performed for the Parties' common good and are reasonable.

27    Accordingly, the Court will order the fees and costs be apportioned according to the

28    Parties' property interests in the subject property.

                                         1

1    **BACKGROUND**

2        The Parties and Court are well acquainted with the factual background of this

3    partition action as laid out in the Court's prior orders.  (*See* ECF No. 483 at 2–4; ECF

4    No. 529 at 1–6.)  On December 3, 2024, Plaintiffs filed a Motion for Allocation of

5    Statutory Partition Costs.  (Mot. (ECF No. 538).)  The Motion is fully briefed and was

6    taken under submission by the Court pursuant to Local Rule 230(g).  (ECF No. 545.)

7    **LEGAL STANDARD**

8        California Code of Civil Procedure section 874.040 governs the apportionment

9    of costs in a partition action.  It provides: "Except as otherwise provided in this article,

10   the court shall apportion the costs of partition among the parties in proportion to their

11   interests or make such other apportionment as may be equitable."  Code Civ. Proc.

12   § 874.040.  Allowable costs are set forth in Code of Civil Procedure section 874.010,

13   which include: "(a) [r]easonable attorney's fees incurred or paid by a party for the

14   common benefit;" "(b) [t]he fee and expenses of the referee;" "(c) [t]he compensation

15   provided by contract for services of a surveyor or other person employed by the

16   referee in the action;" "(d) [t]he reasonable costs of a title report procured pursuant to

17   section 872.220;" and "(e) [o]ther disbursements or expenses determined by the court

18   to have been incurred or paid for the common benefit."  *Id.* § 874.010.

19       As California courts have explained, "[t]here is no ambiguity in the language of

20   section 874.040.  It simply states that the trial court *must* apportion the costs incurred

21   in a partition action based upon either the parties' interests in the property, or

22   equitable considerations." *Lin v. Jeng*, 203 Cal. App. 4th 1008, 1025 (2012) (emphasis

23   added).  Thus, while section 874.040 gives courts discretion to apportion costs based

24   upon equitable considerations, it also mandates that apportionment occur.  *Id.*

25       "The costs of partition as apportioned by the court may be ordered paid in

26   whole or in part prior to judgment."  Code Civ. Proc. § 874.110.  Thus, courts may

27   apportion partition costs before the entry of the final judgment on partition.  "Any

28   costs that remain unpaid shall be included and specified in the judgment."  *Id.*

2

1

**DISCUSSION**

2      Plaintiffs ask the Court to apportion their attorney's fees and costs incurred from

3   March 2019 through September 2024 for the partition of the 12757, 12759, and

4   12761 Loma Rica Drive property ("Property"), which is jointly owned by Plaintiffs and

5   Defendants.  (Mot. at 13.)  Plaintiffs claim $247,263.25 in fees and $4,115.12 in law

6   firm costs.  (*Id.* at 17.)  Plaintiffs ask that the Court allocate those costs in proportion to

7   the Parties' respective ownership interest in the Property, i.e., 50% to Plaintiffs and

8   50% to Defendants, or as the Court may deem equitable.  (*Id.*)

9      As discussed below, the Court finds the claimed fees and costs are for the

10  common benefit and are largely reasonable.  *See* Code Civ Proc. § 874.010(a).  Thus,

11  the Court will apportion the fees and costs according to the Parties' interests in the

12  Property.

13  **I.      Plaintiffs' Motion is Not Barred by the Court's Prior Denial of Plaintiffs' Fee**

14          **Request**

15     As a preliminary matter, Defendants argue that Plaintiffs' request for

16  apportionment of partition costs is barred under the "law of the case" doctrine as the

17  Court previously denied Plaintiffs' request for fees following trial in April 2018.  (Opp'n

18  Mot. (ECF No. 543) at 2-4.)  The Court disagrees.  "The law of the case doctrine

19  ordinarily precludes a court from reexamining an issue previously decided by the

20  same court or a higher court in the same case."  *S. Or. Barter Fair v. Jackson Cnty.*, 372

21  F.3d 1128, 1136 (9th Cir. 2004).   Here, the prior request for fees was denied on the

22  basis that the request was untimely under Local Rule 293(a) because the request was

23  brought over a year after the Court issued a "final" Interlocutory Judgment (ECF No.

24  361) ordering the Property to be partitioned in kind.  (*See* ECF No. 428;) *see also* E.D.

25  Cal. L.R. 293(a) ("Motions for awards of attorneys' fees to prevailing parties pursuant to

26  statute shall be filed not later than twenty-eight (28) days after entry of final

27  judgment.").  However, the partition costs presented for allocation here are not

28  prevailing parties' fees; rather, they are the costs of implementing the Court's

1    Interlocutory Judgment, which inure to the benefit of all Parties.  Indeed, the costs

2    Plaintiffs seek do not overlap with the costs sought in their prior motion, as the costs

3    presented here were incurred after the last fees motion.  Further, the Ninth Circuit has

4    determined that the Interlocutory Judgment was not, in fact, a "final judgment," such

5    that Plaintiffs' prior request for fees was likely not untimely.  (ECF 473 at 3.)  Thus, the

6    Court's prior denial of fees does not affect the timeliness of this current request, as the

7    basis for that decision has been effectively overruled, and Plaintiffs seek to apportion

8    costs for the common benefit, not their own prevailing party fees.

9         Additionally, Plaintiffs seek clarification as to whether the Court's Partition

10   Order (ECF No. 529), which modified the Court's prior Interlocutory Judgment and

11   orders partition by sale under California Code of Civil Procedure section 872.820, can

12   "be considered a 'final judgment' of sale such that the time constraints imposed by

13   Local Rule 239(a) [sic] for a partition costs allocation motion apply." (Mot. at 1.)  The

14   Court does not consider the Partition Order a final judgment for purposes of Local

15   Rule 293(a), as it contemplates numerous further steps that must be taken before the

16   Property can be sold and acknowledges that sale might not be possible if

17   environmental contamination on the Property ultimately proves too severe or costly to

18   remediate.  (*See* ECF No. 529.)  Thus, the Partition Order does not "end the litigation

19   on the merits and leave nothing for the court to do but execute the judgment." *Am.*

20   *Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001)

21   (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)).

22        Accordingly, Plaintiffs' present Motion is timely and is not precluded by any

23   prior order of this Court.

24   **II.    The Costs and Fees are for the Common Benefit**

25        Plaintiffs argue the claimed fees and costs were incurred while defending

26   Plaintiffs' and Defendants' ownership interests and partition rights in the Property and

27   were thus incurred "for the common benefit." (Mot. at 13–14.)  Specifically, Plaintiffs

28   explain that the Court held a bench trial on Plaintiffs' partition claim in April 2018.  (*Id.*

4

1   at 6.)  During trial, Defendants asserted that a partnership, not the Parties, owned the

2   Property.  (*Id.* at 6.)  The Court rejected that assertion, finding there was no evidence

3   the Property was owned by a partnership, and, after trial concluded, issued an

4   Interlocutory Judgment ordering the Property be partitioned in kind according to

5   Plaintiffs' and Defendants' respective fifty percent ownership interests.  (*Id.* at 6–8.)

6   Defendants appealed that Interlocutory Judgment in March 2019, arguing the

7   judgment was inappropriate because they had been precluded from presenting

8   evidence the Property was owned by a partnership at trial.  (*Id.* at 7–8, 13–14.)  That

9   appeal was dismissed.  (*Id.* at 8.)  Defendants then moved to set aside the

10  Interlocutory Judgment, again raising the argument that a partnership, not the Parties,

11  owned the Property, and that they had been precluded from providing evidence of

12  that at trial.  (*Id.* at 8.)  The Court denied that motion on the basis that Defendants had

13  been provided ample opportunity to provide evidence and argument at trial that the

14  Property was owned by a partnership, but that the Court had not deemed that

15  evidence credible.  (*Id.* at 8–9.)  Defendants subsequently moved for reconsideration

16  of that order, which the Court denied.  (ECF Nos. 489, 497.)  Thus, Plaintiffs argue that,

17  although Plaintiffs and Defendants hold title in the Property and have a right to

18  partition of the Property according to their property interests, "Defendants have

19  sought to defeat that title interest for the entirety of this case from inception until

20  present." (Mot. at 9, 13–14.)

21      The Court finds the claimed attorney's fees and costs are for the common

22  benefit.  A review of the billing records provided by Plaintiffs' counsel demonstrates

23  that the hours charged involve work on the appeal and motions mentioned above, as

24  well as communications with the partition referee appointed by the Court in this

25  matter, Charles R. Farrar.  (*See* Billing Statements (ECF No. 538-2).)  As such, the

26  billing records demonstrate Plaintiffs' post-trial work from March 2019 through

27  September 2024 has been aimed at preserving both Plaintiffs' and Defendants'

28

1  ownership interests in the Property as well as advancing partition of the Property.  This

2  constitutes work for the common benefit.

3      Defendants protest that a good deal of Plaintiffs' post-2019 work in this matter

4  cannot be considered for the "common benefit" because Plaintiffs have consistently

5  petitioned the partition referee and this Court to partition the Property by sale rather

6  than in kind.  (Opp'n Mot. at 4.)  Defendants argue that this work has been solely to

7  promote Plaintiffs' interests, not the interests of all Parties.  (*Id.*)

8      First, this argument fails to rebut Plaintiffs' argument that at least some of the

9  fees and costs claimed were incurred defending both Plaintiffs' and Defendants'

10 interests in the Property, work which was for the common benefit.  Second, that

11 Plaintiffs advocated for partition by sale rather than in kind during the partition

12 process does not indicate their work was not for the common benefit.  As courts have

13 explained, "the 'common benefit' in a partition action is the proper distribution of the

14 'respective shares and interests in the said property by the ultimate judgment of the

15 court.'"  *Orien v. Lutz*, 16 Cal. App. 5th 957, 967 (2017) (quoting *Capuccio v. Caire*,

16 215 Cal. 518, 528 (1932)).  "This sometimes will require that controversies be litigated

17 to correctly determine those shares and interests, but this ultimately can be for the

18 common benefit as well."  *Id.* (internal citations and quotations omitted).  "That fact

19 that a party resists the partition does not change this."  *Id.*

20     "[D]efendants are nonetheless protected from plaintiffs who bring unfounded

21 claims or otherwise drive up costs unnecessarily, just as plaintiffs are protected from

22 unscrupulous defendants."  *Id.* at 968.  Courts may adjust the allocation of costs if, "for

23 example, fees are incurred for purposes that unduly exacerbate the dispute or do not

24 provide a common benefit to all parties."  *Id.*  For instance, "a court may find that fees

25 incurred advocat[ing] a position of limited merit are not for the common benefit and

26 should be borne by the party pressing such spurious matters."  *Id.* (alteration in

27 original) (quotations omitted).  However, the Court does not find that to be the case

28 here.  When the Court appointed the partition referee to oversee the partition

1    process, the Court asked the partition referee to determine, as a first step, the most

2    equitable method of partition, whether by sale or in kind. (*See* ECF No. 529 at 2–3.)

3    The referee has proceeded to do just that by consulting with the Parties and other

4    experts concerning the appropriate method of partition. (*See id.* at 3–6.) Plaintiffs

5    should not be faulted for advocating for partition by sale during this process, just as

6    Defendants cannot be faulted for advocating partition in kind, as this advocacy has

7    been essential to determining the proper method of partition here.

8         Thus, Plaintiffs' claimed fees and costs are for the common benefit.

9    **III.    The Costs and Fees are Largely Reasonable**

10        Plaintiffs also argue that the $247,263.25 in attorney's fees and $4,115.12 in law

11    firm costs are reasonable. (Mot. at 15–16.) Plaintiffs' counsel Peter Kleinbrodt and

12    Christian Kemos state that they performed a detailed review of their billing records

13    prior to filing the Motion, and removed any fees that did not relate to the partition

14    action. (*Id.* at 15.) Counsel also state they excluded fees not for the common benefit,

15    adjusted fees that were for the common benefit by a reduced hourly rate, and

16    excluded legal work that was performed but not charged for. (*Id.*) Finally, counsel

17    note that the hourly rates charged by Kleinbrodt and Kemos, $450 and $325

18    respectively, are substantially lower than what they customarily charge and lower than

19    the market rate for their services. (*Id.*) Counsel provide evidence of both their hours

20    worked and the reasonableness of their hours. (*See* Kleinbrodt Decl. (ECF No. 538-1)

21    (attesting to reasonableness of hourly rate); Billing Statements.)

22        Defendants argue the fees and costs claimed are not reasonable because many

23    of the billing entries are too vague to determine if they can be considered for the

24    common benefit. (Opp'n Mot. at 4–7.) The Court does not generally fault Plaintiffs'

25    counsel for the lack of detail in those entries, as the Court recognizes a certain level of

26    abstraction is required to preserve attorney-client privilege.  The Court also credits

27    counsel's representation that they reviewed the billing entries in detail to exclude fees

28    not for the common benefit. However, the Court will impose a small 10% reduction to

1  counsel's claimed fees to account for any vague entries that may not correspond to

2  fees for the common benefit and that were missed in counsel's review.  *See Orien*, 16

3  Cal. App. 5th at 968 (courts may adjust allocation of fees to the extent they do not

4  provide a common benefit to all parties or are not reasonable including by "setting

5  the fee amounts and determining the appropriate allocation"); *see also Gonzalez v.*

6  *City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (A district court can impose a

7  small reduction no greater than 10% based on its exercise of discretion and without a

8  more specific explanation).

9          Defendants also argue Plaintiffs claim fees and costs for work that was not for

10  the common benefit, such as work on the appeal, work advancing Plaintiffs' position

11  with respect to the partition, and internal communications.  (Opp'n Mot. at 6–8.)  As

12  discussed above in Section II *supra*, the Court does not find these arguments

13  compelling.  Plaintiffs have adequately demonstrated their work benefits the Parties'

14  common good.

15          Thus, the Court will apportion $222,536.93 (i.e., $247,263.25 x .9) in attorney's

16  fees and $4,115.12 in law firm costs among the Parties.

17  **IV.    Pending Appeal**

18          Finally, Defendants argue that they have appealed this Court's Partition Order,

19  and that this "appeal raises significant issues, including the trial court's alleged failure

20  to follow the Ninth Circuit's mandate regarding Defendants' right to a jury trial on the

21  partnership evidence," resolution of which "will directly impact the final outcome of

22  the partition action, including the propriety of any fee award."  (Opp'n Mot. at 8.)

23  Defendants argue that the Court should stay any ruling on Plaintiffs' Motion pending

24  this appeal under Federal Rule of Civil Procedure 54.  (*Id.*)

25          The Court disagrees.  First, Rule 54(d) governs the timing for a prevailing party

26  to seek attorney's fees after final judgment in a case.  Plaintiffs here seek

27  apportionment of partition costs, not prevailing party attorney's fees.  In addition, as

28  discussed in Section I *supra*, the Court's Partition Order was not a final judgment.

Second, even assuming Rule 54 applied, Defendants have not made the required showing for a stay. "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Note (1993). Courts consider four factors to determine whether to stay awarding attorney's fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Defendants have failed to address any of these factors.

Accordingly, the Court will not stay its ruling on Plaintiffs' Motion.

## CONCLUSION

In accordance with the above, it is hereby ORDERED that Plaintiffs' Motion for Allocation of Statutory Partition Costs (ECF No. 538) is GRANTED. The Court orders that the $222,536.93 in attorney's fees and $4,115.12 in law firm costs incurred by Plaintiffs shall be apportioned among the Parties according to their ownership interests in the Property, i.e., 50% to Plaintiffs and 50% to Defendants.

IT IS SO ORDERED.

Dated:   **April 1, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – DeMartini14cv2722.MotAllocationPartitionCosts