UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY P. DEMARTINI, et al.,

Plaintiffs,

v.

MICHAEL J. DEMARTINI, et al.,

Defendants.

No. 2:14-cv-02722-DJC-CKD

ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiffs' partition claim, wherein Defendants argue that claim is barred as a matter of law because it was required to be brought in the Parties prior state court action. Plaintiffs, in turn, argue the Court should deny dismissal and also impose sanctions on Defendants as they have moved for dismissal of the partition claim on that same basis numerous times before, and their motion has been denied each time.

Before the Court is also Plaintiffs' Motion for Reconsideration of the Court's prior denial of Plaintiffs' Motion for Attorneys' Fees in 2019. Therein, Plaintiffs argue that the controlling law has changed and new evidence has come to light necessitating reconsideration of the denial.

Finally, Defendants have moved to quash or stay enforcement of the Writ of Execution issued in this matter on May 14, 2025, for $113,838.94, arguing the

1  doctrine of equitable setoff extinguishes Plaintiffs' claim against them as Plaintiffs

2  owes them the significantly larger sum of $134,673.60, and Defendants have

3  appealed the Court's judgment forming the basis for the Writ of Execution, weighing

4  in favor of a stay.

5      Having considered the Parties' briefings and arguments, the Court will deny

6  Defendants' Motion to Dismiss and Plaintiffs' Motions for Sanctions.  However, the

7  Court will grant Plaintiffs' Motion for Reconsideration.  The Court will also grant

8  Defendants' Ex Parte Emergency Motion and stay enforcement of the Writ of

9  Execution until Defendants' appeal has been resolved.

10                                   **BACKGROUND**

11      The Parties and Court are well acquainted with the factual background of this

12  matter as laid out in the Court's prior orders.  (*See* ECF No. 483 at 2–4; ECF No. 529 at

13  1–6.)  As is relevant here, Plaintiffs Timothy DeMartini and Margie DeMartini brought

14  this partition action on September 15, 2014, seeking partition of real property located

15  at 12757, 12759, and 12761 Loma Rica Drive, Grass Valley, California (the "Property")

16  and asserting related claims.  (ECF Nos. 1, 225.)  The Court held a bench trial on

17  Plaintiffs' partition claim in April 2018, and issued an Interlocutory Judgment of

18  Partition on May 30, 2018, ordering the Property be partitioned in kind.  (ECF No.

19  361.)

20      On May 10, 2019, Plaintiffs filed a Motion for Attorneys' Fees, seeking allocation

21  of statutory partition costs incurred from the inception of the case through February

22  2019.  (ECF No. 414.)  The Court denied the motion in finding that the Interlocutory

23  Judgment of Partition was a final order, and that Plaintiffs' motion came too late after

24  entry of final judgment under Local Rule 293(a).  (ECF No. 428.)  Plaintiffs appealed

25  the denial of their Motion for Attorneys' Fees as well as the Court's determination that

26  the Interlocutory Judgment of Partition was a final order.  (ECF No. 438.)  The Ninth

27  Circuit dismissed the appeal for lack of jurisdiction, finding that the Interlocutory

28  Judgment of Partition was not a final judgment.  (ECF No. 473.)

1         The Court also held a jury trial on Plaintiffs' related breach of contract claim in

2    April 2018.  The jury rendered a verdict for Plaintiffs, and the Court entered judgment

3    on May 4, 2018, with costs taxed September 18, 2018.  (ECF Nos. 335, 347, 387.)

4    Defendants paid Plaintiffs $134,673.60 in satisfaction of that judgment on or around

5    March 22, 2019, and Plaintiffs filed a Satisfaction of Judgment on April 4, 2019.  (ECF

6    413.)  Defendants Michael DeMartini and Renate DeMartini appealed, and the Ninth

7    Circuit vacated the Court's judgment on Plaintiffs' breach of contract claim, reasoning

8    that the Court had improperly granted summary judgment on Defendants'

9    counterclaims for breach of partnership and defamation and excluded partnership

10   and mitigation evidence during the trial which likely tainted the jury's verdict.  (ECF

11   No. 455.)  The Ninth Circuit remanded for a new trial of Plaintiffs' breach of contract

12   claim and Defendants' counterclaims.  (*Id.*)

13        On December 3, 2021, Defendants moved to set aside the Court's Interlocutory

14   Judgment on Partition, arguing that the Ninth Circuit's mandate that the Court retry

15   Plaintiffs' breach of contract and Defendants' counterclaims extended to Plaintiffs'

16   partition claim as well.  (ECF No. 458.)  On March 13, 2024, the Court denied

17   Defendants' Motion to Set Aside, and subsequently denied reconsideration of that

18   denial on June 5, 2024, holding that nothing in the Ninth Circuit's decision required

19   retrial of the partition claim as the reasoning in the Ninth Circuit's order was limited to

20   the breach of contract and counterclaims.  (ECF Nos. 483, 497.)

21        On October 2, 2024, Defendants filed a Motion to Dismiss Plaintiffs' Claim for

22   Partition of Real Property.  (ECF No. 515.)  Plaintiffs, in response, opposed dismissal,

23   and also filed two Motions for Sanctions, arguing Defendants' Motion to Dismiss was

24   brought in bad faith.  (ECF No. 518; ECF No. 530.)  These Motions were taken under

25   submission by the Court pursuant to Local Rule 230(g).  (ECF No. 536.)

26        On December 3, 2024, Plaintiffs filed a Motion for Allocation of Statutory

27   Partition Costs, seeking allocation of attorneys' fees and law firm costs incurred by

28   Plaintiffs from March 2019 through September 2024.  (ECF No. 538.)  On April 2,

1    2025, the Court granted Plaintiffs' Motion, allocating $225,652.05 in partition fees and

2    costs among the Parties according to their respective 50% interests in the Property.

3    (ECF No. 548.)  Defendants appealed that Order on April 30, 2025.  (ECF No. 553.)

4    On May 13, 2025, Plaintiffs filed an Application for Writ of Execution in the amount of

5    $113,838.94, seeking Defendants half of the partition costs plus interest.  (ECF No.

6    558.)  On May 14, 2025, the Clerk of Court issued the Writ of Execution.  (ECF No.

7    559.)  The next day, Defendants filed an Ex Parte Emergency Motion to Quash Writ of

8    Execution, for Stay of Enforcement, and for Relief from Judgment, seeking to quash or

9    stay enforcement of the Writ, arguing they had effectively already paid Plaintiffs the

10    $113,838.94 due and that their pending appeal warranted a stay.  (ECF No. 560.)

11         On April 18, 2025, Plaintiffs also filed a Motion for Reconsideration of the

12    Court's prior denial of their May 10, 2019, Motion for Attorneys' Fees, arguing that

13    Ninth Circuit's determination that the Interlocutory Judgment of Partition was not a

14    final order rendered the Court's denial on that basis improper.  (ECF No. 552.)  The

15    Court held a hearing on June 12, 2025, with Christian Kemos appearing for Plaintiffs,

16    and Defendants representing themselves, during which the Court heard argument on

17    Plaintiffs' Motion for Reconsideration.  The Motion was taken under submission.

18                                    **DISCUSSION**

19    **I.    Defendants' Motion to Dismiss and Plaintiffs' Motions for Sanctions Will be**

20           **Denied**

21         Defendants move to dismiss Plaintiffs' partition claim, arguing Plaintiffs were

22    required to assert this claim as a counterclaim in a previously filed state court action

23    involving the same Parties, but failed to do so, barring the Plaintiffs from asserting that

24    claim here.  (ECF No. 515.)  Plaintiffs argue dismissal is improper because Defendants

25    have previously sought for dismissal of their partition claim on this same ground three

26    times and have been denied each time.  (ECF No. 521.)  Thus, Plaintiffs argue this is an

27    improper attempt to relitigate the same argument without proper grounds for

28    reconsideration, as the motion presents no newly discovered evidence, no showing

                                        4

1    that the Court committed clear error, nor any intervening change in the controlling

2    law. (*Id.*)  Plaintiffs also argue the Court should impose sanctions on Defendants for

3    bringing this frivolous motion, including requiring that Defendants pay all costs and

4    fees associated with defending against the motion, and imposing a prefiling order

5    restraining Defendants from filing motions without demonstrating their merit and

6    legal basis.  (ECF Nos. 518, 530.)

7    　　　　The Court will not dismiss Plaintiffs' partition claim.  As Plaintiffs point out, this

8    Court has thoroughly considered, and rejected, Defendants' argument that Plaintiffs

9    were required to raise their partition claim as a counterclaim in the prior state court

10   action.  (*See* ECF Nos. 343 at 239:13-240:2, 242:18-21, 408.)  Defendants have

11   demonstrated no valid basis to reconsider that conclusion here.  Instead, Defendants

12   suggest that this Motion "was correctly filed pursuant to the Ninth Circuit's order to

13   remand for a new trial and the Court's order permitting the filing of dispositive

14   motions." (ECF No. 527 at 2.)  As this Court has explained numerous times, the Ninth

15   Circuit's mandate that this Court retry Plaintiffs' breach of contract claim and

16   Defendants' counterclaims does not extend to Plaintiffs' partition claim.  (ECF Nos.

17   483, 497.)  Defendants repeated attempts at a do-over of the partition trial despite this

18   Court's clear orders to the contrary are not well-taken.  In light of Defendants' pro se

19   status, and the complex history and posture of this case, the Court will not impose

20   sanctions at this time.  That said, Defendants are advised to refamiliarize themselves

21   with Federal Rule of Civil Procure 11's requirements and to abide by those

22   requirements moving forward.

23   　　　　In sum, Defendants' Motion to Dismiss and Plaintiffs' Motions for Sanctions will

24   be denied.

25   **II.    Plaintiffs' Motion for Reconsideration Will be Granted**

26   　　　　Plaintiffs argue that their May 10, 2019, Motion for Attorneys' Fees, which

27   sought allocation of their statutory partition costs incurred from inception of the

28   matter through February 2019, was improperly denied on the basis that it was

1    brought too late after entry of the Court's Interlocutory Judgment of Partition, i.e.,

2    "final judgment" on partition.  (ECF No. 552.)  Plaintiffs argue that the Ninth Circuit has

3    since clarified that the Interlocutory Judgment of Partition was not a final order, and

4    that reconsideration of the Court's denial is therefore appropriate given the erroneous

5    basis for the Court's prior ruling.  (*Id.*)  Thus, Plaintiffs ask that this Court allocate their

6    partition costs from inception through February 2019 for the reasons stated in their

7    Motion for Attorneys' Fees.  (*Id.*)  Given the length of time for which Plaintiffs have

8    borne these costs alone, Plaintiffs also ask for prejudgment interest.  (*Id.*)

9         A district court has inherent power to reconsider, rescind, or modify an

10   interlocutory order for sufficient cause.  *United States v. Martin*, 226 F.3d 1042, 1049

11   (9th Cir. 2000); L.R. 230(j) (authorizing motions for reconsideration of "any motion

12   [that] has been granted or denied in whole or in part").  Generally, reconsideration is

13   appropriate only when controlling law has changed, new evidence has become

14   available, or when necessary to correct a clear error or prevent manifest injustice.  *Sch.*

15   *Dist. No. 1J, Multnomah Cnty., Oregon v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.

16   1993).  Absent a showing of manifest injustice, the court will not disturb its prior ruling.

17   *Advanced Steel Recovery, LLC v. X-Body Equip., Inc.*, No. 2:16-cv-00148-KJMJDP,

18   2020 WL 6043935, at *5 (E.D. Cal. Oct. 13, 2020).  This Court's local rules also govern

19   reconsideration.  They require the moving party to provide "what new or different

20   facts or circumstances are claimed to exist which did not exist or were not shown" or

21   "what other grounds exist for the motion" and "why the facts or circumstances were

22   not shown at the time of the prior motion."  L.R. 230(j).

23        The Court finds that reconsideration is warranted here.  This Court previously

24   denied Plaintiffs' Motion for Attorneys' Fees under Local Rule 293, which provides that

25   "[m]otions for awards of attorneys' fees to prevailing parties pursuant to statute shall

26   be filed not later than twenty-eight (28) days after entry of final judgment."  L.R. 293(a).

27   The Court reasoned that it's May 30, 2018, Interlocutory Judgment of Partition was a

28   final judgment, and accordingly Plaintiffs' Motion for Attorneys' Fees, which was

6

1   brought a year later, was untimely.  (ECF No. 428.)  However, the Ninth Circuit has

2   since clarified that the Interlocutory Judgment of Partition was not a final judgment on

3   the merits.  (*See* ECF No. 473.)  Thus, under the Ninth Circuit's guidance, this Court

4   clearly erred in determining that the Interlocutory Judgment of Partition was a "final

5   judgment" barring Plaintiffs from bringing their fees motion.  Further, the Court finds

6   that reconsideration is warranted to avoid manifest injustice, as California clearly

7   mandates that courts "shall apportion the costs of partition among the parties in

8   proportion to their interests or make such other apportionment as may be equitable."

9   Cal. Code Civ. Proc. § 874.040.  "There is no ambiguity in the language of section

10  874.040.  It simply states that the trial court must apportion the costs incurred in a

11  partition action based upon either the parties' interests in the property, or equitable

12  considerations."  *Lin v. Jeng*, 203 Cal. App. 4th 1008, 1025 (2012).  Thus, without

13  reconsideration, Plaintiffs will be left to bear a large portion of the partition costs and

14  fees alone in contravention of California law.

15      The Court has reviewed Plaintiffs' prior Motion for Attorneys' Fees, wherein

16  Plaintiffs request that the Court apportion $684,324 in attorneys' fees[1] and $3,550 in

17  costs according to the Parties' interests, i.e., 50% to Plaintiffs, and 50% to Defendants.

18  (ECF No. 414.)  The Court finds that apportionment of these costs and fees is

19  appropriate for the same reasons discussed in the Court's Order Granting Allocation

20  of Statutory Partition Costs.  (*See* ECF No. 548.)

21      Notably, the costs and fees sought are for the common benefit, as they were

22  expended in preserving both Parties' ownership interests in the Property and

23  advancing partition of the Property according to those interests.  As detailed by

24  Plaintiffs, since the inception of this case, Defendants have pursued a theory that the

26  [1] The attorneys' fees were calculated as follows: (1) $155,575 charged by Kirk S. Rimmer, (2) $477,349
    charged by Peter A. Kleinbrodt, (3) $42,130 charged by Peter H. Cuttitta, and (4) $9,270 charged by
27  Susan K. McGuire.  (Rimmer Decl. (ECF No. 414-2); Kleinbrodt Decl. (ECF No. 414-3); Cuttitta Decl. (ECF
    No. 414-4); McGuire Decl. (ECF No. 414-5).)  Each attorney provided supporting documentation for
28  their request.

1    Property is owned by a partnership, not the Parties, thereby calling into question the

2    Parties' title in and right to partition the Property.  (ECF No. 414 at 1–5, 7–8.)  Plaintiffs

3    argue their "bringing of the action, the [temporary restraining order], and the defense

4    against Defendants' counterclaims of partnership ownership were all necessary in

5    preserving the title of the property and accomplishing equitable partition of the

6    property itself."  (*Id.* at 7–8.)  Indeed, "Defendants insisted on their theory of a

7    partnership ownership of the Grass Valley Property even in trial . . . [demonstrating]

8    Plaintiffs' efforts in defending the title of the property for the actual owners was for the

9    common benefit of those owners."  (*Id.* at 8.)  Thus, Plaintiffs argue a great deal of the

10   work they performed from the start of this case through trial was for the Parties'

11   common benefit.

12          The Court agrees.  As California courts have explained, "the 'common benefit'

13   in a partition action is the proper distribution of the 'respective shares and interests in

14   the said property by the ultimate judgment of the court.'"  *Orien v. Lutz*, 16 Cal. App.

15   5th 957, 967 (2017) (quoting *Capuccio v. Caire*, 215 Cal. 518, 528 (1932)).  "This

16   sometimes will require that controversies be litigated to correctly determine those

17   shares and interests, but this ultimately can be for the common benefit as well."  *Id.*

18   (internal citations and quotations omitted).  "That fact that a party resists the partition

19   does not change this."  *Id.*  Such is the case here, where Plaintiffs have pursued the

20   proper distribution of the Property according to the Parties' respective shares.

21          In addition, the Court finds that the costs and fees sought are largely

22   reasonable.  Defendants object that many of Plaintiffs' billing entries are vague,

23   difficult to discern, and appear "overlapping, divergent, excessive, and unexplained."

24   (ECF No. 425 at 11–12.)  The Court largely credits Plaintiffs' representation that their

25   counsel have "cut out fees that they have in their discretion determined not to be for

26   the common good, have deducted any awards for attorneys' fees which have already

27   occurred through sanctions and discovery orders to avoid double recovery, and have

28   [charged] their fees that were for the common good by a reduced hourly rate . . . ."

1    (ECF No. 414 at 8–9.)  As with the Court's prior Order, however, the Court will impose

2    a 10% reduction to counsels' claimed fees to account for any vague entries that may

3    not correspond to fees for the common benefit and that were missed in counsels'

4    review.  *See Orien*, 16 Cal. App. 5th at 968 (courts may adjust allocation of fees to the

5    extent they do not provide a common benefit to all parties or are not reasonable

6    including by "setting the fee amounts and determining the appropriate allocation");

7    *see also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013) (a district

8    court can impose a small reduction no greater than 10% based on its exercise of

9    discretion and without a more specific explanation).

10          Finally, Plaintiffs request that the Court award prejudgment interest under

11   California Code of Civil Procedure section 874.020, which provides that the "costs of

12   partition include reasonable expenses, including attorney's fees, necessarily incurred

13   by a party for the common benefit in prosecuting or defending other actions or other

14   proceedings . . . with interest thereon at the legal rate from the time of making the

15   expenditures."  (ECF No. 552 at 13–15.)  Plaintiffs ask that the Court "award Plaintiffs

16   interest of 10% on those allocated costs as of July 17, 2019, the date Plaintiffs' first

17   allocation motion was denied."  (*Id.* at 13.)

18          The Court declines to award interest here.  First, the Court notes that the

19   definition of partition costs in section 874.020, as cited by Plaintiffs, applies to costs

20   incurred in related actions.  *See* Cal. Code Civ. Proc. § 874.020 ("Costs incurred in

21   related action").  Plaintiffs seek attorneys' fees incurred in this action, which are

22   governed by section 874.010, and make no mention of interest.  *See* Cal. Code Civ.

23   Proc. § 874.010 (establishing that the costs of partition include "[r]easonable

24   attorney's fees incurred or paid by a party for the common benefit").  Second, the

25   Court acknowledges that Plaintiffs have been forced to wait some time to recover on

26   Defendants' portion of the partition costs and fees.  However, this delay is attributable

27   to the Court, not the Parties themselves.  Thus, the Court finds it would be inequitable

28   to charge the Parties, particularly Defendants, interest due to the Court's delay.  *See*

1  Cal. Code Civ. Proc. § 874.040 ("[T]he court shall apportion the costs of partition

2  among the parties in proportion to their interests or *make such other apportionment*

3  *as may be equitable*.") (emphasis added).

4      Accordingly, the Court shall apportion $615,891.60 (i.e., $684,324 x .9) in

5  attorney's fees and $3,550 in law firm costs among the Parties according to their

6  interests, i.e., 50% to Plaintiffs and 50% to Defendants.

7  **III.  Defendants' Ex Parte Emergency Motion to Quash Writ of Execution, For**

8      **Stay of Enforcement, and For Relief from Judgment**

9      Finally, Defendants have moved for relief from the Writ of Execution entered on

10  May 14, 2025, obligating them to pay $113,838.94. (ECF No. 560.) *First*, Defendants

11  argue that the Writ should be quashed because Plaintiffs owe them a greater debt of

12  $134,673.60, and the doctrine of equitable setoff dictates that these mutual debts be

13  extinguished. (*Id.* at 1.) As Defendants explain, this larger debt was incurred because

14  Defendants previously paid Plaintiffs $134,673.60 in satisfaction of the judgment

15  entered on Plaintiffs' breach of contract claim following trial in 2019. (*Id.* at 2.)

16  Defendants argue that, because the Ninth Circuit reversed the underlying judgment,

17  Plaintiffs' entitlement to the $134,673.60 is now null and void, but Plaintiffs have

18  refused to return the funds, thereby indebting themselves to Defendants. (*Id.* at 2–3.)

19  *Second*, Defendants argue that the Court should stay enforcement of the judgment

20  under Federal Rule of Civil Procedure 62 given their pending appeal of the Court's

21  Order Granting Allocation of Statutory Partition Costs. (*Id.* at 3.) They argue that the

22  Court should not require a bond to institute this stay given that Plaintiffs' debt to

23  Defendant exceeds the writ amount. (*Id.*) *Finally*, Defendants argue relief is proper

24  under Federal Rule of Civil Procedure 60(b) because the judgment has been

25  effectively "satisfied, released, or discharged" by the larger offsetting debt, and its

26  prospective application is "no longer equitable" given the Ninth Circuit's reversal

27  creating that offset. (*Id.* at 3–4.)

28

1    The Court declines to quash the Writ or grant relief from the Court's Order

2    Granting Allocation of Statutory Partition Costs under Rule 60 at this time.  First, the

3    Court finds that it lacks jurisdiction to grant relief under Rule 60 given Defendants'

4    pending appeal of the Court's Order.  *See Davis v. Yageo Corp.*, 481 F.3d 661, 685

5    (9th Cir. 2007) ("Once an appeal is filed, the district court no longer has jurisdiction to

6    consider motions to vacate."); *see also* Fed. R. Civ. P. 62.1(a) ("If a timely motion is

7    made for relief that the court lacks authority to grant because of an appeal that has

8    been docketed and is pending, the court may: (1) defer considering the motion;

9    (2) deny the motion; or (3) state either that it would grant the motion if the court of

10   appeals remands for that purpose or that the motion raises a substantial issue.").

11   Second, while a "court can recall and quash a writ of execution if it was improperly

12   ordered," *Moreno v. Ross Island Sand & Gravel Co.*, No. 2:13-cv-00691-KJM-KJN,

13   2016 WL 3549453, at *1 (E.D. Cal. June 30, 2016), whether a motion to quash is

14   granted is left to the district court's discretion, *United States v. Watson*, 29 F. App'x

15   455, 456 (9th Cir. 2015).  Here, Defendants argue that their financial obligations to

16   Plaintiffs have already been satisfied by virtue of their payment of a prior judgment to

17   which Plaintiffs are no longer entitled.  (ECF No. 560 at 2–3.)  Plaintiffs, in turn, argue

18   that Defendants are already seeking repayment of that judgment in a different court

19   proceeding.  (ECF No. 561 at 2–3.)  On balance, while Defendants may have a valid

20   argument for equitable setoff, they have not briefed whether Plaintiffs were required

21   to return the $134,673.60 judgment to them following the Ninth Circuit's mandate nor

22   addressed if they are currently seeking repayment of that amount elsewhere.

23   Accordingly, the Court cannot find that the Writ of Execution was "improperly

24   ordered" at this time.

25   However, the Court will stay execution of the Writ until such time as the Ninth

26   Circuit has resolved Defendants' appeal.  An appeal does not automatically stay

27   enforcement of a judgment.  However, "[a]t any time after judgment is entered, a party

28   may obtain a stay by providing a bond or other security."  Fed. R. Civ. P. 62(b).  Under

1    the Local Rules, "a supersedeas bond shall be 125 percent of the amount of the

2    judgment unless the Court otherwise orders."  L.R. 151(d).

3          When no bond is posted, grant or denial of a stay is "a matter strictly within the

4    judge's discretion."  *In re Matter of Combined Metals Reduction Co.*, 557 F.2d 179,

5    193 (9th Cir. 1977); *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1

6    (9th Cir. 1987) ("District courts have inherent discretionary authority in setting

7    supersedeas bonds . . . .").  While not addressed by the Ninth Circuit, the Court of

8    Appeals for the District of Columbia has observed that courts grant partially secured

9    or unsecured stays only in "unusual circumstances . . . if they do not unduly endanger

10   the judgment creditor's interest in ultimate recovery."  *Fed. Prescription Serv. v. Am.*

11   *Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980); *see also Bolt v. Merrimack*

12   *Pharms., Inc.*, No. S-04-0893-WBS-DAD, 2005 WL 2298423, at *2 (E.D. Cal. Sept. 20,

13   2005) ("While parties have a right to a stay obtained through a supersedeas bond, an

14   unsecured stay is reserved for 'unusual circumstances' and awarded at the district

15   court's discretion."); *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796 (9th

16   Cir.1989) ("[C]ourts have deviated from the terms of Rule 62 when the equities so

17   required."), *vacated on reh'g on other grounds by* 929 F.2d 1358 (9th Cir. 1990) (en

18   banc).  The moving party typically bears the burden of demonstrating the reasons for

19   a departure from the full security supersedeas bond.  *See Poplar Grove Planting & Ref.*

20   *Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (creating this

21   standard); *Hines v. Cal. Pub. Utils. Comm'n*, No. C 07-04145-CW, 2010 WL 3565498,

22   at *1 (N.D. Cal. Sept. 10, 2010) (applying *Poplar Grove*).

23         When analyzing whether a bond waiver is justified, courts often consider

24   whether "(1) 'defendant's ability to pay is so plain that the cost of the bond would be a

25   waste of money'" or (2) "requiring a bond 'would put the defendant's other creditors in

26   undue jeopardy.'"  *Estate of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1036 (E.D.

27   Cal. 2020) (quoting *Olympia Equip. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir.

28   1986)).  Courts may also consider "(1) the complexity of the collection process; (2) the

1   amount of time required to obtain a judgment after it is affirmed on appeal; [and] (3)

2   the degree of confidence that the district court has in the availability of funds to pay

3   the judgment." *Cotton ex rel. McClure v. City of Eureka*, *Cal.*, 860 F. Supp. 2d 999,

4   1028 (N.D. Cal. 2012) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir.

5   1988)); *see also Yenidunya Investments, Ltd. v. Magnum Seeds, Inc.,* No. CIV. 2:11-

6   1787-WBS-CKD, 2012 WL 1085535, at *2 (E.D. Cal. Mar. 30, 2012) (applying these

7   factors); *United States v. Moyer*, No. C 07-00510 SBA, 2008 WL 3478063, at *12 (N.D.

8   Cal. Aug. 12, 2008) ("Ninth Circuit courts regularly use these factors.").

9          Here, Plaintiffs do not dispute that Defendants previously paid them

10   $134,673.60 in satisfaction of a judgment, and that their current entitlement to that

11   amount is uncertain given the Ninth Circuit's mandate.  While the Court finds the

12   Parties current evidence and briefing on this dispute is insufficient to quash the Writ of

13   Execution, it is sufficient to excuse Defendants' bond requirement to obtain a stay.

14   Accordingly, the Court will stay enforcement of the Writ of Execution until the Ninth

15   Circuit has issued a mandate on Defendants' appeal of the Court's Order Granting

16   Allocation of Statutory Partition Costs.

17                                   **CONCLUSION**

18          In accordance with the above, it is hereby ORDERED that:

19          1.   Defendants' Motion to Dismiss (ECF No. 515) is DENIED;

20          2.   Plaintiffs' Motions for Sanctions (ECF Nos. 518, 530) are DENIED;

21          3.   Plaintiffs' Motion for Reconsideration (ECF No. 552) is GRANTED.  The

22                Court hereby apportions $615,891.60 in attorney's fees and $3,550 in

23                law firm costs among the Parties according to their interests, i.e., 50% to

24                Plaintiffs and 50% to Defendants; and

25          4.   Defendants' Ex Parte Emergency Motion to Quash Writ of Execution, For

26                Stay of Enforcement, and For Relief from Judgment (ECF No. 560) is

27                GRANTED.  The Court hereby STAYS enforcement of the Writ of

28                Execution (ECF No. 559) until the Ninth Circuit has issued a mandate on

Defendants' appeal of this Court's Order Granting Allocation of Statutory Partition Costs (ECF No. 548).

IT IS SO ORDERED.

Dated:   **June 20, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – DeMartini14cv2722.MTD&MotReconsideration&ExParteMotQuash

14