UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL J. DEMARTINI, et al.,<br><br>Defendants. | 2:14-cv-2722-DJC-CKD (PS)<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Following remand from the United States Court of Appeals for the Ninth Circuit, plaintiffs and counterdefendants Timothy and Margie DeMartini ("plaintiffs") requested to modify the scheduling order to allow the filing of successive dispositive motions and the undersigned granted the motion. The parties filed several motions now before the court.

Defendants[1] and counterclaimants, Michael and Renate DeMartini ("defendants"), filed a motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure directed to plaintiffs' claim for partition of real property. (ECF No. 515.) In response, in two separate motions, plaintiffs moved for sanctions under Rule 11 of the Federal Rules of Civil Procedure (ECF No. 530) and under 28 U.S.C. § 1927 or the court's inherent authority (ECF No. 518) asserting the motion to dismiss raises previously denied arguments in bad faith. The parties also filed

---

[1] Because defendants proceed without counsel, this case is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

1

competing motions for summary judgment. (ECF Nos. 510, 514.) These matters were ordered submitted on the briefs for decision without oral argument under Local Rule 302(g). (ECF No. 536.) For the reasons set forth below, the undersigned recommends these motions be denied.

## BACKGROUND

Plaintiffs filed this action in the Superior Court of California, County of Nevada, and defendants removed the case to the United States District Court for the District of Nevada. (ECF No. 1.) The District of Nevada transferred the case to this court on November 20, 2014. (ECF No. 27.)

Plaintiffs' First Amended Complaint alleges a partnership and property dispute between the parties and three causes of action as follows: (1) partition of co-owned real property located at 12757, 12759, and 12761 Loma Rica Drive, Grass Valley, California; (2) breach of contract concerning payment on a promissory note jointly executed by the parties; and (3) dissolution of a partnership formed by the parties to improve upon and manage real property owned by the partnership at 12731 Loma Rica Drive, Grass Valley, California. (ECF No. 75.) Plaintiffs' cause of action for dissolution of partnership relating to the 12731 Loma Rica Drive property was severed and remanded to state court. (ECF Nos. 214, 224.)

Defendants assert three counterclaims in their operative pleading, the second amended answer: (1) declaratory relief that the parties have been in a partnership since 1974 to pool resources and operate various businesses; (2) breach of an oral partnership contract by plaintiffs in 2014; and (3) defamation by plaintiffs in 2014. (ECF No. 104.) On December 20, 2017, the court granted summary judgment in plaintiffs' favor on defendants' counterclaims. (See ECF Nos. 232, 267.)

The case proceeded to trial before District Judge John A. Mendez. At trial, defendants moved to dismiss plaintiffs' claim for partition of real property, asserting that claim should have been brought as a compulsory cross-complaint in a previous state court action in Marin County, California. (ECF No. 330.) Judge Mendez denied the motion, ruling "as a matter of law, [plaintiffs] were not required to bring a compulsory counterclaim in Marin County." (ECF No. 343 at 53.)

The jury returned a verdict for plaintiffs on their breach of contract claim. (ECF No. 335.) Judge Mendez held a bench trial on plaintiffs' partition claim and issued an interlocutory judgment of partition on May 30, 2018, ordering the property to be partitioned in kind. (ECF No. 361.)

On January 11, 2019, defendants renewed their motion to dismiss plaintiffs' claim for partition of real property. (ECF No. 403.) Judge Mendez denied the post-trial motion, finding it was an improperly presented motion for consideration seeking to revive arguments already presented to the court and rejected. (ECF No. 408 at 1.) Finding nothing in the motion suggested any of the required conditions for granting a motion for reconsideration were present, Judge Mendez's written order cautioned as follows:

> It would serve Defendants well to stay apprised of Rule 11's requirements. Fed. R. Civ. Proc. 11(b). In part, the rule states that by filing a motion with the court, the party certifies—under penalty of sanctions—that "[the motion] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Id. Frivolous filings not only violate Rule 11; they undermine the authority this Court delegated to referee Chuck Farrar. The Court declines to impose sanctions in response to Defendants' Motion. But if future filings are similarly untethered to the law, sanctions will prove unavoidable.

(Id. at 2.)

On appeal, the Ninth Circuit reversed summary judgment on defendants' breach of partnership contract counterclaim, finding disposition of the claim was improperly premised on an alleged breach of a so-called "global partnership" instead of breach of an oral partnership agreement formed in the 1970s. (ECF No. 455 at 3-5.) The Ninth Circuit also reversed summary judgment on defendants' defamation counterclaim as to a claim of defamation per se, which does not require defendants to raise a triable issue of fact as to actual damages. (Id. at 5-6.) The Ninth Circuit also vacated the judgment on plaintiffs' breach of contract claim and remanded for a new trial on that claim, finding the trial court improperly excluded partnership and mitigation evidence based on the summary judgment ruling which had disposed of the breach of partnership counterclaim. (Id. at 6-8.)

////

3

After remand from the Ninth Circuit, plaintiffs sought to modify the scheduling order to allow them to bring a motion for summary judgment directed to defendants' defenses and counterclaims. (ECF No. 498.) The undersigned granted the motion and modified the scheduling order to allow the filing of dispositive motions by both parties. (ECF No. 509.)

Plaintiffs filed their successive motion for summary judgment on October 1, 2024, directed to defendants' breach of partnership and defamation counterclaims and defenses to plaintiffs' breach of contract claim. (ECF Nos. 510; 510-1 at 25-26.) Defendants opposed the motion. (ECF Nos. 520, 531.) Plaintiffs filed a reply. (ECF No. 533.)

Defendants filed their motion for summary judgment on October 2, 2024, directed to plaintiff's breach of contract claim based on assertion of the affirmative defense of waiver. (ECF No. 514.) Plaintiffs opposed the motion. (ECF No. 522.) Defendants filed a reply. (ECF No. 528.)

Defendants filed the motion to dismiss at issue on October 2, 2024, presenting their argument that plaintiffs' claim for partition of real property should be dismissed because it was a compulsory counterclaim that should have been filed in Marin County Superior Court Case No. CIV-085235. (ECF No. 515.) Defendants noted in the motion they had filed it before and "[s]ince then, the [Ninth] Circuit has issued its mandate for a new trial and the Court has re-opened the dispositive motion deadline." (Id. at 7.) Plaintiffs opposed the motion to dismiss, and defendants filed a reply. (ECF Nos. 521, 527.)

On October 4, 2024, plaintiffs filed their motion seeking sanctions under 28 U.S.C. § 1927 and the court's inherent authority directed to the motion to dismiss. (ECF No. 518.) Defendants opposed the motion and plaintiffs filed a reply. (ECF Nos. 525, 526.)

On November 7, 2024, plaintiffs filed their motion seeking sanctions under Rule 11 of the Federal Rules of Civil Procedure directed to the motion to dismiss. (ECF No. 530.) Defendants opposed the motion and plaintiffs filed a reply. (ECF Nos. 532, 535.)

**LEGAL STANDARDS FOR SUMMARY JUDGMENT**

Summary judgment is appropriate when the moving party shows there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In order to obtain summary judgment, "[t]he moving party initially bears the burden

4

of proving the absence of a genuine issue of material fact." In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Summary judgment should be entered "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 447 U.S. at 248.

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "'the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting First Nat'l Bank v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968)). Thus, the "purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Matsushita, 475 U.S. at 587 (citation and internal quotation marks omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Central Contra Costa Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

It is undisputed that on or about April 30, 1998, plaintiffs and defendants jointly executed a loan agreement between themselves and Westamerica Bank with a due date for repayment of the borrowed funds in or about March 2014. (See ECF No. 522-1; ECF No. 75, ¶¶ 11-15.) Plaintiffs' breach of contract claim alleges breach of an implicit agreement between plaintiffs and defendants to reimburse each other for loan payments made to the bank in excess of one-half of the loan amount. (ECF No. 75, ¶¶ 11-15.)

Defendants seek summary judgment on plaintiffs' breach of contract claim, asserting waiver as an affirmative defense. (ECF No. 514 at 3.) In four proposed undisputed facts and one-paragraph of argument, defendants assert the claim is barred by an explicit waiver provision in the joint loan agreement. (Id.) In opposition to the motion, plaintiffs respond that (1) defendants

6

fail to meet their burden to prove waiver by clear and convincing evidence; and (2) construed in the manner urged by defendants, the proffered waiver raises issues of unconscionability. (ECF No. 522 at 8-11.)

Waiver is the intentional relinquishment of a known right after knowledge of the facts. Roesch v. De Mota, 24 Cal. 2d 563, 572 (1944). "The pivotal issue in a claim of waiver is the intention of the party who allegedly relinquished the known legal right." Wind Dancer Prod. Grp. v. Walt Disney Pictures, 10 Cal. App. 5th 56, 78 (2017) (internal quotation marks and alteration omitted). "California courts will find waiver when a party intentionally relinquishes a right or when that party's acts are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished." Id.

"The burden… is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation[.]" City of Ukiah v. Fones, 64 Cal. 2d 104, 107-08 (1966). "[D]oubtful cases will be decided against a waiver[.]" Id. Waiver is ordinarily a question of fact unless there are no disputed facts and only one reasonable inference may be drawn. Wind Dancer Prod. Grp., 10 Cal. App. 5th at 78.

The basis for defendants' assertion of the waiver defense is the following provision in the 1998 joint loan agreement:

> Waiver of Co-obligor's Rights. If more than one person is obligated for the indebtedness, Borrower irrevocably waives, disclaims, and relinquishes all claims against such other person which Borrower has or would otherwise have by virtue of payment of the Indebtedness or any part thereof, specifically including but not limited to all rights of indemnity, contribution, or exoneration.

(ECF No. 514 at 2 & 12.)

Defendants do not meet their burden for summary judgment. Construing the evidence in a light favorable to plaintiffs, the non-moving parties on this issue, their breach of contract claim did not arise "by virtue of payment of the Indebtedness or any part thereof[.]" (ECF No. 514 at 12.) In other words, plaintiffs do not merely seek repayment, indemnity, or contribution from a co-obligor on the joint loan; instead, they allege defendants breached a separate and additional contract between the parties for repayment. Defendants provide no case authorities or argument to

7

support their position that a waiver of claims "existing by virtue of payment of the Indebtedness" includes a claim for breach of contract as to the parties' alleged oral agreement. Accordingly, defendants' motion for summary judgment should be denied.

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs seek summary judgment on defendants' counterclaims for breach of partnership agreement and defamation per se, or, in the alternative, issue adjudication. (ECF No. 510.) Plaintiffs' memorandum of law also addresses two affirmative defenses to their breach of contract claim which were not included in the notice of motion. (ECF No. 510-1 at 25-26.)

**I.     Breach of Partnership Counterclaim**

A breach of partnership action is a breach of contract action in which the partnership agreement is the contract. See Gherman v. Colburn, 72 Cal. App. 3d 544, 563 (2nd Dist. 1977). The basis for plaintiffs' request for summary judgment is that "no partnership exists." (ECF No. 510-1 at 24.) This argument contradicts the Ninth Circuit's memorandum opinion holding that defendants "produced evidence that the business managing and leasing commercial real estate at the 12759 parcel was a partnership between the two couples. Specifically, they produced evidence that could show that the couples shared profits, participated in the management of the property, and held themselves out as a partnership when leading the property. Such evidence is enough to create a question of fact as to the existence of a partnership." (ECF No. 455 at 3-4.) Accordingly, plaintiffs' motion for summary judgment on the breach of partnership counterclaim should be denied.

Plaintiffs alternately request issue adjudication regarding the scope of the partnership and directed to 29 specific allegations pleaded in the breach of partnership counterclaim. (ECF No. 510-1 at 25.) They argue "the scope of the 12759 partnership must be adjudicated now" to preclude defendants from "litigating the scope of whole partnership all over again (i.e. their Declaratory Relief cause of action which was disposed of)." (ECF No. 533 at 12.)

To the extent plaintiffs concede there is "an alleged oral partnership established by the brothers in the 1970s… doing the business managing and leasing commercial real estate at the 12759 parcel between the two couples[,]" they assert this is "the only partnership that is at issue

8

anymore" based on the Ninth Circuit's memorandum opinion. (ECF No. 510-1 at 23-24 (ellipsis in plaintiffs' original).) Plaintiffs argue none of the 29 enumerated breaches defendants pleaded at paragraphs 30-59 "constitute a breach of the 12759 Partnership agreement" as plaintiffs defined it. (Id. at 25.) Instead, plaintiffs argue, defendants' allegations of breach either (1) relate to "properties and business that were adjudicated… against Defendants and upheld on appeal[;]" (2) "have nothing to do with a breach of a partnership agreement at all, for example, relating to trust issues[;]" or (3) "do not constitute breach as a matter of law." (Id. at 24.) Plaintiffs request the court to adjudicate that "each individual allegation of breach" does not constitute a breach of the partnership agreement as plaintiffs defined it. (Id. at 25.) Plaintiffs also argue defendants have not provided admissible evidence of damages. (ECF No. 510 at 25; ECF No. 533 at 8 & 22-23.)

Defendants respond that their breach of partnership claim "is not limited to the 12759 property." (ECF No. 531-1 at 11-12.) And further, for example,

> Defendants maintain that a broader partnership exists, encompassing various business ventures and assets beyond the 12759 parcel, as supported by the Ninth Circuit's decision and evidence presented in declarations and financial records (ECF 456, 216-3, 216-4). Plaintiffs' attempt to narrowly define the partnership to be the 12759 parcel contradicts the Ninth Circuit's recognition of a broader partnership and disregards evidence presented by Defendants.

(Id. at 12.)

Neither plaintiffs nor defendants accurately characterize the Ninth Circuit's holding regarding the scope of the partnership. The Ninth Circuit neither limited the scope of the oral partnership formed in the 1970s to one only involving the 12759 parcel nor recognized it was any broader than that. As to scope of the partnership, the Ninth Circuit merely held it is not what this court "termed a 'global partnership' extending to the Coan Ranch, Maltman Drive, Dorsey East Main Street, and 625 Idaho Maryland Road properties and to the DeMartini Auto Sales, DeMartini RV Sales, and DeMartini Sunshine Body Shop businesses." (ECF No. 455 at 2; see also id. ("there is a genuine issue of material fact as to the scope of the oral partnership agreement allegedly formed by Michael and Timothy DeMartini in the 1970s").)

Defendants argue the 12759 parcel is a significant asset of the partnership which does not define the entire scope of the partnership. (E.g., ECF No. 531-1 at 20.) Defendants point to the

following as their evidence in support of a partnership not limited solely to the managing and leasing of commercial real estate at that parcel:

- Michael DeMartini's affidavits (ECF Nos. 216-3, 216-4, 531-2);
- 1977 and 1978 tax returns (ECF No. 216-4 at 11-28);
- A 1985 design build lease for the 12759 Loma Rica property and a 1986 Tax Return for DeMartini Brothers Construction Company (ECF No. 31-1 at 84-98);
- A Deed of Trust signed by Timothy, Margie, Michael, and Renate, and characterized by defendants as pledging as collateral the neighboring property commonly referred to as 12731 Loma Rica Drive for the 12759/12757/12761 Loma Rica Drive property (ECF No. 531-1 at 196-206);
- A March 17, 2014 email from Timothy and Margie's attorney (ECF No. 531-1 at 207-208);
- A 1992 Design Build Lease characterized by defendants as being between Michael and Timothy (ECF No. 531-1 at 213-221);
- A June 15, 1998 Lease Agreement for a building constructed at 12759 Loma Rica (ECF No. 531-1 at 222-230);
- A September 28, 1998 Settlement Agreement and Mutual Release regarding premises at 12757 Loma Rica Drive (ECF No. 531-1 at 231--274); and
- Margie DeMartini's testimony (ECF No. 531-1 at 277-294).

(See ECF No. 531-1 at 2-4, 12-13-14.)

In their reply brief, plaintiffs argue defendants have little evidence regarding an alleged partnership spanning 40 years but they acknowledge the tax return from 1986 and a proof of publication from 2006. (ECF No. 533 at 15.) Plaintiffs make various arguments regarding the weight of the evidence for a partnership spanning 40 years and conclude summary judgment is warranted because defendants are unable to define the partnership that might remain on remand. (Id. at 13-19.) However, "a non-movant in a summary judgment setting is not attempting to prove its case, but instead seeks only to demonstrate that a question of fact remains for trial." Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1121 (E.D. Cal. 2006).

10

The specific question raised by plaintiffs' request for issue adjudication is whether the record evidence viewed in a light favorable to defendants shows a genuine factual dispute regarding the existence of an oral partnership extending beyond how plaintiffs have defined it: an oral partnership established by the brothers in the 1970s doing the business managing and leasing commercial real estate at the 12759 parcel between the two couples. To answer this question, the court considers defendants' evidence to the extent it is relevant and admissible.[2] The court also considers any evidence plaintiffs put forth in support of limiting the scope of the oral partnership in the manner they propose.

Plaintiffs did not cite specific evidence in the record in support of limiting the scope of the oral partnership in the manner they propose and instead seek to rely on defendants' pleading and the Ninth Circuit's memorandum decision. (See ECF No. 510-2 at 2.) Thus, plaintiffs can succeed only upon "an absence of evidence to support the non-moving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). At a minimum, though, there is evidence regarding building design and construction, and tax documents for "DeMartini Brothers Construction Company" that, viewed in a light favorable to defendants, support finding the existence of a partnership not strictly limited to "managing and leasing commercial real estate" at the 12759 parcel.[3] Accordingly, plaintiffs have not succeeded in

---

[2] Plaintiffs object to defendants' evidence on various grounds including hearsay, lack of authentication, lack of personal knowledge, conclusion without fact, and speculation, among other objections. (ECF No. 533-1.) Statements that are legal conclusions, speculative assertions, and statements of hearsay evidence do not satisfy the standards of personal knowledge, admissibility, and competence required by Federal Rule of Civil Procedure 56(c)(4). Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (citations omitted). The court finds it unnecessary to address most of plaintiffs' individually asserted objections. See Burch v. Regents of Univ. of California, 433 F. Supp. 2d 1110, 1119-22 (E.D. Cal. 2006) (declining to address each individual objection); see also Celotex Corp., 477 U.S. at 324 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

[3] Authentication is satisfied by "evidence sufficient to support a finding that the item is what the proponent claims it is[,]" Fed. R. Evid. 901, which may include "[t]he appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). Documents may be authenticated by review of their contents if they appear to be sufficiently genuine. Orr, 285 F.3d at 778 n. 24; see also Las Vegas Sands, LLC v. Nehme, 632 F.3d 526, 533 (9th Cir. 2011). Plaintiffs do not dispute the genuineness of any of the documents.

demonstrating they are entitled to issue adjudication regarding the scope of the 12759 partnership as they have defined it. Thus, their further requests for issue adjudication that specific paragraphs of the counterclaim do not set forth breaches of the partnership as they defined it also fail.

As to damages, defendants argue they presented evidence of damages resulting from the alleged breaches of the partnership agreement, including financial losses, emotional distress, and damage to reputation. (ECF No. 531-1 at 33.) For evidence, defendants cite their affidavits. (See ECF Nos. 216-2, 216-3, 216-4, 531-2.)

To prevail on a breach of contract claim under California law, a plaintiff must prove: (1) existence of a contract; (2) plaintiff's performance; (3) defendant's breach; and (4) resulting damages to the plaintiff. Reichert v. General Ins. Co. of Am., 68 Cal. 2d 822, 830 (1968). "[T]o be actionable, harm must constitute something more than 'nominal damages, speculative harm, or the threat of future harm ... not yet realized.'" Buttram v. Owens-Corning Fiberglas Corp., 16 Cal. 4th 520, 531 n.4 (1997) (quoting Larcher v. Wanless, 18 Cal. 3d 646, 656 n.11 (1976)).

Michael's affidavit states, in relevant part, "[a]round mid-2013 Timothy began denying the existence of the partnership known as DeMartini Company and denying the existence of the DeMartini Brothers Construction Company sub-partnership. (ECF No. 531-4, ¶ 15.) Thereafter, according to Michael, "Timothy began making unilateral decisions or major improvements to the buildings, arbitrarily closing bank accounts and filing a final partnership tax return for the DeMartini Brothers Construction Company sub-partnership[.]" (Id.) This testimony, while not overly detailed, is sufficient to create a triable issue of fact as to whether defendants sustained damages. Construing the evidence in the light most favorable to the defendants, Timothy's denial of the existence of the partnership and unilateral decisions on matters pertaining thereto caused actionable harm to defendants.

## II.    Defenses to Plaintiff's Breach of Contract Claim

As set forth above in addressing defendants' motion for summary judgment, plaintiffs' breach of contract claim is for breach of an implicit agreement between plaintiffs and defendants to reimburse each other for loan payments made to Westamerica Bank in excess of one-half of the loan amount for the joint loan agreement executed on or about April 30, 1998. (ECF No. 75, ¶¶

11-15.) Defendants asserted various defenses to this claim, including waiver and a partnership defense. (ECF No. 104 at 4-5.)

Plaintiffs first argue there is no partnership and thus no partnership defense. This argument contradicts the Ninth Circuit's memorandum decision and should be rejected. Plaintiffs next argue the loan, on its face, was taken out by individuals, Timothy was not required to renew any alleged partnership loan, and defendants have admitted they did not pay off the loan or pay Timothy back. (ECF No. 510-1 at 26.) However, plaintiffs do not provide any application of partnership law to the facts they are arguing. As discussed above, there is evidence of an oral partnership agreement. In the absence of specific terms, partnership agreements conform to a series of default rules set forth by statute. See Cal. Corp. Code § 16103(a). Plaintiffs do not discuss these statutory rules. Plaintiffs fail to meet their burden to establish they are entitled to summary judgment on defendants' partnership defense. See generally S.E.C. v. CMKM Diamonds, Inc., 729 F.3d 1248, 1255 (9th Cir. 2013) (in reviewing a grant of summary judgment, a court of appeal considers not only whether there are genuine issues of material fact but also whether the district court correctly applied the relevant substantive law).

As to the waiver defense, plaintiffs argue defendants fail to show plaintiffs knowingly and voluntarily waived their rights to recover on the oral contract for reimbursement of loan payments. (ECF No. 510-1 at 26.) To the extent plaintiffs argue defendants failed to prove the defense by clear and convincing evidence, such an argument should be rejected because defendants do not have to meet that burden in response to plaintiffs' motion. See Burch, 433 F. Supp. 2d at 1121.

Moreover, defendants have put forward some evidence in support of their waiver defense, consisting of the 1998 joint loan agreement with its provision for "Waiver of Co-obligor's Rights" discussed above in addressing defendants' motion for summary judgment. Defendants also argue plaintiffs waived their right to recover by not pursuing reimbursement for loan payments for a significant period. (ECF No. 520 at 29.)

Whether the "Waiver of Co-obligor's Rights" provision in the jointly executed loan agreement is relevant and applies raises issues of contract interpretation. Under California law,

> The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.

Wolf v. Superior Ct., 114 Cal. App. 4th 1343, 1356 (2004), as modified on denial of reh'g (Feb. 19, 2004) (footnote, quotation marks and citations omitted).

Plaintiffs' motion does not set forth any relevant principles of contract law or contract interpretation. Neither do plaintiffs provide any authorities to support an outright rejection of interpreting the provision at issue for "Waiver of Co-obligor's Rights" in the underlying joint loan agreement as some evidence that they knowingly and voluntarily waived their rights to recover on an alleged oral contract for reimbursement of loan payments. As the non-movants on this issue, defendants are entitled to have the court draw reasonable inferences from evidence in their favor, including interpretation of the underlying joint loan agreement. Conflicting reasonable interpretations of a relevant contract term raise factual issues which preclude a determination as a matter of law. See Wolf, 114 Cal. App. 4th at 1359. Plaintiffs do not meet their burden to establish they are entitled to summary judgment on defendants' waiver defense or partnership defense.

### III.   Defamation

Following remand from the Ninth Circuit, defendants proceed on their defamation per se counterclaim based on the allegation that Timothy told a tenant Michael embezzled $1600 of partnership funds and that Michael stole his Social Security number and impersonated him. (See ECF No. 455 at 5.) In the present motion, plaintiffs argue defendants have no admissible evidence as to the elements of a defamation per se claim. (ECF No. 510-1 at 28.) Plaintiffs' argument cannot be reconciled with Ninth Circuit's decision which specifically held defendants did not need to create a triable issue of fact as to actual damages and further that they "identified evidence that creates a triable issue on the other elements of their defamation per se claim." (ECF No. 455 at 5.) Plaintiffs do not explain why they are asking this court to find no triable issue of

14

fact on defendants' defamation per se counterclaim in direct contradiction to the Ninth Circuit's holding. Plaintiff's motion for summary judgment directed to this counterclaim should be denied.

## MOTION TO DISMISS AND MOTIONS FOR SANCTIONS

### I. Legal Standards for Sanctions

"Section 1927 authorizes the imposition of sanctions against any lawyer who wrongfully proliferates litigation proceedings once a case has commenced." Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc., 210 F.3d 1112, 1118 (9th Cir. 2000). Sanctions under 1927 may also be imposed upon a pro se plaintiff. Wages v. I.R.S., 915 F.2d 1230, 1236 (9th Cir. 1990); Brown v. Adidas Int., 938 F.Supp. 628, 636 (S.D. Cal. 1996). Sanctions imposed under a court's inherent power and sanctions pursuant to 28 U.S.C. § 1927 require a finding of bad faith, assessed under a subjective standard. Pacific Harbor, 210 F.3d at 1118. Bad faith in the context of 28 U.S.C. § 1927 is established by knowing, willful, or reckless conduct. Id. A party facing sanctions "is entitled to procedural due process, including notice and an opportunity to be heard." Id. (opportunity to brief issue satisfies due process requirements).

Rule 11 provides for sanctions where a party has advanced an argument in any signed paper before the court that is (1) presented for "any improper purpose," or (2) not warranted by existing law or "by a nonfrivolous argument" to change, modify, or reverse existing law. Fed. R. Civ. P. 11. Rule 11 also applies to pro se plaintiffs. Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994). Imposing sanctions under Rule 11 is "an extraordinary remedy, one to be exercised with extreme caution." Operating Eng'rs Pension Trust v. A-C Company, 859 F.2d 1336, 1345 (9th Cir. 1988).

### II. Discussion

At the outset, defendants made procedural objections (see ECF No. 525 at 2; ECF No. 532 at 2) which the undersigned does not find meritorious. For a motion brought under Rule 11(b) only, Rule 11(c)(2) requires service 21 days prior to filing. The proof of service for plaintiffs' Rule 11(b) motion indicates they complied with Rule 11(c)(2). (See ECF No. 530 at 140 (reflecting service by mail on October 11, 2024, for motion filed on November 7, 2024.)

////

Plaintiffs argue this is defendants' fourth attempt at moving to dismiss plaintiff's partition claim on the asserted basis that it was a compulsory counterclaim in another case. (E.g., ECF No. 521 at 3.) They argue the present motion to dismiss is an exact regurgitation of the motion as it was filed six years ago which already prompted warning by the court that sanctions could be issued if defendants continued improperly relitigating the same issues. (E.g., ECF No. 518 at 10.)

Defendants argue their motion to dismiss was properly renewed because of the Ninth Circuit's remand for a new trial and this court's order "allowing for the filing of dispositive motions." (ECF No. 525 at 2.) They argue the motion is not frivolous because they updated it to reflect the current procedural posture of the case, including the Ninth Circuit's order for a new trial and modification of the scheduling order to allow for the filing of dispositive motions. (ECF No. 532 at 4.)

As discussed above, plaintiffs' partition claim is in post-trial proceedings. Prior to defendants filing the present motion to dismiss, District Judge Calabretta's orders had made clear that the partition claim would not be re-tried. (E.g. ECF No. 497 at 4 "the Ninth Circuit's reasoning concerning retrial of Plaintiffs' breach of contract claim does not extend to retrial of Plaintiffs' partition claim").) The present motion to dismiss only raises arguments already presented and rejected and should be denied. Defendants do not give a reasonable justification for filing a renewed motion to dismiss the partition claim based on arguments already presented to the court and rejected. Their pro se status is not a satisfactory explanation.

Plaintiffs request that defendants be ordered to pay all costs and fees incurred because of the improper filing of the present motion to dismiss and that the court impose a prefiling order to restrain defendants from filing motions without a showing of their merit and legal basis. The undersigned has considered the matter carefully and declines to recommend either of the sanctions requested by plaintiffs be imposed. The undersigned does not find subjective bad faith is established and does not find the extraordinary remedy requested is warranted under the circumstances.

////

////

16

**CONCLUSION AND RECOMMENDATION**

In accordance with the above, IT IS RECOMMENDED as follows:

1. Plaintiffs' motion for summary judgment (ECF No. 510) be denied.

2. Defendants' motion for summary judgment (ECF No. 514) be denied.

3. Defendants' motion to dismiss (ECF No. 515) be denied.

4. Plaintiffs' motions for sanctions (ECF Nos. 518, 530) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: July 30, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, dema14cv2722.disp