UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY P. DEMARTINI, et al., | No. 2:14-cv-02722-DJC-CKD |
| Plaintiffs, | |
| v. | ORDER |
| MICHAEL J. DEMARTINI, et al., | |
| Defendants. | |

Defendants Michael and Renate DeMartini have moved to prevent issuance of and/or quash any writ of sale sought by Plaintiffs Timothy and Margie DeMartini to enforce this Court's Order apportioning $619,441.60 in partition attorney's fees and costs among the Parties and awarding Plaintiffs 50%, or $309,720.80, of the fees and costs. (*See* ECF Nos. 567, 572).  Defendants argue that they have appealed that Order such that permitting enforcement of the partition award now would be premature.  (*See* ECF Nos. 568, 572.)  Plaintiffs, in turn, have moved for an order charging the partnership interest of Defendants in the Parties' general partnership DeMartini & Sons in order to secure Defendants' payment of those unsatisfied partition costs while the Order is reviewed by the Ninth Circuit.  (ECF No. 575.)

As this Court has previously explained, "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security."  Fed. R. Civ. P. 62(b).

However, when no bond is posted, grant or denial of a stay is "a matter strictly within the judge's discretion." *In re Matter of Combined Metals Reduction Co.*, 557 F.2d 179, 193 (9th Cir. 1977); *see also Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds . . . ."). Courts typically grant partially secured or unsecured stays only in "unusual circumstances . . . if they do not unduly endanger the judgment creditor's interest in ultimate recovery," *Fed. Prescription Serv. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980), and the moving party carries the burden to show that relief from the bond requirement is justified, *see Hines v. Cal. Pub. Utils. Comm'n*, No. C 07-04145-CW, 2010 WL 3565498, at *1 (N.D. Cal. Sept. 10, 2010).

When analyzing whether a bond waiver is justified, courts primarily consider whether "(1) 'defendant's ability to pay is so plain that the cost of the bond would be a waste of money'" or (2) "requiring a bond 'would put the defendant's other creditors in undue jeopardy.'" *Estate of Casillas v. City of Fresno*, 471 F. Supp. 3d 1035, 1036 (E.D. Cal. 2020) (quoting *Olympia Equip. v. W. Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986)). Courts may also consider "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; [and] (3) the degree of confidence that the district court has in the availability of funds to pay the judgment[.]" *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012) (quoting *Dillon v. City of Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

The Court will stay enforcement of its Order awarding Plaintiffs $309,720.80 in partition fees and costs pending Defendants' appeal without requiring a bond. As Plaintiffs explain, the filing of their Motion for Charging Order creates a temporary lien against Defendants' partnership interests in DeMartini & Sons under California law. (*See* ECF No. 575 at 4–5.) Given that Plaintiffs have secured a lien on Defendants' partnership interests while the appeal is ongoing, the Court finds that Defendants' payment of the partition award is sufficiently guaranteed to waive the bond

requirement here.  The Court will also stay any ruling on Plaintiffs' Motion for Charging Order until the appeal is resolved, as Plaintiffs do not dispute that a stay is appropriate given that filing the motion accomplished their purpose of preserving Defendants' assets while awaiting resolution of the appeal.  (*See id.*)

## CONCLUSION

In accordance with the above, it is hereby ORDERED that:

1. Defendants' Ex Parte Emergency Motion to Prevent Issuance of and/or Quash Writ of Sale (ECF No. 572) is GRANTED.  The Court hereby STAYS enforcement of the Court's Order (ECF No. 567) apportioning $619,441.60 in attorney's fees and costs among the Parties until the Ninth Circuit has issued a mandate on Defendants' Appeal (ECF No. 568);
2. The Court STAYS ruling on Plaintiffs' Motion for Charging Order (ECF No. 575) until the Ninth Circuit has issued a mandate on Defendants' Appeal (ECF No. 568); and
3. The motion hearing set for December 4, 2025, at 1:30 PM in Courtroom 7 on Plaintiffs' Motion for Charging Order is hereby VACATED.

IT IS SO ORDERED.

Dated:  **August 6, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC4 – DeMartini14cv2722.ExParteMotQuash&MotChargingOrder